FILED

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

2010 MAY 27  A 10: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

ACTIVEVIDEO NETWORKS, INC., a
Delaware corporation,

        Plaintiff,

        v.

VERIZON COMMUNICATIONS, INC., a
Delaware corporation,VERIZON SERVICES
CORP., a Delaware corporation, VERIZON
VIRGINIA, INC., a Virginia corporation, and
VERIZON SOUTH INC., a Virginia
corporation,

        Defendants.

*NORFOLK*

Civil Action No. 2:10cv-248
RAJ / FBS

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ACTIVEVIDEO NETWORKS, INC. ("ActiveVideo Networks") for its

complaint against defendants VERIZON COMMUNICATIONS, INC. ("Verizon

Communications"), VERIZON SERVICES CORP. ("Verizon Services"), VERIZON

VIRGINIA, INC. ("Verizon Virginia"), and VERIZON SOUTH INC. ("Verizon South")

(collectively "Verizon") alleges as follows:

### PARTIES

1.      ActiveVideo Networks is a Delaware corporation with its principal place of

business at 333 W. San Carlos St., Suite 400, San Jose, California 95110.

2.      ActiveVideo Networks provides interactive television technology and services.

ActiveVideo Networks owns valuable intellectual property rights in interactive television.

3.      On information and belief, defendant Verizon Communications is a Delaware

corporation with its corporate headquarters at 140 West Street, New York, NY 10007.

4.     On information and belief, defendant Verizon Services is a wholly owned subsidiary of Verizon Communications and is a Delaware corporation with its principal place of business at 1320 North Court House Road, Arlington, VA 22201.

5.     On information and belief, defendant Verizon Virginia is a wholly owned subsidiary of Verizon Communications and is a Virginia corporation with its principal place of business at 703 East Grace Street, Richmond, Virginia.

6.     On information and belief, defendant Verizon South is an indirect subsidiary of Verizon Communications and is a Virginia corporation with its principal place of business at 703 East Grace Street, Richmond, Virginia.

7.     On information and belief, Verizon makes, uses, provides, offers for sale and/or sells interactive television systems, devices, and/or services, including the FIOS system and services.

## JURISDICTION AND VENUE

8.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for infringement by Verizon of patents owned by ActiveVideo Networks. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     This Court has personal jurisdiction over Verizon because, on information and belief, Verizon does business and/or maintains a principal place of business in the State of Virginia and has sufficient contacts with the State of Virginia to satisfy both the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. On information and belief, Verizon maintains a principal place of business in and has engaged in acts of infringement within the Eastern District of Virginia.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,034,678 by Verizon)

11.     ActiveVideo Networks realleges and incorporates by reference the allegations stated in paragraphs 1 through 10.

12.     ActiveVideo Networks is the owner of United States Patent No. 6,034,678 (the '678 patent), entitled "Cable Television System With Remote Interactive Processor." The '678 patent was duly and legally issued by the Patent and Trademark Office on March 7, 2000.  A true and correct copy of the '678 patent is attached as Exhibit 1.

13.     Verizon, by making, using, providing, offering for sale and/or selling in the United States interactive television systems, devices, and/or services, including the FIOS system and services, that are covered by one or more claims of the '678 patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '678 patent. On information and belief, Verizon knew or should have know of the '678 patent.  These acts constitute violations of 35 U.S.C. § 271.

14.     On information and belief, Verizon's infringement has been with full knowledge of the '678 patent and is, has been, and continues to be willful and deliberate.  Despite knowing of the '678 patent, Verizon has continued to directly and indirectly infringe one or more claims of the '678 patent, entitling ActiveVideo Networks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

15.     Verizon's infringement has injured and damaged ActiveVideo Networks. ActiveVideo Networks is entitled to recover damages adequate to compensate ActiveVideo Networks for Verizon's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

16.     Verizon's acts of infringement will continue unless and until enjoined by this Court, irreparably damaging ActiveVideo Networks.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,550,578 by Verizon)

17.     ActiveVideo Networks realleges and incorporates by reference the allegations stated in paragraphs 1 through 16.

18.     ActiveVideo Networks is the owner of United States Patent No. 5,550,578 (the '578 patent), entitled "Interactive And Conventional Television Information System." The '578 patent was duly and legally issued by the Patent and Trademark Office on August 27, 1996.  A true and correct copy of the '578 patent is attached as Exhibit 2.

