**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| _____ ) | |
| **ACTIVEVIDEO NETWORKS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 2:10-cv-00248-RAJ-FBS** |
| ) | |
| **VERIZON COMMUNICATIONS INC.,** ) | |
| **VERIZON SERVICES CORP.,** ) | |
| **VERIZON VIRGINIA INC., and** ) | **JURY TRIAL DEMANDED** |
| **VERIZON SOUTH INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Verizon Communications Inc. ("VCI"), Verizon Services Corp. ("VSC"), Verizon Virginia Inc. ("Verizon Virginia"), and Verizon South Inc. ("Verizon South") (collectively "Defendants"), by counsel, provide the following answers to Plaintiff ActiveVideo Networks, Inc.'s ("Plaintiff" or "ActiveVideo") First Amended Complaint for Patent Infringement ("Amended Complaint"). Defendants object to Plaintiff's repeated use in the Amended Complaint of "Verizon" as an abbreviation for all Defendants, including such use in allegations that apply to less than all Defendants.

## PARTIES

1.     Upon information and belief, Defendants admit the allegations of Paragraph 1 of the Amended Complaint.

2.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Amended Complaint and therefore deny them.

3.      VCI admits the allegations of Paragraph 3 of the Amended Complaint.

4.      VSC admits that it is a wholly owned subsidiary of VCI and that it is a Delaware corporation.  VSC denies the remaining allegations of Paragraph 4 of the Amended Complaint.

5.      Verizon Virginia admits the allegations of Paragraph 5 of the Amended Complaint.

6.      Verizon South admits the allegations of Paragraph 6 of the Amended Complaint.

7.      Defendants admit that FiOS is a federally registered trademark, but deny that it is owned by Defendants.  Defendants admit that FiOS-branded services have been advertised.  VCI denies the remaining allegations of Paragraph 7 of the Amended Complaint to the extent they apply to VCI.  VSC admits that it was involved in the development and ongoing provision of FiOS TV services.  VSC denies the remaining allegations of Paragraph 7 of the Amended Complaint to the extent they apply to VSC.  Verizon Virginia and Verizon South admit that they offer to sell, sell, and assist in providing FiOS TV services to end customers.  Verizon Virginia and Verizon South deny the remaining allegations of Paragraph 7 of the Amended Complaint to the extent they apply to them.  Defendants deny the remaining allegations of Paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8.      Defendants admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  Defendants further admit that this Court has jurisdiction over actions for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.  Defendants deny the remaining allegations of Paragraph 8 of the Amended Complaint.  Defendants deny that they infringe patents owned by ActiveVideo.  The remaining allegations of Paragraph 8 of the Amended Complaint state conclusions of law to which no response is required.

9.     Defendants deny the allegations of Paragraph 9 of the Amended Complaint, except that VSC, Verizon Virginia, and Verizon South admit that they have their respective principal places of business in the Eastern District of Virginia.  The remaining allegations of Paragraph 9 of the Amended Complaint state conclusions of law to which no response is required.

10.     The statements in Paragraph 10 of the Amended Complaint are conclusions of law to which no response is required.  Defendants deny that venue is convenient under 28 U.S.C. § 1404.  Defendants maintain that Verizon Virginia and Verizon South should be severed from the case, and also that venue is proper and convenient in the District of New Jersey for VCI and VSC.

## THE FIOS SYSTEM AND SUBSCRIBERS

11.     Defendants admit that Figure 1 of Paragraph 11 of the Amended Complaint depicts a Fiber-to-the-Premises ("FTTP") Passive Optical Network ("PON") of a type used to deliver FiOS-branded services to subscribers.  Defendants deny the remaining allegations, if any, of Paragraph 11 of the Amended Complaint.

12.     Defendants admit that FiOS TV services include video and interactive services. Defendants deny the remaining allegations of Paragraph 12 of the Amended Complaint.

