IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERIZON COMMUNICATIONS INC., ) <br> VERIZON SERVICES CORP., ) <br> VERIZON VIRGINIA INC., and ) <br> VERIZON SOUTH INC., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:10-cv-00248-RAJ-FBS |

**JOINT PRE-HEARING *MARKMAN* STATEMENT**

Pursuant to the Court's January 19, 2011 Order, Plaintiff ActiveVideo Networks, Inc. ("ActiveVideo") and Defendants Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc. and Verizon South Inc. (collectively, "Verizon") submit the following Joint Pre-Hearing *Markman* Statement.

**I.     Parties' Joint Submission**

A combined claim construction chart noting agreed constructions and each party's construction of the remaining disputed terms is attached as **Appendix A**. The parties have agreed on constructions for eight terms. ActiveVideo proposes 10 terms for construction and Verizon proposes 17 terms for construction. Five of the terms were proposed by both parties. Consequently, there are 22 disputed terms in total that have been proposed by the parties for the Court to construe.

Regarding the format for conducting the *Markman* hearing, the parties anticipate that they will provide the Court with a brief tutorial of the technology involved in the case and that argument should proceed term-by-term, with the party who is the patent holder arguing first.

ActiveVideo does not intend to call any witnesses at the *Markman* hearing, including for the tutorial, but reserves the right to do so should Verizon elect to call any witnesses.

Verizon may call Steven C. Johnson as a witness at the *Markman* hearing to describe the technology at issue and address any questions that the Court may have. Mr. Johnson's qualifications are set out in the Declaration of Steven C. Johnson submitted in support of Verizon's opening claim construction brief.

**II.     Asserted Claims**

In connection with the parties' recent meet and confer, ActiveVideo narrowed its list of asserted claims from 51 down to 20. ActiveVideo is now asserting the following claims (independent claims underlined):

- U.S. Patent No. 6,034,678: Claims <u>1</u> and 2.
- U.S. Patent No. 5,550,578: Claims <u>8</u> and 9.
- U.S. Patent No. 6,100,883: Claims <u>1</u>, 11, <u>13</u>, 15, 22, 26 (depends on <u>24</u>), and 30.
- U.S. Patent No. 5,526,034: Claims <u>1</u>, 4, 8, and 11.
- U.S. Patent No. 6,205,582: Claims <u>5</u>, 6, 7, 8, and 9.

In connection with the parties' recent meet and confer, Verizon narrowed its list of asserted claims from 11 down to 7. Verizon is now asserting the following claims (independent claims underlined):

- U.S. Patent No. 6,381,748: Claims <u>13</u> and 20.
- U.S. Patent No. 6,169,542: Claims <u>1</u> and 6.

- U.S. Patent No. 5,682,325: Claims <u>1</u> and <u>28</u>.

- U.S. Patent No. 7,561,214: Claim <u>9</u>.

### III. ActiveVideo's Submission

Pursuant to the Court's directive that the parties work together to narrow *Markman*-related disputes, ActiveVideo's counsel met and conferred in good faith with Verizon's counsel earlier this week to reduce both the amount of claims at issue and the number of claim terms to be construed. During the initial meet and confer, on February 1, 2011, Verizon's primary counsel proposed that each side should identify no more than 10 terms for construction. Verizon's primary counsel then asked local counsel whether 10 terms per side would be acceptable to the Court and local counsel responded that it would go a long way to addressing the Court's concerns. Believing this to be a reasonable suggestion that would alleviate significant burden on the Court, ActiveVideo's counsel agreed to limit the number of disputed terms to 10 per side. The parties agreed to exchange their respective lists of 10 terms on February 2. In addition, counsel agreed at the initial meet and confer that each side would reduce the number of claims it was asserting. There was no discussion or agreement on the size of the reduction. ActiveVideo's local counsel immediately followed-up with a confirming email, which is attached hereto as Appendix B.

That same day, and based on the parties agreement to reduce the number of terms to be construed down to ten terms per side, ActiveVideo drastically reduced the number of asserted claims *by more than half*, from 51 down to 20. ActiveVideo's reduced list of asserted claims includes only a single independent claim for four of the five ActiveVideo patents and only seven independent claims in total. Verizon offered to withdraw four asserted claims.

