**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

|  |  |
|---|---|
| ACTIVEVIDEO NETWORKS, INC., | ) |
|     Plaintiff, | ) Case No. 2:10-cv-00248-RAJ-FBS |
| v. | ) |
|  | ) PUBLIC REDACTED VERSION |
| VERIZON COMMUNICATIONS INC. et al, | ) |
|     Defendants. | ) |
|  | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE**
**THE EXPERT REPORTS AND TESTIMONY OF**
**(1) GARY ARLEN AND (2) MICHAEL J. WAGNER**

1

that makes the model unreliable and irrelevant, each model – and the final damage figure



**BACKGROUND**

---

[1]    The named defendants in this case are Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc.

[2]

**A.    GARY ARLEN**

**B.    MICHAEL WAGNER**



Mr. Wagner considered:



---

[3]    Factor 1: "The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty rate . . . ."  Factor 2: "The rates paid by the licensee for the use of other patents comparable to the patent in suit . . . ."  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).



███████████████████████████████████████████

████████

## APPLICABLE LAW

The proponent of expert testimony bears the burden of establishing the admissibility of the testimony by a preponderance of the evidence. *See Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed.Cir.2009).[4] The Supreme Court has held that Rule 702 requires the trial judge to act as "gatekeeper" and "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. More specifically, the trial judge assumes responsibility for ensuring that expert testimony pertains to "scientific, technical, or other specialized knowledge" and rests on reliable scientific or technical principles and methods applied to the facts of the case. *Id.* In sum, "[t]he Court, in its role as gatekeeper, must exclude expert testimony that is not reliable and specialized, and which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008).

## ARGUMENT

I.     **MR. ARLEN'S EXPERT REPORTS AND TESTIMONY SHOULD BE EXCLUDED**

████████████████████████████████████████

████████████████████████████████████████

---

[4]     To properly carry this burden, ActiveVideo must "sufficiently [tie the expert testimony on damages] to the facts of the case." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591(1993). If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded. *See e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 143-146 (1997).

██████████████████████████████████████████

████████████████████████████████████

█ ████████████████████████████ █ ██████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████

Expert opinion testimony is not permitted where the purported expert intends to offer opinions outside his or her specialized knowledge or area of expertise. *See* Fed. R. Evid. 702. Testimony by purported experts "with no skill in the pertinent art, serves only to cause mischief and confuse the factfinder." *Sundance, Inc.,* 550 F.3d at 1362. ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████ ███████████

███████████████████████████████████



*See Daubert*, 509 U.S. at 595 ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.").

An expert should be precluded from testifying regarding an opinion that is merely a layperson's interpretation of the facts.  *See PharmaStem Therapeutics, Inc. v. ViaCell, Inc.,* 491 F.3d 1342, 1348-49 (Fed. Cir. 2007) (""[The expert's] opinion of infringement is no more than a layperson's interpretation of

8

the defendants' marketing materials" and "permitting PharmaStem to couch its presentation of this evidence in the form of an expert opinion was an error").



*See Daubert,* 509 U.S. at 595 ("Expert evidence can be both powerful and quite misleading . . . .").





**A.** █████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

*See, e.g., MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1355-56 (Fed. Cir. 2005) ("[T]he district court has the responsibility to exclude an expert opinion that overlooks factors that render the testimony unreliable and/or speculative."); *Oglesby v. General Motors Corp.*, 190 F. 3d 244, 247-251 (4th Cir. 1999) (where expert merely observed a broken pipe connection and took physical measurements, without performing any tests or calculations, his opinion why the pipe broke was mere speculation and conjecture and therefore inadmissible); *ePlus, Inc. v. Lawson Software, Inc.*, Civ. No. 3:09-cv-620, 2011 U.S. Dist. LEXIS 7372, at *25 (E.D. Va. Jan. 26, 2011) (precluding an expert from testifying at trial where the expert's opinions were "speculative and not based in sound economic precepts that are explained so that a jury could understand"). ████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████

████████████████████

████████████████████████████████████

████████████████████████████████████

11



*See*

*Holesapple v. Barrett,* 5 Fed. Appx. 177, 180 (4th Cir. 2001) ("[I]t still is a requirement that the

expert opinion evidence be connected to existing data by something more than the 'it is so

because I say it is so' of the expert."); *Free v. Bondo-Mar-Hyde Corp.,* 25 Fed. Appx. 170, 172

(4th Cir. 2002) (affirming exclusion of expert opinion because it was based on expert's "belief

and speculation" and was therefore unreliable); *see also Daubert,* 509 U.S. at 595. ███

███

## II. MR. WAGNER'S EXPERT REPORTS AND TESTIMONY ARE INADMISSIBLE AND SHOULD BE PRECLUDED

████████

████████

████████

████████

████████

████

████████

Earlier this year, United States Court of Appeals for the Federal Circuit held that "[t]he entire market value rule allows a patentee to assess damages based on the entire market value of the accused product only where the patented feature creates the 'basis for customer demand' or 'substantially create[s] the value of the component parts.'" *Uniloc,* 632 F.3d at 1318 (*citing Lucent Techs.,* 580 F.3d at 1336); *see also Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1549–50 (Fed. Cir. 1995). Damages available through a reasonable royalty are limited to the value of the relevant features of the patented invention. *Uniloc,* 632 F.3d at 1318 (requiring patentee to provide evidence "tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features") (citations omitted).

████████

████████

████████







The Court held: "The Supreme Court and this court's precedents do not allow consideration of the entire market value of accused products for minor patent improvements simply by asserting a low enough royalty rate." *Uniloc*, 632 F.3d at 1320.

