IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ACTIVEVIDEO NETWORKS, INC.,

      Plaintiff,

v.     CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

      Defendants.

### *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Emergency Motion for Sanctions, to Continue the Trial Date, and to Permit Additional Discovery Due To ActiveVideo's Untimely, Late-Served Fifth Supplemental Response to Defendants' Interrogatory No. 1. Having carefully reviewed the Parties' pleadings and having conducted a hearing on this matter on July 1, 2011, the Court finds this matter ripe for judicial determination.

Parties have a continuing duty to supplement disclosures pursuant to Federal Rule of Civil Procedure 26(e). Furthermore, "[i]f a party fails to provide information or identify a witness as required by Rule . . . 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additionally, the Court may, upon motion and after providing an opportunity to be heard, impose additional sanctions against the non-disclosing

1

party, such as imposing ordering the payment of expenses and attorney's fees or staying the proceedings. *See* Fed. R. Civ. P. 37(c)(1). Verizon contends that it was prejudiced by ActiveVideo's fifth supplemental response to Interrogatory No. 1, in which ActiveVideo indicated that the dates of conception for some of the asserted claims in ActiveVideo's asserted patents are not April 20,1988, as originally disclosed, but are rather the summer of 1991. Verizon argues that being confronted with this supplemental information so close to trial would require Verizon to engage in additional discovery with respect to prior art surrounding the later conception date and thus, warrants continuing trial presently scheduled for July 12, 2011.

In response, ActiveVideo alleges that it originally disclosed two dates of conception for the patents in the patent family consisting of U.S. Patent Nos. 5,526,034 (the "'034 patent"), 5,550,578 (the "'578 patent"), 6,100,883 (the "'883 patent"), and 6,034,678 (the "'678 patent"), (collectively, the "'034 patent family")[1]: April 20, 1988 *and* the summer of 1991. Furthermore, ActiveVideo's argues that its fifth supplemental response to Interrogatory No. 1 merely specifies the dates of conception for each of the patents in the '034 patent family by claim, such that the dates of conception for the independent claims of those patents are still identified as April 20,1988, while certain dependent claims have later conception dates of the summer of 1991. Given that ActiveVideo still maintains the April 20, 1988 conception dates for the asserted independent claims of the '883 patent and the '678 patent, and that ActiveVideo originally asserted a conception date of summer of 1991 for the '578 patent, which is directed to the same subject matter as the other patents in the '034 patent family, the Court finds that any prejudice suffered by Verizon as a result of ActiveVideo's fifth supplemental response to Interrogatory No.

---

[1]The '034, '578, '883, and '678 patents all share a common specification.

2

1 is minimal and does not warrant continuance of trial or imposition of sanctions against ActiveVideo. Accordingly, Defendants' Emergency Motion for Sanctions, to Continue the Trial Date, and to Permit Additional Discovery Due To ActiveVideo's Untimely, Late-Served Fifth Supplemental Response to Defendants' Interrogatory No. 1 is **DENIED**. Trial shall proceed as scheduled on July 12, 2011.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel for the Parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July // , 2011

Nunc Pro Tunc
July 1, 2011