**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC. <br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON VIRGINIA INC. AND VERIZON SOUTH INC. <br> Defendants/Counterclaim-Plaintiffs. | Civil Action No. 2:10-cv-248 <br> RAJ/DEM |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING VALIDITY OF U.S. PATENT 5,526,034

Plaintiff ActiveVideo Networks, Inc. ("ActiveVideo") respectfully submits this memorandum in support of its Motion for Judgment as a Matter of Law Regarding the Validity of U.S. Patent 5,526,034 ("the '034 patent"). As no reasonable jury could conclude, based on the record evidence, that the '034 patent is invalid, ActiveVideo's motion should be granted.

### I. INTRODUCTION

In the Final Pretrial Order, Verizon identified numerous triable issues regarding the validity of the '034 patent. *See* D.I. 762 at pp. 26-31. In its case in chief, however, Verizon has failed to introduce <u>any</u> evidence supporting its contentions that this patent is invalid. Accordingly, no reasonable jury could conclude that the '034 patent is invalid.

### II. LEGAL STANDARD

A judgment as a matter of law is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a).

A patent is presumed valid. 35 U.S.C. § 282. A party challenging the validity of a patent must prove invalidity by clear and convincing evidence. *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1366 (Fed. Cir. 2010).

### III. ARGUMENT

A party challenging the validity of a patent must introduce *some* evidence to support its claim. A patent is presumed valid. 35 U.S.C. § 282. To overcome this presumption, a party challenging the validity of a patent must prove invalidity by clear and convincing evidence. *Hearing Components*, 600 F.3d at 1366 (Fed. Cir. 2010). It is axiomatic that a party fails to meet its burden when it fails to introduce *any* evidence.

In this case, Verizon has rested its case in chief. It had every opportunity to be heard on the invalidity of the '034 patent. However, Verizon provided no evidence supporting a theory that the '034 patent is invalid. By all appearances, Verizon has abandoned its claim that this patent is invalid. In the absence of any evidence supporting an invalidity theory, a reasonable jury would not have a legally sufficient evidentiary basis to find the '034 patent invalid. Judgment as a matter of law is, therefore, appropriate. FED. R. CIV. P. 50(a).

### IV. CONCLUSION

For the foregoing reasons, ActiveVideo respectfully requests that the Court grant ActiveVideo's motion for judgment as a matter of law.

Dated: July 26, 2011                                                  Respectfully submitted,

                                                                       /s/ Stephen E. Noona
                                                                      Stephen E. Noona
                                                                      (Virginia State Bar No. 25367)
                                                                      **KAUFMAN & CANOLES, P.C.**
                                                                      150 W. Main Street, Suite 2100
                                                                      Norfolk, VA 23510

Telephone : (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon
(Virginia State Bar No. 36308)
David M. Morris
(Virginia State Bar No. 30146)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com
dmorris@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I herby certify that on July 26, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
(Virginia State Bar No. 14308)
Brent L. VanNorman
(Virginia State Bar No. 45956)
**HUNTON & WILLIAMS, LLP**
500 E. Main Street, Suite 1000
Norfolk, VA 23514
Telephone: (757) 640-5314
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker
(Virginia State Bar No. 39581)
Bradley T. Lennie
Justin T. Arbes
**HUNTON & WILLIAMS, LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman
Lisa H. Rubin
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York  10017
Phone:  (212) 455-2000
Fax: (212) 455-2502
hgutman@stblaw.com
lrubin@stblaw.com

*Counsel for Defendants*

        */s/ Stephen E. Noona*
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510

Telephone: (757) 624-3000  
Facsimile: (757) 624-3169  
senoona@kaufcan.com

11204334_1.DOC