IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUL 27 2011
CLERK, U.S. DISTRICT COURT

ACTIVEVIDEO NETWORKS, INC.,

Plaintiff,

v.

CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

Defendants.

## *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law Regarding Pre-Suit Damages, pursuant to Federal Rule of Civil Procedure 50(a), and Motion for Judgment as a Matter of Law on Pre-Suit Damages Related to the 6,034,678 Patent, pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court finds these matters ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law Regarding Pre-Suit Damages is **GRANTED** and Defendants' Motion for Judgment as a Matter of Law on Pre-Suit Damages Related to the 6,034,678 Patent is **DENIED**.

In the instant Motions, Verizon argues that Plaintiff ActiveVideo Networks, Inc. ("ActiveVideo") has failed to introduce sufficient evidence to support a finding that it is entitled to recover pre-suit damages for U.S. Patent Nos. 5,550,578 (the "'578 patent"), 6,100,883 (the

1

"'883 patent"), 6,205,582 (the "'582 patent"), and 6,034,678 (the "'678 patent") because it failed to comply with the marking requirement imposed by 35 U.S.C.A. § 287(a).[1] Specifically, Verizon argues that ActiveVideo offered evidence that its products practice its patented inventions, but that it nevertheless failed to mark its products. With respect to the '678 patent, Verizon argues that ActiveVideo's failure to mark bars pre-suit damages because the method claims of the '678 patent claim the same system covered by the asserted system claims of the other patents-in-suit. ActiveVideo counters that Verizon received actual notice of their infringement because it was aware of ActiveVideo's patents and thus, ActiveVideo's damages should not be limited to the filing of this suit. As to the '883 patent, ActiveVideo specifically alleges that judgment as a matter of law is improper because both the asserted method and apparatus claims of the '883 patent have not yet been found to be infringed. Finally, as to the '678 patent, ActiveVideo argues that 35 U.S.C.A. § 287(a) does not apply where the patentee asserts only method claims.

Pursuant to 35 U.S.C.A. § 287(a), a patentee must either mark a patented product or provide actual notice of infringement in order to recover damages. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) ("When a patented article has been produced by a patentee

---

[1] 35 U.S.C.A. § 287(a) provides, in relevant part: "Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them . . . may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent . . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."

2

or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.' 35 U.S.C. § 287(a) (1994). The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice. The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues."). Furthermore, the patentee bears the burden of proving compliance with the marking statute by a preponderance of the evidence. *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).

"The marking statute serves three related purposes: 1) helping to avoid innocent infringement; 2) encouraging patentees to give notice to the public that the article is patented; and 3) aiding the public to identify whether an article is patented." *Id.* at 1443 (internal citations omitted). Accordingly, the purposes of the marking statute are equally satisfied where the patentee provides the alleged infringer with actual notice of infringement through an affirmative act. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186 (Fed. Cir. 1994) ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."). The inquiry into whether the actual notice requirement has been satisfied focuses on the actions of the patentee rather than the knowledge of the accused infringer. *See id.* ("It is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."). Accordingly, the Court finds that ActiveVideo may not rely on Verizon's alleged willful infringement of

3

ActiveVideo's patents to satisfy the notice requirement.

Furthermore, where a patent contains both method and system claims, as does the '883 patent, and the patentee asserts infringement of both the method and system claims, the patentee is required to mark its product under § 287(a). *See Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("In *Bandag*, and *Hanson*, this court specifically noted a distinction between cases in which only method claims are asserted to have been infringed and cases like the present case, where [the patentee] alleged infringement of all its apparatus and method claims. . . . The claimed method is the use of the product. Having sold the product unmarked, [the patentee] could hardly maintain entitlement to damages for its use by a purchaser uninformed that such use would violate [the patentee's] method patent."); *see also Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993) ("In this case, both apparatus and method claims of the '765 patent were asserted and there was a physical device produced by the claimed method that was capable of being marked. Therefore, we conclude that [the patentee] was required to mark its product pursuant to section 287(a) in order to recover damages under its method claims prior to actual or constructive notice being given to [the alleged infringer]."). ActiveVideo has produced no evidence that it provided Verizon with explicit notice of infringement prior to the filing of the instant suit on May 27, 2010. Accordingly, ActiveVideo is statutorily limited to recovering damages for infringement after the date of the filing of this suit as to the '578 patent, the '883 patent, and the '582 patent. *See* 35 U.S.C. § 287(a) ("Filing of an action for infringement shall constitute such notice."). Thus, Defendants' Motion for Judgment as a Matter of Law Regarding Pre-Suit Damages is **GRANTED** as to the '578 patent, the '883 patent, and the '582 patent.

Unlike the '883 patent, the '678 patent contains only method claims. Established Federal

Circuit case law is clear that where a patent contains only method claims, the patentee has no duty to mark. *See, e.g., Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010) ("We hold that the district court erred because '[t]he law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method.' *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). All claims of the '952 patent are drawn to a method and we therefore find that the district court erred by limiting damages under § 287."); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1353 (Fed. Cir. 2001) ("Because the '899 patent only claims methods, the notice provisions of § 287(a) do not apply to it."); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983) ("It is 'settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method.'" (quoting *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed. Cir.1983))). Accordingly, § 287 does not apply to the '678 patent which contains only method claims. Therefore, Defendants' Motion for Judgment as a Matter of Law on Pre-Suit Damages Related to the 6,034,678 Patent is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July 21, 2011

5