IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ACTIVEVIDEO NETWORKS, INC.,

Plaintiff,

v.

CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

Defendants.

## *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law of No Indirect Infringement and No Infringement Under the Doctrine of Equivalents, pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law of No Indirect Infringement and No Infringement Under the Doctrine of Equivalents is **GRANTED**.

In its Motion, Verizon asserts that Plaintiff ActiveVideo Networks, Inc. ("ActiveVideo") has failed to introduce any evidence regarding direct infringement of its patents by a third party, as required to establish indirect infringement. In order to establish induced infringement, "[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *Manville*

1

*Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). Similarly, "[t]o establish contributory infringement, the patent owner must show the following elements ... 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). After thorough review of the record, the Court finds that ActiveVideo has failed to introduce any evidence which would satisfy the requirements to prove either induced infringement or contributory infringement. Accordingly, the Court finds it appropriate to grant judgment as a matter of law of no indirect infringement of ActiveVideo's patents.

As with indirect infringement, the patentee bears the burden of establishing infringement under the doctrine of equivalents. *See Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1210 (Fed. Cir. 2001) ("The doctrine of equivalents is not a talisman that entitles a patentee to a jury trial on the basis of suspicion; it is a limited remedy available in special circumstances, the evidence for which is the responsibility of the proponent."). Furthermore, in order to establish infringement under the doctrine of equivalents, the patentee must provide "particularized testimony and linking arguments as to the insubstantiality of the differences between the claimed invention and the accused device or process ... on a limitation by limitation basis." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996). Reviewing the record, the Court finds that ActiveVideo has failed to provide any evidence regarding the insubstantiality of the differences between the claimed invention and the Verizon FiOS system. Accordingly, the Court finds it appropriate to grant judgment as a matter of law of no infringement under the doctrine of equivalents.

Accordingly, and for the reasons articulated above, Defendants' Motion for Judgment as a Matter of Law of No Indirect Infringement and No Infringement Under the Doctrine of Equivalents is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
July 27, 2011