**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC.<br>Plaintiff/Counterclaim-Defendant,<br>v.<br><br>VERIZON COMMUNICATIONS, INC., VERIZON<br>SERVICES CORP., VERIZON VIRGINIA INC.<br>AND VERIZON SOUTH INC.<br>Defendants/Counterclaim-Plaintiffs. | Civil Action No. 2:10-cv-248<br>RAJ/DEM |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT
AS A MATTER OF LAW REGARDING VALIDITY OF ACTIVEVIDEO'S ASSERTED
PATENTS**

Pursuant to the Court's directive, ActiveVideo hereby identifies elements of the asserted

claims that Mr. Schmandt failed to identify—much less show by clear and convincing

evidence—as present in the alleged prior art references.  For most of the elements Mr. Schmandt

provides no evidence and instead simply makes a conclusory statement that the claim element is

present in the alleged prior art reference.  This is insufficient for the reasons stated in

ActiveVideo's memorandum in support of the motion for judgment as a matter of law.

**I.    "SINGLE MODE FIBER TRANSPORT AND COAXIAL DISTRIBUTION OF
       VIDEO ON DEMAND," BY LUNDGREN AND NATARAJAN (DX0440)
       ("BELLCORE VOD ARTICLE")**

**A.    U.S. Patent No. 6,100,883 claim 1**

1.    Element 1(a)

Mr. Schmandt failed to identify any disclosure in the "Bellcore VOD Article" that shows

"detecting at a node . . . a request, from a home interface controller . . . for an information service

in an interactive mode."  While Verizon's counsel simply read the element from Mr. Schmandt's

demonstrative, Mr. Schmandt never testified whether or not the element is present in the

"Bellcore VOD Article."  *See* Trial Tr. at 1628:15-1629:23.

1

      2.       Elements 1(b), (c), (d)

Mr. Schmandt failed to identify the key feature required by all three elements, namely the use of an "interactive session."  The "Bellcore VOD Article" does not disclose and "interactive session" and, therefore does not anticipate these elements.  Mr. Schmandt's testimony on all three elements, 1(a), (b), and (c), was entirely conclusory on the issue of an "interactive session" and did nothing more that mention the words.  Other than stating that the reference disclose an interactive session, Mr. Schmandt provided absolutely no evidence of the presence of this important claim element.

**8** A. Okay. So what this element of the claim says is that
**9** there is a processor of some sort, computer of some sort,
**10** maybe, which gets a request from the home interface
**11** controller and sets up what we call an interactive session.
**12** And that inside the node here, inside the remote terminal, is
**13** the central control unit which is described as the piece of
**14** processing that receives the message from the home interface
**15** controller.

*See* Trial Tr. at 1629:23-1632:19.

      **B.**      **U.S. Patent No. 5,550,578 claim 9 (dependent on claim 8).**

      1.       Element 8(b)

Mr. Schmandt failed to identify any disclosure in the "Bellcore VOD Article" that shows the element "a plurality of **subscriber selection devices**, one device associated with each home interface controller and in communication with the data transceiver . . . ."  Mr. Schmandt testified that the "keypad" disclosed in the "Bellcore VOD Article" is **both** part of the "home interface controller" **and** the "subscriber selection device **associated with each home interface controller** and in communication with the data transceiver."  *See* Trial Tr. at 1761:12-1763:10. The claim language is clear that the "subscriber selection device" is separate from the "home interface controller," not part of it, as it needs to communicate from and to each other.

2

2.      Element 8(c)

Mr. Schmandt failed to identify any disclosure in the "Bellcore VOD Article" that shows

"a plurality of interactive controllers, disposed at the headend, each interactive controller . . . (iii)

**in assignable data communication over the data communications link with the assigned**

**home interface controller**."  Specifically, Mr. Schmandt provided no evidence or testimony that

the "Bellcore VOD Article" discloses an "interactive controller" in **"assignable data**

**communication"** with the "home interface controller."

> 17 A. Yes, it does. This basically says that the data, the
> 18 data from the home interface controller can be used to
> 19 control the interactive controller at the other end to show
> 20 the content. And if we go the next slide.
> 21 Q. And is this -- I didn't give a number to this

Trial Tr. 1625:9-1626:4.

