IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ACTIVEVIDEO NETWORKS, INC.,

Plaintiff,

V.

CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

Defendants.

*ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law on Laches, pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court ruled from the bench regarding Defendants' Motion on July 29, 2011. The reasons for the Court's ruling are set forth below. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law on Laches is **DENIED**.

Verizon argues that ActiveVideo should be barred from recovering damages under the doctrine of laches because ActiveVideo was aware of Verizon's infringement beginning in 2005, but failed to provide Verizon with notice of any alleged infringement until the filing of the instant case in 2010. ActiveVideo counters that Verizon is not entitled to judgment as a matter of law on the issue of laches because Verizon has failed to establish by a preponderance of the evidence that ActiveVideo delayed filing the instant suit for an unreasonable period of time after

becoming aware of Verizon's infringement, or that the alleged delay materially prejudiced Verizon.

Although the Patent Act does not provide a statute of limitations for infringement claims, the equitable doctrine of laches may bar a patentee's recovery of pre-filing damages where the patentee knew of his claim, but unreasonably delayed in filing suit and that delay caused material prejudice to the alleged infringer. *See Hair v. United States*, 350 F.3d 1253, 1257 (Fed. Cir. 2003) ("Even without a specific statutory bar to call into play, courts will impose a parallel bar—under the rubric of laches—in cases in which the plaintiff has failed to act in a reasonably prudent manner to protect and enforce rights, and when a perceived injustice to the defendant exists."). However, the authority to impose laches lies within the sound discretion of the district court. *See Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773 (Fed. Cir. 1995) ("Even if the elements of laches are established, however, a court need not bar a plaintiff's suit. The application of the laches defense is discretionary, and as an equitable matter, the district court is to look to all the facts and circumstances of the case and weigh the equities of the parties."). In determining whether or not to apply the defense of laches, the district court is obliged to look at all of the facts and circumstances surrounding the case. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (en banc) ("With its origins in equity, a determination of laches is not made upon the application of 'mechanical rules.' The defense, being personal to the particular party and equitable in nature, must have flexibility in its application. A court must look at all of the particular facts and circumstances of each case and weigh the equities of the parties." (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946))).

Looking to the totality of evidence presented in this case, the Court finds it inappropriate to limit ActiveVideo's damages based upon the principle of laches. The record fails to establish when ActiveVideo gained actual or constructive knowledge that the Verizon FiOS system infringed its patents. There is no evidence that ActiveVideo was aware of the inner workings of the FiOS system or that it had access to this privileged information. Even if Verizon had shown that ActiveVideo became aware of Verizon's alleged infringement in 2005, when FiOS launched, this showing would not give rise to the rebuttable presumption of laches as it is within the six year threshold. *See A.C. Aukerman*, 960 F.2d at 1032; *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1333 (Fed. Cir. 2009) (finding that the facts did not support a finding of laches where the delay was five years and did not give rise to a presumption of laches).

Furthermore, the Court finds that Verizon has not met the requisite showing of prejudice to entitle it to a defense of laches. Verizon argues that it has been prejudiced by loss of evidence relating to its license and release defense and economically prejudiced because it invested substantial resources into an infringing system. However, in light of the Court's ruling dismissing Verizon's license and release defense and the fact that Verizon has failed to demonstrate that it would have changed the design of its system had ActiveVideo brought suit earlier, the Court finds that Verizon has not sufficiently demonstrated prejudice to entitle it to a defense of laches. *Cf. ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1065 (Fed. Cir. 1995) (affirming the district court's finding of material prejudice where the accused infringer discontinued the sale of one model of its product based upon its belief that the product might infringe).

Accordingly, and for the reasons stated above, the Court, in its discretion, declines to bar

ActiveVideo's pre-suit damages based upon the equitable doctrine of laches. Thus, Defendants' Motion for Judgment as a Matter of Law on Laches is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 2, 2011

Nunc Pro Tunc
July 29, 2011