# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division



ACTIVEVIDEO NETWORKS, INC.,

    Plaintiff,

v.

CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

    Defendants.

## *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law of No Direct Infringement, pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law of No Direct Infringement is **DENIED**.

Verizon alleges that ActiveVideo has failed to prove that the Verizon FiOS system satisfies each and every limitation of the asserted claims, as required to establish direct infringement. Specifically, Verizon claims that ActiveVideo's patents require that the interface be generated in the network, whereas the Verizon FiOS system generates the interface in the set-top box. ActiveVideo counters that the issues raised by Verizon are really just disagreements that Verizon's expert has expressed with respect to ActiveVideo's infringement analysis.

1

Accordingly, ActiveVideo argues that the question of infringement should be left to the province of the jury.

The issue of infringement is a question of fact and the patentee bears the burden of proof to demonstrate that each and every element or step is present in the accused product or process. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011); *see also Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1349 (Fed. Cir. 2006) ("Whether a product falls within the literal scope of a properly construed claim is a question of fact, on which we accord a jury substantial deference."). In this case, the jury heard substantial evidence from both ActiveVideo's infringement expert, Dr. Schonfeld, and Verizon's expert, Dr. Reader, concerning the patented system and the manner in which the Verizon FiOS system does or does not infringe the asserted claims of ActiveVideo's patents. The primary dispute between the two experts essentially boiled down to whether the construction of the term "Information Service" required that the user interface be generated from within the network as opposed to at the set-top box.

Notwithstanding Verizon's arguments to the contrary, Dr. Schonfeld provided detailed testimony regarding how each and every limitation of the asserted claims is satisfied by Verizon's system. Although Dr. Reader presented testimony which contradicted that of Dr. Schonfeld, and it is true that the jury may choose to reject an expert's testimony, the jury is equally free to find Dr. Schonfeld's analysis credible over that of Dr. Reader. *See nCube Corp. v. Seachange, Int'l, Inc.*, 436 F.3d 1317, 1323 (Fed. Cir. 2006). Accordingly, the Court finds it inappropriate to take the issue of infringement away from the jury. Thus, Defendants' Motion for Judgment as a Matter of Law of No Direct Infringement is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 2, 2011

Nun Pro Tunc
July 29, 2011