19.     Verizon, by making, using, providing, offering for sale and/or selling in the United States interactive television systems, devices, and/or services, including the FIOS system and services, that are covered by one or more claims of the '578 patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '578 patent. On information and belief, Verizon knew or should have know of the '578 patent.  These acts constitute violations of 35 U.S.C. § 271.

20.     On information and belief, Verizon's infringement has been with full knowledge of the '578 patent and is, has been, and continues to be willful and deliberate.  Despite knowing of the '578 patent, Verizon has continued to directly and indirectly infringe one or more claims of the '578 patent, entitling ActiveVideo Networks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

21.     Verizon's infringement has injured and damaged ActiveVideo Networks. ActiveVideo Networks is entitled to recover damages adequate to compensate ActiveVideo Networks for Verizon's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

22.     Verizon's acts of infringement will continue unless and until enjoined by this Court, irreparably damaging ActiveVideo Networks.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,100,883)

23.     ActiveVideo Networks realleges and incorporates by reference the allegations stated in paragraphs 1 through 22.

24.     ActiveVideo Networks is the owner of United States Patent No. 6,100,883 (the '883 patent), entitled "Home Interface Controller for Providing Interactive Cable Television." The '883 patent was duly and legally issued by the Patent and Trademark Office on August 8, 2000. A true and correct copy of the '883 patent is attached as Exhibit 3.

25.     Verizon, by making, using, providing, offering for sale and/or selling in the United States interactive television systems, devices, and/or services, including the FIOS system and services, that are covered by one or more claims of the '883 patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '883 patent. On information and belief, Verizon knew or should have know of the '883 patent. These acts constitute violations of 35 U.S.C. § 271.

26.     On information and belief, Verizon's infringement has been with full knowledge of the '883 patent and is, has been, and continues to be willful and deliberate. Despite knowing of the '883 patent, Verizon has continued to directly and indirectly infringe one or more claims of the '883 patent, entitling ActiveVideo Networks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

27.     Verizon's infringement has injured and damaged ActiveVideo Networks. ActiveVideo Networks is entitled to recover damages adequate to compensate ActiveVideo Networks for Verizon's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

28.     Verizon's acts of infringement will continue unless and until enjoined by this Court, irreparably damaging ActiveVideo Networks.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,205,582)

29.     ActiveVideo Networks realleges and incorporates by reference the allegations stated in paragraphs 1 through 28.

30.     ActiveVideo Networks is the owner of United States Patent No. 6,205,582 (the '582 patent), entitled "Interactive Cable Television System With Frame Server." The '582 patent was duly and legally issued by the Patent and Trademark Office on March 20, 2001. A true and correct copy of the '582 patent is attached as Exhibit 4.

31.     Verizon, by making, using, providing, offering for sale and/or selling in the United States interactive television systems, devices, and/or services, including the FIOS system and services, that are covered by one or more claims of the '582 patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '582 patent. On information and belief, Verizon knew or should have know of the '582 patent. These acts constitute violations of 35 U.S.C. § 271.

32.     On information and belief, Verizon's infringement has been with full knowledge of the '582 patent and is, has been, and continues to be willful and deliberate. Despite knowing of the '582 patent, Verizon has continued to directly and indirectly infringe one or more claims of the '582 patent, entitling ActiveVideo Networks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

33.     Verizon's infringement has injured and damaged ActiveVideo Networks. ActiveVideo Networks is entitled to recover damages adequate to compensate ActiveVideo Networks for Verizon's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

34.     Verizon's acts of infringement will continue unless and until enjoined by this Court, irreparably damaging ActiveVideo Networks.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,526,034)

35.  ActiveVideo Networks realleges and incorporates by reference the allegations stated in paragraphs 1 through 34.

36.  ActiveVideo Networks is the owner of United States Patent No. 5,526,034 (the '034 patent), entitled "Interactive Home Information System With Signal Assignment." The '034 patent was duly and legally issued by the Patent and Trademark Office on June 11, 1996. A true and correct copy of the '034 patent is attached as Exhibit 5.