13.     Defendants admit that millions of customers subscribe to FiOS TV services. Defendants deny the remaining allegations of Paragraph 13 of the Amended Complaint.

14.     Defendants admit that customers of FiOS TV services are charged a monthly subscription fee.  Defendants deny the remaining allegations of Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations of Paragraph 15 of the Amended Complaint.

3

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,034,678 by Verizon)

16.     Defendants reallege and incorporate by reference their responses stated above in Paragraphs 1 through 15 of this Answer.

17.     Defendants are without knowledge or information sufficient to form a belief as to whether ActiveVideo owns United States Patent No. 6,034,678 ("the '678 patent").  Defendants admit that a copy of the '678 patent was attached as Exhibit 1 to the Amended Complaint and is titled "Cable Television System with Remote Interactive Processor."  Defendants deny the remaining allegations of Paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,550,578 by Verizon)

24.     Defendants reallege and incorporate by reference their responses stated in above in Paragraphs 1 through 23 of this Answer.

25.     Defendants are without knowledge or information sufficient to form a belief as to whether ActiveVideo owns United States Patent No. 5,550,578 ("the '578 patent").  Defendants admit that a copy of the '578 patent was attached as Exhibit 2 to the Amended Complaint and is titled "Interactive and Conventional Television Information System."  Defendants deny the remaining allegations of Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,100,883)**

31.     Defendants reallege and incorporate by reference their responses stated above in Paragraphs 1 through 30 of this Answer.

32.     Defendants are without knowledge or information sufficient to form a belief as to whether ActiveVideo owns United States Patent No. 6,100,883 ("the '883 patent").  Defendants admit that a copy of the '883 patent was attached as Exhibit 3 to the Amended Complaint and is titled "Home Interface Controller for Providing Interactive Cable Television."  Defendants deny the remaining allegations of Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,205,582)**

38.     Defendants reallege and incorporate by reference their responses stated above in Paragraphs 1 through 37 of this Answer.

39.     Defendants are without knowledge or information sufficient to form a belief as to whether ActiveVideo owns United States Patent No. 6,205,582 ("the '582 patent").  Defendants admit that a copy of the '582 patent was attached as Exhibit 4 to the Amended Complaint and is titled "Interactive Cable Television System with Frame Server."  Defendants deny the remaining allegations of Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 5,526,034)**

45.     Defendants reallege and incorporate by reference their responses stated above in Paragraphs 1 through 44 of this Answer.

46.     Defendants are without knowledge or information sufficient to form a belief as to whether ActiveVideo owns United States Patent No. 5,526,034 ("the '034 patent").  Defendants admit that a copy of the '034 patent was attached as Exhibit 5 to the Amended Complaint and is titled "Interactive Home Information System with Signal Assignment."  Defendants deny the remaining allegations of Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

Defendants deny any allegations not expressly admitted herein.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff ActiveVideo is entitled to any of the relief requested in its Amended Complaint.  Defendants respectfully request that the Court deny Plaintiff ActiveVideo all requested relief and award Defendants all relief that the Court deems just and reasonable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.      The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 102, 103, and 112.

### Third Affirmative Defense

3.      ActiveVideo's claims are barred by the equitable doctrines of waiver, estoppel, and/or laches.

### Fourth Affirmative Defense

4.      Defendants do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the patents-in-suit under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

### Fifth Affirmative Defense

5.      ActiveVideo is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the issuance of the patents-in-suit from maintaining that any claim of the patents-in-suit covers any of Defendants' products and services, or from asserting any interpretation of the claims of the patents-in-suit that would be broad enough to cover any of Defendants' products and services, or other activity engaged in by Defendants.

## Sixth Affirmative Defense

6.      The allegations set forth fail to state a claim for willful infringement, or a claim of exceptional circumstances within the meaning of 35 U.S.C. § 285.