On February 2, and just before counsel for the parties where scheduled to exchange their 10 disputed terms per side, Verizon's local counsel called ActiveVideo's local counsel and said that, despite the earlier agreement between counsel, Verizon would be identifying more than 10 disputed terms.  In a follow-up meet and confer Verizon primary counsel contended for the first time that the agreement of counsel was to reduce the number of disputed terms to 10 terms per side "plus or minus" and that ActiveVideo had agreed to reduce their number of asserted claims down to six to eight total claims from 51.  These contentions regarding the parties' agreement have no basis in fact.

Despite Verizon's failure to honor the agreement, ActiveVideo continues to believe that ten terms per side is the largest number that can be proposed consistent with the directives of this Court.  This represents a substantial, but manageable, number of terms for the Court to consider and should address the primary disagreements in the case.  ActiveVideo has chosen the ten terms that it considers the most important for construction, but has been unable to persuade Verizon to abide by its agreement to do the same.  Thus, despite the Court's admonitions, Verizon is both burdening the Court with an excessive number of terms and has unfairly prejudiced ActiveVideo by selecting most of the disputed terms identified in the attached chart.

ActiveVideo asks this Court to construe no more than ten of the terms proposed by Verizon for construction.  This will alleviate the unfair burden that Verizon seeks to impose on the Court and will ensure that both parties have an equal voice is determining what terms should be construed.  Finally, to the extent the Court believes that the construction of ten terms per side is still excessive, ActiveVideo recommends that the Court limit its construction to just those terms that both parties proposed.  Having been selected by both parties, it is clear that these jointly selected terms represent the most significant disputes between the parties in this case.

## IV. Verizon's Submission

As instructed by the Court, Verizon has conducted several meet and confers with ActiveVideo and has made a good-faith effort to minimize the number of terms for the Court to construe. At the time of the parties' original claim construction briefing, the parties had identified fifty-five disputed terms for construction. That number has now been reduced to twenty-two.

ActiveVideo is asserting twenty claims of five patents against Verizon, not including a number of non-asserted claims from which several dependent claims depend and, therefore, are necessarily incorporated.[1] Verizon identifies twelve terms from the twenty asserted ActiveVideo claims for construction. ActiveVideo identifies two terms from its claims to be construed. Fourteen terms in the ActiveVideo patents are therefore in dispute.

Verizon is asserting just seven claims of four patents against ActiveVideo.[2] Verizon identifies five terms from these claims for construction. ActiveVideo identifies eight terms.[3] Thus, thirteen terms in the Verizon patents are in dispute; added to the fourteen terms from the ActiveVideo patents, a total of twenty-seven terms are at issue for claim construction overall. Because five terms identified by the parties overlap, however, there are twenty-two total disputed terms for the Court to construe. The following table summarizes the foregoing.

---

[1] Prior to the Court's January 19, 2011 Order, ActiveVideo asserted 51 claims (9 independent claims and 42 dependent claims). After reducing its asserted claims, terms in 7 independent claims of the ActiveVideo patents are still at issue for claim construction because of asserted claim dependencies.

[2] Prior to the Court's January 19, 2011 Order, Verizon asserted 11 total claims. In accordance with the Court's directive, Verizon has further reduced the total number of claims it is asserting to 7.

[3] While ActiveVideo believes that only 2 terms from its 20 asserted claims need to be construed, it identifies 8 terms from Verizon's 7 asserted claims as requiring the Court's construction.