*See Barber v. United Airlines, Inc.*, 17 Fed.Appx. 433, 437 (7th Cir. 2001) (affirming exclusion of expert report as failing to satisfy *Daubert* where expert "cherry-picked the facts he considered to render an expert opinion"); *see also ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) (The district court "must consider licenses that are commensurate with what the defendant has appropriated. . . . If not, a prevailing plaintiff [is] free to inflate reasonable royalty analysis with conveniently selected licenses without an economic or other link

to the technology in question.").





7

*Meyerland Community Improvement Ass'n v. Temple*, 700 S.W.2d 263, 267 (Tex. App. 1985) ("[I]t is improper to consider the testimony of parties about what they intended the contractual language to mean, unless the contract is found to be ambiguous.").





*See Uniloc*, 632 F.3d at 1318 ("The patentee . . . must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative.") (*quoting Garretson*, 111 U.S. at 121).





**First**, courts routinely reject the use of correlation to show causation. *See, e.g., Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) ("Any scientist or statistician must acknowledge . . . that correlation is not causation."); *Waytec Electronics Corp. v. Rohm and Haas Elec. Materials, LLC,*, 459 F. Supp. 2d 480, 488 (rejecting expert's opinion about the cause of a product defect as unreliable and "based on correlation and guesswork rather than on causation" where expert



9

admitted that the defect at issue in the case "can be, and often is, caused by a variety of different factors") 

Fed. R. of Evid. 702 (requiring expert testimony be "based upon sufficient facts or data"); *Lumber Liquidators, Inc. v. Stone Mountain Carpet Mills, Inc.*, No. 3:08-cv-573, 2009 WL 5876245, at *1, *4  (E.D. Va. Jul. 23, 2009) (excluding expert's reasonable royalty opinion where, "largely due to the absence of reliable and relevant data, [the] proffered testimony [was] not 'based on sufficient facts or data'. . . ." and noting that party proffering testimony bears the burden of establishing reliability).

An expert opinion "that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation." *See, e.g., Waytec Elec. Corp.*, 459 F. Supp. 2d at 488-89 (quoting *Westberry v. Gislaved*, 178 F.3d 257, 265 (4th Cir. 1999)). If an expert "utterly fails to consider alternative causes or fails to offer an explanation for why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001).



10



See Fed. R. Evid. 702 (requiring expert testimony to apply principles and methods reliably to the facts of the case).[12]

---

[11] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[12] *See also, Technology Licensing Corp. v. Gennum Corp.*, No. 3:01-cv-4204, 2004 WL 1274391, at *9-10 (N.D. Cal. Mar. 26, 2004) (excluding testimony because expert's attempt to inflate royalty damages using a "multiplier" was not based on "realistic, appropriate factors"); *see also In re Pharmaceutical Industry*, 491 F.Supp.2d at 85-86 ("the court may reject testimony for which the data relied upon is flawed or the methodology used is internally inconsistent or unreliable.") (quotes omitted); *see also Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 175 F.3d 18, 34 (1st Cir. 1999) (affirming trial court's ruling that expert's testimony was inadmissible where "there was a considerable and unjustifiable variance between the expert's Rule 26 report and his testimony").





*See, e.g. IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 691 (E.D. Tex. 2010) ("[the] current expert report improperly inflates both the royalty base and the royalty rate by relying on irrelevant or unreliable evidence").

28





Courts generally bar the interjection of evidence that a party is protected by insurance or other indemnity, since such evidence may prejudice the party and inflate damages. *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967); *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986).

**CONCLUSION**

For the reasons set out above, Defendants respectfully request that the Court preclude the testimony and expert reports of both Gary Arlen and Michael Wagner.

Dated: June 7, 2011

Respectfully submitted,

_____/s/_____
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker (VSB # 39581)
Bradley T. Lennie *(Pro Hac Vice)*
Justin T. Arbes *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC  20006
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman (*Pro Hac Vice*)
Patrick E. King (*Pro Hac Vice*)
Noah M. Leibowitz (*Pro Hac Vice*)
Jason M. Bussey (*Pro Hac Vice*)
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
hgutman@stblaw.com
pking@stblaw.com
nleibowitz@stblaw.com
jbussey@stblaw.com

John Thorne *(Pro Hac Vice to be submitted)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
1320 North Courthouse Road
Arlington, VA  22201
Telephone:  (703) 351-3900
Facsimile:  (703) 351-3670
john.thorne@verizon.com

Leonard C. Suchyta *(Pro Hac Vice)*
John P. Frantz (VSB #41450)
Caren K. Khoo *(Pro Hac Vice)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
One Verizon Way
Basking Ridge, NJ 07920
Telephone:  (908) 559-5623
Facsimile:  (908) 766-6974
leonard.suchyta@verizon.com
john.frantz@verizon.com
caren.khoo@verizon.com

Michael K. Kellogg (*Pro Hac Vice*)
Mark C. Hansen (*Pro Hac Vice*)
**KELLOGG, HUBER, HANSEN, TODD,
    EVANS & FIGEL, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
mkellogg@khhte.com
mhansen@khhte.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2011 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23514
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon (VSB #36308)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
Michael F. Carr
Lorraine M. Casto
Jason Gettleman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com
mcarr@morganlewis.com
lcasto@morganlewis.com
jgettleman@morganlewis.com

Brett M. Schuman
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
bschuman@morganlewis.com

*Counsel for Plaintiff*


_____/s/_____

Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
bvannorman@hunton.com

*Counsel for Defendants*