**C.      U.S. Patent No. 6,034,678 claims 1 and 2 (dependent on claim 1)**

1.      Mr. Schmandt Improperly Combines Two Separate Embodiments

Mr. Schmandt failed to identify any disclosure in the "Bellcore VOD Article" that shows

**all the elements** of claim 1 of the 678 patent **in a single embodiment**.  The law is clear that

anticipation cannot be found by "picking, choosing, and combining various disclosures not

directly related to each other by the teachings of the cited reference."  *Sanofi-Synthelabo v.*

*Apotex, Inc.*, 550 F.3d 1075, 1084 (Fed. Cir. 2008); see also *Net MoneyIN, Inc. v. VeriSign, Inc.*,

545 F.3d 1359, 1371 (Fed. Cir. 2008) ("[I]t is not enough that the prior art reference . . . includes

multiple, distinct teachings that the artisan might somehow combine to achieve the claimed

invention.").

Mr. Schmandt admitted to having combined two distinct embodiments described in the

"Bellcore VOD Article."  *See* Trial Tr. at 1734:3-13.  For example, for element 1(a), Mr.

Schmandt relied on the second embodiment, the "switched scheme," and for element 1(b), Mr.

Schmandt relied on the first embodiment, the "non-switched scheme."  *See* Trial Tr. at 1639:16-1640:14.

      2.     Elements 1(a) and 1(d)

Mr. Schmandt failed to identify where in the "Bellcore VOD Article" that shows the following elements of Claim 1 of the '678 are disclosed: (i) a request for an "interactive session," element 1(a), and (ii) a request for an "information service," element 1(d).  Mr. Schmandt admits that the "Bellcore VOD Article" only discloses **one request**, not two, when the user requests a movie.  *See* Trial Tr. at 1748:3-1749:9.

**D.      U.S. Patent No. 6,205,582 claims 5, 7 (dependent on claim 5), and 8 (dependent on claim 7)**

      1.     Element 5(e)

Mr. Schmandt failed to identify any disclosure in the "Bellcore VOD Article" that shows "a frame server" as required by claims 5.  *See* Trial Tr. at 1644:19-1647:7 ("So the frame server is something -- anything that does this, does this, and this is the rest of the claim.").

Mr. Schmandt also failed to identify any disclosure in the "Bellcore VOD Article" that shows a "frame server generating interactive pages."  Mr. Schmandt gives two examples of "interactive pages," the first does not meet the Court's definition because it is not a page, just a message, *see* Trial Tr. at 1646:3-16, and the second, Mr. Schmandt admits, is not disclosed in the "Bellcore VOD Article."  *See* Trial Tr. at 1770:5-10 ("Q. Those aren't actually in the article, right? 10 A. Correct.").

## II.     U.S. PATENT NO. 4,616,263 (THE "GTE VOD PATENT")

### A.     U.S. Patent No. 5,550,578 claim 9 (dependent on claim 8).

#### 1.     Element 8(c)

Mr. Schmandt admitted that the "GTE VOD Patent" does **not** disclose "each interactive controller (i) in **television communication** with the information source means."  Mr. Schmandt identified the "video cluster controller" as the "interactive controller," *see* Trial Tr. at 1785:21-22, and the "video disk" as the "information source."  *See* Trial Tr. at 1787:23-25.  Mr. Schmandt then admitted that the two components are not in television communication with each other: "**Q. So is there any TV communication between the video disc unit and the video cluster controller? A. No, there isn't.**"  Trial Tr. at 1788:6-8.

Mr. Schmandt also failed to identify any disclosure in the "GTE VOD Patent" discloses the requisite "interactive controllers."  Mr. Schmandt never explained how the "GTE VOD Patent" disclosed any "interactive controllers" "in assignable television communication" and "in assignable data communication."  *See* Trial Tr. at 1659:15-1660:7.

### B.     U.S. Patent No. 6,100,883 claim 1

#### 1.     Element 1(d)

Mr. Schmandt failed to identify any disclosure in the "GTE VOD Patent" that shows "receiving data communications at the processor from the requesting home interface controller during the interactive session representative of commands **interactive with the image** on the associated subscriber television set."  *See* Trial Tr. at 1668:21-1669:7.

### C.     U.S. Patent No. 6,034,678 claims 1 and 2 (dependent on claim 1)

#### 1.     Element 1(e)

Mr. Schmandt failed to identify any disclosure in the "GTE VOD Patent" that shows "putting the information service on the assigned television information signal." In fact, Mr. Schmandt never mentions this element in his testimony with respect to the "GTE VOD Patent". *See* Trial Tr. at 1672:15-1674:17.