37.  Verizon, by making, using, providing, offering for sale and/or selling in the United States interactive television systems, devices, and/or services, including the FIOS system and services, that are covered by one or more claims of the '034 patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '034 patent. On information and belief, Verizon knew or should have know of the '034 patent. These acts constitute violations of 35 U.S.C. § 271.

38.  On information and belief, Verizon's infringement has been with full knowledge of the '034 patent and is, has been, and continues to be willful and deliberate. Despite knowing of the '034 patent, Verizon has continued to directly and indirectly infringe one or more claims of the '034 patent, entitling ActiveVideo Networks to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

39.  Verizon's infringement has injured and damaged ActiveVideo Networks. ActiveVideo Networks is entitled to recover damages adequate to compensate ActiveVideo Networks for Verizon's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

40.  Verizon's acts of infringement will continue unless and until enjoined by this Court, irreparably damaging ActiveVideo Networks.

## PRAYER FOR RELIEF

WHEREFORE, ActiveVideo Networks requests that the Court enter judgment in favor of ActiveVideo Networks and against Verizon as follows:

(a)     adjudicating and declaring that Verizon has infringed, contributorily infringed, and actively induced others to infringe the '678, '578, '883, '582, and '034 patents;

(b)     preliminarily and permanently enjoining Verizon and its officers, directors, agents, servants, employees, parents, subsidiaries, principals and all persons in active concert or participation with them from further infringement of the '678, '578, '883, '582, and '034 patents;

(c)     awarding ActiveVideo Networks damages in an amount sufficient to compensate ActiveVideo Networks for Verizon's direct infringement, contributory infringement, and active inducement of others' infringement of the '678, '578, '883, '582, and '034 patents, but not less than a reasonable royalty;

(d)     awarding pre-judgment interest, costs, and expenses to ActiveVideo Networks pursuant to 35 U.S.C. § 284;

(e)     awarding increased damages, pursuant to 35 U.S.C. § 284, by reason of Verizon's willful infringement of the '678, '578, '883, '582, and '034 patents;

(f)     declaring this case exceptional under 35 U.S.C. § 285 and awarding ActiveVideo Networks its reasonable attorney fees, expenses, and costs incurred; and

(g)     granting ActiveVideo Networks such other and further relief as this Court may deem just and proper, or that ActiveVideo Networks may be entitled to as a matter of law or equity.

Dated: May 27, 2010

By: _Nathan W. McCutcheon_
Nathan W. McCutcheon
Virginia State Bar No. 36308
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
E-mail: nmccutcheon@morganlewis.com

Attorneys for Plaintiff
ACTIVEVIDEO NETWORKS, INC.

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: djjohnson@morganlewis.com
E-mail: mlyons@morganlewis.com
E-mail: dbregman@morganlewis.com
E-mail: ahoffman@morganlewis.com

Attorneys for Plaintiff
ACTIVEVIDEO NETWORKS, INC.

## DEMAND FOR JURY TRIAL

ActiveVideo Networks hereby demands a trial by jury.

Dated: May 27, 2010                    By: _____

Nathan W. McCutcheon
Virginia State Bar No. 36308
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:  202.739.3000
Fax:  202.739.3001
E-mail:  nmccutcheon@morganlewis.com

Attorneys for Plaintiff
ACTIVEVIDEO NETWORKS, INC.

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
E-mail:  djjohnson@morganlewis.com
E-mail:  mlyons@morganlewis.com
E-mail:  dbregman@morganlewis.com
E-mail:  ahoffman@morganlewis.com

Attorneys for Plaintiff
ACTIVEVIDEO NETWORKS, INC.