## Reservation of Defenses

7.      Defendants reserve the right to assert additional affirmative defenses as they may become evident throughout the course of discovery, including, but not limited to, inequitable conduct.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Verizon Communications, Inc., Verizon Services Corp., Verizon South Inc., and Verizon Virginia Inc. for their Counterclaims against Plaintiff and Counterclaim-Defendant ActiveVideo allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2.      To the extent that venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400 for ActiveVideo's claims, venue is proper for these counterclaims.  With regard to ActiveVideo's claims, Defendants deny that venue is convenient under 28 U.S.C. § 1404. Defendants maintain that venue is proper and convenient in the District of New Jersey for VCI and VSC.

## PARTIES

3.      VCI is a corporation organized and existing under the laws of the State of Delaware having its principal executive offices in New York, New York.

4.      VSC is a corporation organized and existing under the laws of the State of Delaware having its principal offices in Ashburn, Virginia.

5.      Verizon South is a corporation organized and existing under the laws of the Commonwealth of Virginia having its principal offices in Richmond, Virginia.

6.      Verizon Virginia is a corporation organized and existing under the laws of the Commonwealth of Virginia having its principal offices in Richmond, Virginia.

7.      According to ActiveVideo's Amended Complaint, ActiveVideo is a Delaware corporation with a principal place of business at 333 W. San Carlos St., Suite 400, San Jose, California.  ActiveVideo is subject to this Court's jurisdiction for having initiated this action.

## ACTIVEVIDEO'S CLOUDTV SYSTEM

8.      On information and belief, ActiveVideo makes, uses, sells, and/or offers to sell a server-side video delivery platform called "CloudTV" that processes and renders interactive applications in a network "cloud" by creating a unicast video stream and delivering it directly to a viewer's set-top box or television.  *See* "Enhancing CI Plus Interactive Services With 'CloudTV$^{TM}$,'" March 2010, at 3-4 ("ActiveVideo Whitepaper") (attached as Exhibit D).

9.      According to ActiveVideo, "[t]he CloudTV$^{TM}$ system consists of 2 main components; the server, which runs the interactive applications, and the terminal client which collects remote-control key presses and transmits them back to the server.  The server essentially provides each user with a virtual STB [set-top box] which runs the interactive applications and renders the GUI [graphical user interface] into a unicast MPEG-2 or H.264 stream that is delivered to the user's terminal over a conventional or hybrid TV transport infrastructure. Interactive applications may be integrated with the operator's back-office systems and services (such as billing & VOD) and have access to Internet content and services as shown in the diagram below.  The CloudTV$^{TM}$ system may be deployed in TV environments that include a return path and support for unicast stream delivery."  *See* Exh. D, ActiveVideo Whitepaper at 4.



10.     Also according to ActiveVideo, "CloudTV$^{TM}$ enables applications to incorporate content and data that has been aggregated from a variety of sources.  For example, the real-time mosaic . . . enables viewers to organise real-time thumbnails of TV channels according to their individual preferences.  This application requires continuous access to all TV channels – a capability not possible on a set-top box."  *See* Exh. D, ActiveVideo Whitepaper at 5.

11.     On information and belief, ActiveVideo provides and/or sells hardware and/or software components to use the CloudTV system, and/or CloudTV system services, to Multiple System Operators (MSOs), such as Cablevision Systems Corporation ("Cablevision") and Time Warner Cable.

12.     According to ActiveVideo, "Cablevision has deployed and delivered more than two dozen new interactive channel experiences to its entire digital video customer base using the ActiveVideo CloudTV$^{TM}$ platform.  Cablevision, the nation's fifth-largest cable system operator, is utilizing CloudTV to offer an expansive menu of personalized television content – including hyper-local sports and news, advertising showcases, and mosaic programming – to approximately 3 million subscribers in the New York tri-state area.  The lineup includes MSG Varsity Interactive, News12 Interactive and a variety of other channels and advertising showcases that are designed to serve specific interests of Cablevision subscribers.  In addition, the ActiveVideo platform is powering Quick View kids, sports and news navigational mosaic channels."  *See* "Cablevision Systems Corp. and ActiveVideo Networks Announce Significant Rollout of CloudTV Interactive Channels," May 10, 2010, http://www.activevideo.com/pr_story.php?id=112 (attached as Exhibit E).