5

|  | **ActiveVideo Patents** | **Verizon Patents** |
|---|---|---|
| **Originally asserted claims** | 51 | 11 |
| **Currently asserted claims** | 20 | 7 |
| **Currently asserted claims (counting dependencies)** | 27 | 7 |
| **Terms identified by ActiveVideo** | 2 | 8 |
| **Terms identified by Verizon** | 12 | 5 |
| **Total disputed terms** | 14 | 13 |
| **Total disputed terms in both patents** | 22 (because 5 overlap) | |

Verizon believes that twenty-two disputed terms is a reasonable number of terms to construe in light of the fact that there are nine patents being asserted in the case, and ActiveVideo is asserting twenty claims, many of which are lengthy and/or depend from a non-asserted independent claim. Further, based on the claim construction arguments the parties have briefed, a number of the terms can be grouped together such that the Court need make only one decision on claim construction for each of the following groups:

| **Group 1** | "interactive session"; "interactive mode" |
|---|---|
| **Group 2** | "assigning one of a plurality of television information signals carried by the cable distribution network to the requesting home interface controller to satisfy the request"; "assignable television communication" |
| **Group 3** | "interactive controller"; "individually assignable processors"; "assignable module" |

Grouped in this fashion, there are only eighteen total claim construction disputes (including both ActiveVideo and Verizon asserted claims) for the Court to resolve.[4]

---

[4] To the extent ActiveVideo argues in the Joint Pre-Hearing *Markman* Statement that the parties "agreed" to limit the number of claim terms to be construed to ten per side, Verizon notes that during the parties' February 1, 2011 meet and confer, the proposal to do so was predicated on both sides substantially reducing the number of asserted claims to six to eight per side. Verizon did so, but ActiveVideo did not. Indeed, as explained above, ActiveVideo effectively only dropped two of its nine independent claims. In addition, ActiveVideo has acknowledged that it will undoubtedly reduce its asserted claims further, to a manageable number before trial, but is unwilling to do so now. Once it does, claim terms only appearing in the dropped claims can be deleted.

6

Finally, the parties have agreed that the terms "input selection means," "signal assignment means," and "activity detection means" are governed by 35 U.S.C. § 112, ¶ 6, but do not require further construction at this time. Verizon reserves its right to challenge the validity of claims containing these terms under 35 U.S.C. § 112.

Dated: February 4, 2011

Respectfully submitted,

/s/
Stephen E. Noona (VSB #25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100 P. O. Box 3037
Norfolk, VA 23514
Telephone : (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon (VSB #36308)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hsu-Hoffman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahsu-hoffman@morganlewis.com

Counsel for Plaintiff

**VERIZON COMMUNICATIONS INC.,**
**VERIZON SERVICES CORP.,**
**VERIZON VIRGINIA INC.** and
**VERIZON SOUTH INC.**

      /s/
_____
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker (VSB # 39581)
Bradley T. Lennie *(Pro Hac Vice)*
Justin T. Arbes *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman (*Pro Hac Vice*)
Noah M. Leibowitz (*Pro Hac Vice*)
Lisa H. Rubin (*Pro Hac Vice*)
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
hgutman@stblaw.com
nleibowitz@stblaw.com
lrubin@stblaw.com

John Thorne *(Pro Hac Vice to be submitted)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
1320 North Courthouse Road
Arlington, VA  22201
Telephone:  (703) 351-3900
Facsimile:  (703) 351-3670
john.thorne@verizon.com

Leonard C. Suchyta *(Pro Hac Vice)*
John P. Frantz (VSB #41450)
Caren K. Khoo *(Pro Hac Vice)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
One Verizon Way
Basking Ridge, NJ 07920
Telephone:  (908) 559-5623
Facsimile:  (908) 766-6974
leonard.suchyta@verizon.com
john.frantz@verizon.com
caren.khoo@verizon.com

Michael K. Kellogg (*Pro Hac Vice*)
Mark C. Hansen (*Pro Hac Vice*)
**KELLOGG, HUBER, HANSEN, TODD,**
  **EVANS & FIGEL, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mkellogg@khhte.com
mhansen@khhte.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23514
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon (VSB #36308)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
Michael F. Carr
Lorraine M. Casto
Salah Kaihani
Jason Gettleman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com
mcarr@morganlewis.com
lcasto@morganlewis.com
skaihani@morganlewis.com
jgettleman@morganlewis.com

Brett M. Schuman
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
bschuman@morganlewis.com

*Counsel for Plaintiff*

      /s/
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
bvannorman@hunton.com

*Counsel for Defendants*