### D.    U.S. Patent No. 6,205,582 claims 5, 7 (dependent on claim 5), and 8 (dependent on claim 7)

1.    Element 5(c)

Mr. Schmandt failed to identify any disclosure in the "GTE VOD Patent" that shows "a plurality of subscriber selection devices." "Q. Does the GTE VOD patent disclose subscriber selection devices? A. Yes, it does. Q. Look at 1261. A. So it doesn't say it explicitly." *See* Trial Tr. at 1676:19-1677:7.

2.    Element 5(e)

Mr. Schmandt failed to identify any disclosure in the "GTE VOD Patent" that shows "a frame server in communication with a plurality of home interface controllers each assigned to one of a **plurality of processes** running in said frame server for interactive service." *See* 1792:7-1793:18 ("You're right. The patent does not say there are separate processes.").

### III.    "A STORE-AND-FORWARD ARCHITECTURE FOR VIDEO-ON-DEMAND SERVICE," BY GELMAN, SMOOT, AND WEINSTEIN ("THE BELLCORE FIBER VOD ARTICLE")

### A.    U.S. Patent No. 5,550,578 claim 9 (dependent on claim 8)

1.    Element 8(c)

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "a plurality of interactive controllers." During direct examinatino, Mr. Schmandt never identified the "interactive controllers." *See* Trial Tr. at 1683:7-1694:4. During cross examination, Mr. Schmandt was also unable to identify the "interactive controllers," and never

explained how the "The Bellcore Fiber VOD Article" disclosed any "interactive controllers" "in assignable television communication" and "in assignable data communication." *See* Trial Tr. at 1796:15-1803:24.

**B.    U.S. Patent No. 6,100,883 claim 1 and 26**

1.    Element 24 (c)

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "content of the information signal is modified in response to control data." *See* Trial Tr. at 1683:7-1694:4 (this page range, which fails to disclose this claim element, spans Mr. Schmandt's entire direct testimony on "The Bellcore Fiber VOD Article").

2.    Claim 25

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "each processor being an assignable module to one of said home interface controllers." *See* Trial Tr. at 1683:7-1694:4.

3.    Claim 26

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "a network manager for assigning an available one of said processors." *See* Trial Tr. at 1683:7-1694:4.

**C.    U.S. Patent No. 6,034,678 claims 1 and 2 (dependent on claim 1)**

1.    Element 1(a)

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "a request for an interactive session." *See* Trial Tr. at 1683:7-1694:4; 1795:23-1796:14.

2.      Element 1(c)

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "informing the requesting home interface controller of the assigned television information signal." *See* Trial Tr. at 1805:19:22.

3.      Element 1(e)

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows "putting the information service on the assigned television information signal." *See* Trial Tr. at 1683:7-1694:4.

**D.      U.S. Patent No. 6,205,582 claims 5, 7 (dependent on claim 5), and 8 (dependent on claim 7)**

Mr. Schmandt failed to identify any disclosure in the "The Bellcore Fiber VOD Article" that shows any of the elements of the '582 patent. *See* Trial Tr. at 1683:7-1694:4.

**IV.     SCHMANDT FAILED TO ADEQUATELY EXPLAIN ALLEGED OBVIOUSNESS COMBINATIONS**

None of Mr. Schmandt's alleged obviousness combinations properly explain how and why the alleged prior art references should be modified or combined with other references.  The Supreme Court has held that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007).  Instead, Mr. Schmandt simply makes conclusory statements and fails to provide and articulated reasoning why and how the asserted claims of the '582 patent are rendered obvious.  *See, e.g.*, Trial Tr. at 1692:24-1694:1; 1700:11-1701:5 ("Yes, because it would result in a system that was more efficient, and it's easier to maintain a system so it's going to work better if it's got all of the data on a single wire.").

8

**A.      The Telaction System**

      1.      Asserted claims of U.S. Patent Nos. 5,550,578, 6,100,883, 6,034,678, and 6,205,582

Mr. Schmandt failed to adequately identify any disclosure in "The Telaction System" that

discloses the elements of any of the asserted ActiveVideo patent claims.