13.     According to ActiveVideo, the Oceanic Time Warner Cable service "intelligently streams traditional and Web-based content to any digital set-top box.  ActiveVideo$^{TM}$ combines

the personalized, dynamic, socially-connected experience that viewers have come to expect from the Web with the quality, immediacy and remote-control navigation that is expected of television.  Initial channels include interactive games from TAG Networks; home shopping from HSN; and news, sports and children's versions of P:Mosaic$^{TM}$, an intuitive, fully personalized video navigation system that allows consumers to view, customize and navigate through their favorite channels at a single glance.  In addition, the ActiveVideo$^{TM}$ service enables Oceanic Time Warner Cable to create Web-based channels that are specific to the Hawaii market."  *See* "Time Warner Cable Brings Web Video to Television in Hawaii; ActiveVideo Deployment Includes Games, Shopping, Other Content," October 8, 2008, http://www.activevideo.com/pr_story.php?id=26 (attached as Exhibit F).

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '678 PATENT

14.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

15.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '678 patent entitled "Cable Television System With Remote Interactive Processor."

16.     ActiveVideo has sued Defendants and Counterclaim-Plaintiffs in this present action, alleging infringement of the '678 patent.  Thus, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged infringement of the '678 patent.

17.     Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '678 patent under

any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

18.     No claim of the '678 patent can be validly construed to cover any product or service made, used, sold, offered for sale, or imported by Counterclaim-Plaintiffs.

19.     Counterclaim-Plaintiffs request a declaratory judgment that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any claim of the '678 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '678 PATENT**

20.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

21.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '678 patent entitled "Cable Television System With Remote Interactive Processor."

22.     Based on ActiveVideo's filing of the present action and Counterclaim-Plaintiffs' Second Affirmative Defense, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged validity of the '678 patent.

23.     Counterclaim-Plaintiffs request a declaratory judgment that the claims of the '678 patent are invalid.

**COUNT III**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '578 PATENT**

24.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

25.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '578 patent entitled "Interactive and Conventional Television Information Systems."

14

26.     ActiveVideo has sued Defendants and Counterclaim-Plaintiffs in this present action, alleging infringement of the '578 patent.  Thus, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged infringement of the '578 patent.

27.     Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '578 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

28.     No claim of the '578 patent can be validly construed to cover any product or service made, used, sold, offered for sale, or imported by Counterclaim-Plaintiffs.

29.     Counterclaim-Plaintiffs request a declaratory judgment that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any claim of the '578 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '578 PATENT

30.     The allegations contained in paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

31.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '578 patent entitled "Interactive and Conventional Television Information Systems."

32.     Based on ActiveVideo's filing of the present action and Counterclaim-Plaintiffs' Second Affirmative Defense, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged validity of the '578 patent.

33.     Counterclaim-Plaintiffs request a declaratory judgment that the claims of the '578 patent are invalid.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '883 PATENT

34.    The allegations contained in paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

35.    ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '883 patent entitled "Home Interface Controller for Providing Interactive Cable Television."

36.    ActiveVideo has sued Defendants and Counterclaim-Plaintiffs in this present action, alleging infringement of the '883 patent.  Thus, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged infringement of the '883 patent.

37.    Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '883 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

38.    No claim of the '883 patent can be validly construed to cover any product or service made, used, sold, offered for sale, or imported by Counterclaim-Plaintiffs.

39.    Counterclaim-Plaintiffs request a declaratory judgment that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any claim of the '883 patent.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '883 PATENT

40.    The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

41.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '883 patent entitled "Home Interface Controller for Providing Interactive Cable Television."

42.     Based on ActiveVideo's filing of the present action and Counterclaim-Plaintiffs' Second Affirmative Defense, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged validity of the '883 patent.