> **16** Q. Now, and that system could only send images, still images
> **17** down, not video, right?
> **18** A. No. It -- **I don't know what they actually did** but it was
> **19** capable of doing video. A video disc could play 30 frames
> **20** per second video on a frame grabber, could grab frames at 30
> **21** frames per second and then you would be seeing video.
> **22** Q. **You don't know if it ever did that, though, right?**
> **23** A. **No, I don't know if it did that**, but I'm saying the
> **24** equipment was capable of it.

*See* Trial Tr. at 1694:21-1702:2; 1807:16-24.

**B.      U. S. Patent No. 5,850,218 ("The Time Warner Patent")**

      1.      U.S. Patent No. 6,205,582 claims 5, 7 (dependent on claim 5), and 8 (dependent on claim 7)

Mr. Schmandt claims that several of the alleged prior art references could have been

combined with "the Time Warner Patent" to render obvious the asserted claims of '582 patent.

According to Mr. Schmandt, "the Time Warner Patent" provided the "frame server."  Yet, Mr.

Schmandt admits that "the Time Warner Patent" fails to disclose "a plurality of processes

running in said frame server," as required by all the asserted claims of the '582 patent.  *See* Trial

Tr. at 1809:21-25 ("Q. Now, is there anything in this patent that describes assigning separate

processes for each request for an interactive page?  A. **No, it doesn't specifically -- it doesn't

specifically say that there are separate processes.**").

V.      **CONCLUSION**

As described above, Mr. Schmandt failed to provide any evidence or testimony to suppor

a finding of anticipation for, at least, the following claim elements:

"Bellcore VOD Article"
- 8(b) and 8(c) of the '578 patent and, therefore, does not anticipate claim 9 of the '578 patent.
- 1(a), (b), (c), and (d) of the '883 patent and, therefore, does not anticipate claim 1 of the '883 patent
- 1(a) and (d) of the '678 patent and, therefore, does not anticipate claims 1 and 2 of the '678 patent
- 5(e) of the '582 patent and, therefore, does not anticipate claims 5, 7, and 8 of the '582 patent

The "GTE VOD Patent"
- 8(c) of the '578 patent and, therefore, does not anticipate claim 9 of the '578 patent.
- 1(d) of the '883 patent and, therefore, does not anticipate claim 1 of the '883 patent
- 1(e) of the '678 patent and, therefore, does not anticipate claims 1 and 2 of the '678 patent
- 5(c) and (e) of the '582 patent and, therefore, does not anticipate claims 5, 7, and 8 of the '582 patent

The Bellcore Fiber VOD Article
- 8(c) of the '578 patent and, therefore, does not anticipate claim 9 of the '578 patent.
- 24(c) and claims 25 and 26 of the '883 patent and, therefore, does not anticipate claim 26 of the '883 patent
- 1(a), (c), and (e) of the '678 patent and, therefore, does not anticipate claims 1 and 2 of the '678 patent
- none of the elements of the asserted claims of the '582 patent and, therefore, does not anticipate the '582 patent

Mr. Schmandt, similarly, failed to provide an "articulated reasoning with some rational

underpinning to support the legal conclusion of obviousness," *KSR Int'l Co.*, 550 U.S. at 418,

and, therefore, the prior art references in combination do not render obvious, at least, the

following claim element:

The Telaction System and The Time Warner Patent

- 5(e) of the '582 patent and, therefore, does not render obvious claims 5, 7, and 8 of the '582 patent

Dated:  July 28, 2011                         Respectfully submitted,

                                      */s/ Stephen E. Noona*
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone : (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon
(Virginia State Bar No. 36308)
David M. Morris
(Virginia State Bar No. 30146)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com
dmorris@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I herby certify that on July 28, 2011, I will electronically file the foregoing with the Clerk

of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the

following:

Gregory N. Stillman
(Virginia State Bar No. 14308)
Brent L. VanNorman
(Virginia State Bar No. 45956)
**HUNTON & WILLIAMS, LLP**
500 E. Main Street, Suite 1000
Norfolk, VA 23514
Telephone: (757) 640-5314
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker
(Virginia State Bar No. 39581)
Bradley T. Lennie
Justin T. Arbes
**HUNTON & WILLIAMS, LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman
Lisa H. Rubin
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York  10017
Phone:  (212) 455-2000
Fax: (212) 455-2502
hgutman@stblaw.com
lrubin@stblaw.com

*Counsel for Defendants*

12

_/s/ Stephen E. Noona_
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

11210658_1.DOC