43.     Counterclaim-Plaintiffs request a declaratory judgment that the claims of the '883 patent are invalid.

## COUNT VII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '582 PATENT

44.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

45.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '582 patent entitled "Interactive Cable Television System With Frame Server."

46.     ActiveVideo has sued Defendants and Counterclaim-Plaintiffs in this present action, alleging infringement of the '582 patent.  Thus, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged infringement of the '582 patent.

47.     Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '582 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

48.     No claim of the '582 patent can be validly construed to cover any product or service made, used, sold, offered for sale, or imported by Counterclaim-Plaintiffs.

49.     Counterclaim-Plaintiffs request a declaratory judgment that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any claim of the '582 patent.

## COUNT VIII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '582 PATENT

50.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

51.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '582 patent entitled "Interactive Cable Television System With Frame Server."

52.     Based on ActiveVideo's filing of the present action and Counterclaim-Plaintiffs' Second Affirmative Defense, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged validity of the '582 patent.

53.     Counterclaim-Plaintiffs request a declaratory judgment that the claims of the '582 patent are invalid.

## COUNT IX
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '034 PATENT

54.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

55.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '034 patent entitled "Interactive Home Information System With Signal Assignment."

56.     ActiveVideo has sued Defendants and Counterclaim-Plaintiffs in this present action, alleging infringement of the '034 patent.  Thus, an immediate, real, and justiciable

controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged infringement of the '034 patent.

57.     Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '034 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

58.     No claim of the '034 patent can be validly construed to cover any product or service made, used, sold, offered for sale, or imported by Counterclaim-Plaintiffs.

59.     Counterclaim-Plaintiffs request a declaratory judgment that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any claim of the '034 patent.

**COUNT X**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '034 PATENT**

60.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

61.     ActiveVideo, in its Amended Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '034 patent entitled "Interactive Home Information System With Signal Assignment."

62.     Based on ActiveVideo's filing of the present action and Counterclaim-Plaintiffs' Second Affirmative Defense, an immediate, real, and justiciable controversy exists between Counterclaim-Plaintiffs and ActiveVideo with respect to the alleged validity of the '034 patent.

63.     Counterclaim-Plaintiffs request a declaratory judgment that the claims of the '034 patent are invalid.

**COUNT XI**
**INFRINGEMENT OF THE '325 PATENT BY ACTIVEVIDEO**

64.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

65.     VCI is the lawful assignee of United States Patent No. 5,682,325 (the "'325 Patent"), entitled "Level 1 Gateway for Video Dial Tone Networks." The '325 Patent was duly and legally issued by the U.S. Patent and Trademark Office on October 28, 1997. A true and correct copy of the '325 Patent is attached as Exhibit A.

66.     The '325 Patent relates to, among other things, establishing and controlling a communications link from a service provider, such as a broadcast video provider, to a subscriber terminal, such as a set-top box. A device, for example, may generate a menu of potential service providers, which is displayed on the user's television connected to the set-top box. When the user selects a particular service provider, the device may perform various steps to allow the user's set-top box to display video from that service provider.

67.     ActiveVideo has infringed, and is infringing, the '325 Patent by making, causing to be made, using, providing, selling, and/or offering for sale in the United States interactive television systems, devices, services, methods, and/or processes, including ActiveVideo's CloudTV system, that infringe, directly and/or indirectly, one or more claims of the '325 Patent.

68.     ActiveVideo's CloudTV system directly infringes at least Claim 17 of the '325 Patent by operating a communication network that selectively provides broadband communication links between servers operated by a plurality of service providers and a plurality of subscriber terminals. For example, the ActiveVideo Distribution Network server receives content from a plurality of service providers, such as broadcast video providers, creates a video stream based on the content, and provides that stream to a set-top box. The CloudTV system

20

further receives information input by a subscriber at a gateway control element of a network from one of the subscriber terminals.  For example, the ActiveVideo Distribution Network server receives remote control commands from a set-top box.  The CloudTV system further stores the received information and controls the establishment of subsequent broadband communications links through the network to or from the subscriber's terminal based on the stored information.

69.     ActiveVideo has contributed to, and is contributing to, infringement of the '325 Patent by providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, which are a material part of the patented inventions of the '325 Patent, knowing them to be especially made and adapted for practicing the patented inventions of the '325 Patent and not staple articles or commodities of commerce suitable for substantial noninfringing use, and knowing of the '325 Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '325 Patent by using the systems, devices, services, methods, or processes.

70.     ActiveVideo has actively induced, and is actively inducing, infringement of the '325 Patent by knowingly and intentionally providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, and in advertising and promotional materials knowingly advising and urging customers to use the patented inventions of the '325 Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '325 Patent by using the systems, devices, services, methods, or processes.

71.     ActiveVideo has aided and abetted other persons to infringe and cause infringement of the '325 Patent.

72.     ActiveVideo has been and is infringing one or more claims of the '325 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. ActiveVideo's wrongful conduct has caused VCI to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

73.     VCI is entitled to recover damages adequate to compensate for the infringement.

74.     ActiveVideo's infringement has been willful, deliberate, and with knowledge of VCI's rights under the '325 Patent, and unless ActiveVideo is enjoined by this Court, such acts of willful infringement by ActiveVideo will continue.  Therefore, VCI is without adequate remedy at law.  VCI is entitled to recover damages adequate to compensate for the infringement of the '325 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XII
## INFRINGEMENT OF THE '542 PATENT BY ACTIVEVIDEO

75.     The allegations contained in paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

76.     VCI is the lawful assignee of United States Patent No. 6,169,542 (the "'542 Patent"), entitled "Method of Delivering Advertising Through an Interactive Video Distribution System."  The '542 Patent was duly and legally issued by the U.S. Patent and Trademark Office on January 2, 2001.  A true and correct copy of the '542 Patent is attached as Exhibit B.

77.     The '542 Patent relates to, among other things, advertisements and menus in an interactive video distribution system.  For example, an advertisement may be transmitted to a user in connection with an interactive video program, and the user may request to register the advertisement in a menu.  The menu may be communicated to the user, and supplementary advertising information may be provided to the user at the user's request.

78.     ActiveVideo has infringed, and is infringing, the '542 Patent by making, causing to be made, using, providing, selling, and/or offering for sale in the United States interactive television systems, devices, services, methods, and/or processes, including ActiveVideo's CloudTV system, that infringe, directly and/or indirectly, one or more claims of the '542 Patent.

79.     ActiveVideo's CloudTV system directly infringes at least Claim 1 of the '542 Patent by performing a method of delivering advertising through a head end facility of an interactive video distribution system.  The CloudTV system transmits an advertisement to an interactive video subscriber unit in connection with an interactive video program.  For example, the ActiveVideo Distribution Network server transmits an advertisement to a set-top box in connection with an interactive video program.  The CloudTV system further receives at a head end facility over a return path a request to register the advertisement in a menu.  For example, the ActiveVideo Distribution Network server receives over a return path a request to register an advertisement in a menu.  The CloudTV system further generates an entry for the advertisement in the menu, communicates to the subscriber unit the menu in a video still image, obtains at the head end facility over the return path a selection request for the entry, and provides to the subscriber unit in response to the selection request supplementary advertising information associated with the advertisement.

80.     ActiveVideo has contributed to, and is contributing to, infringement of the '542 Patent by providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, which are a material part of the patented inventions of the '542 Patent, knowing them to be especially made and adapted for practicing the patented inventions of the '542 Patent and not staple articles or commodities of commerce suitable for substantial noninfringing use, and knowing of the '542 Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '542 Patent by using the systems, devices, services, methods, or processes.

81.     ActiveVideo has actively induced, and is actively inducing, infringement of the '542 Patent by knowingly and intentionally providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, and in advertising and promotional materials knowingly advising and urging customers to use the patented inventions of the '542 Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '542 Patent by using the systems, devices, services, methods, or processes.

82.     ActiveVideo has aided and abetted other persons to infringe and cause infringement of the '542 Patent.

83.     ActiveVideo has been and is infringing one or more claims of the '542 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. ActiveVideo's wrongful conduct has caused VCI to suffer irreparable harm resulting from the

loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

84.     VCI is entitled to recover damages adequate to compensate for the infringement.

85.     ActiveVideo's infringement has been willful, deliberate, and with knowledge of VCI's rights under the '542 Patent, and unless ActiveVideo is enjoined by this Court, such acts of willful infringement by ActiveVideo will continue.  Therefore, VCI is without adequate remedy at law.  VCI is entitled to recover damages adequate to compensate for the infringement of the '542 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIII
## INFRINGEMENT OF THE '748 PATENT BY ACTIVEVIDEO

86.     The allegations contained in Paragraphs 1-13 of these Counterclaims are incorporated as if fully set forth herein.

87.     VCI is the lawful assignee of United States Patent No. 6,381,748 (the "'748 Patent"), entitled "Apparatus and Methods for Network Access Using a Set Top Box and Television."  The '748 Patent was duly and legally issued by the U.S. Patent and Trademark Office on April 30, 2002.  A true and correct copy of the '748 Patent is attached as Exhibit C.

88.     The '748 Patent relates to, among other things, providing information, such as video, to a user where the information has been converted from a format for communicating over a network, such as the Internet, to a format for displaying on a television.  Upon a user's request, for example, a device may retrieve information that is in a network format, transform the information from the network format to a television format, and transmit the information to the user in the television format so that it can be displayed on the user's television.

89.     ActiveVideo has infringed, and is infringing, the '748 Patent by making, causing to be made, using, providing, selling, and/or offering for sale in the United States interactive television systems, devices, services, methods, and/or processes, including ActiveVideo's CloudTV system, that infringe, directly and/or indirectly, one or more claims of the '748 Patent.

90.     ActiveVideo's CloudTV system directly infringes at least Claim 13 of the '748 Patent by performing a method of retrieving and retransmitting data processing network information in response to a user selection request.  The CloudTV system transmits first selection information to be displayed on a television.  For example, the ActiveVideo Distribution Network server transmits first selection information, such as a list of choices, to a set-top box to be displayed on a television.  The CloudTV system further receives a user selection request based on the transmitted first selection information.  For example, the ActiveVideo Distribution Network server receives from a set-top box a user selection request, such as one of the choices, based on the transmitted first selection information.  The CloudTV system further retrieves data processing network information in a network format corresponding to the user selection request, transforms the data processing network information from the network format having a first interactive element to a television format having a second interactive element, and transmits the data processing network information in the television format to the television.

91.     ActiveVideo has contributed to, and is contributing to, infringement of the '748 Patent by providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, which are a material part of the patented inventions of the '748 Patent, knowing them to be especially made and adapted for practicing the patented inventions of the '748 Patent and not staple articles or commodities of commerce suitable for substantial noninfringing use, and knowing of the '748

26

Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '748 Patent by using the systems, devices, services, methods, or processes.

92.     ActiveVideo has actively induced, and is actively inducing, infringement of the '748 Patent by knowingly and intentionally providing and/or selling interactive television systems, devices, services, methods, or processes, including hardware and/or software components to use the CloudTV system, and in advertising and promotional materials knowingly advising and urging customers to use the patented inventions of the '748 Patent.  ActiveVideo provides and/or sells such systems, devices, services, methods, or processes to MSOs, such as Cablevision, which directly infringe one or more claims of the '748 Patent by using the systems, devices, services, methods, or processes.

93.     ActiveVideo has aided and abetted other persons to infringe and cause infringement of the '748 Patent.

94.     ActiveVideo has been and is infringing one or more claims of the '748 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. ActiveVideo's wrongful conduct has caused VCI to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

95.     VCI is entitled to recover damages adequate to compensate for the infringement.

96.     ActiveVideo's infringement has been willful, deliberate, and with knowledge of VCI's rights under the '748 Patent, and unless ActiveVideo is enjoined by this Court, such acts of willful infringement by ActiveVideo will continue.  Therefore, VCI is without adequate remedy at law.  VCI is entitled to recover damages adequate to compensate for the infringement

of the '748 Patent, as well as additional damages for willful infringement including increased

damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this

action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiffs pray for judgment against ActiveVideo granting

Counterclaim-Plaintiffs the following relief:

A.   That this Court adjudge and decree that Counterclaim-Plaintiffs do not infringe, directly or indirectly, any asserted claim of the '678 patent, the '578 patent, the '883 patent, the '582 patent, or the '034 patent;

B.   That this Court adjudge and decree that the asserted claims of the '678 patent, the '578 patent, the '883 patent, the '582 patent, and the '034 patent are invalid;

C.   That this Court adjudge and decree that ActiveVideo has infringed, directly and/or indirectly, the '325 Patent, the '542 Patent, and the '748 Patent;

D.   That this Court permanently enjoin ActiveVideo, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software, and/or components and/or making use of systems or processes that infringe any of the claims of the '325 Patent, the '542 Patent, or the '748 Patent, or otherwise engaging in acts of infringement of the '325 Patent, the '542 Patent, or the '748 Patent, all as alleged herein;

E.   That this Court order an accounting to determine the damages to be awarded to VCI as a result of ActiveVideo's infringement;

F.   That this Court order an accounting to determine the damages to be awarded to VCI as a result of ActiveVideo's infringement following the period of damages established by VCI at trial;

G.   That this Court, pursuant to 35 U.S.C. § 284, enter an award to VCI of such damages as it shall prove at trial against ActiveVideo that are adequate to compensate VCI for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

H.   That this Court find that ActiveVideo's infringement is willful and enter an award of enhanced damages up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

**I.**     That this Court assess pre-judgment and post-judgment interest and costs against ActiveVideo, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

**J.**     That this Court declare this case to be exceptional and direct ActiveVideo to pay VCI's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

**K.**     Grant to Counterclaim-Plaintiffs such other, further, and different relief as may be just and proper.

## <u>JURY TRIAL DEMAND</u>

Counterclaim-Plaintiffs hereby demand a trial by jury as to all issues so triable herein.

Dated:  July 30, 2010

Respectfully submitted,

**VERIZON COMMUNICATIONS INC.,**
**VERIZON SERVICES CORP.,**
**VERIZON VIRGINIA INC.** and
**VERIZON SOUTH INC.**


_____/s/_____
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com
***Counsel for Defendants***

Brian M. Buroker (VSB # 39581)
Bradley T. Lennie *(Pro Hac Vice)*
Justin T. Arbes *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC   20006
Telephone:   (202) 955-1500
Facsimile:  (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com


Leonard C. Suchyta *(Pro Hac Vice to be submitted)*
John P. Frantz *(Pro Hac Vice to be submitted)*
Caren K. Khoo *(Pro Hac Vice to be submitted)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
One Verizon Way
Basking Ridge, NJ 07920
Telephone:  (908) 559-5623
Facsimile:  (908) 766-6974
leonard.suchyta@verizon.com
john.frantz@verizon.com
caren.khoo@verizon.com


***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of July, 2010, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
P. O. Box 3037
Norfolk, VA  23514
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
snoona@kaufcan.com

Nathan W. McCutcheon (VSB #36308)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC   20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
nmccutcheon@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA   94306-2122
Telephone:   (650) 843-4000
Facsimile:   (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com

*Counsel for Plaintiff*

_____/s/_____

Gregory N. Stillman (VSB #14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
***Counsel for Defendants***