

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ACTIVEVIDEO NETWORKS, INC.,

Plaintiff,

V.  CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

Defendants.

## *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law on Willfulness, pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court finds these matters ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law Regarding on Willfulness is **DENIED**.

First, Verizon alleges that ActiveVideo has failed to demonstrate an objectively high likelihood of infringement, as Verizon presented credible evidence of noninfringement and invalidity of ActiveVideo's asserted patents. Verizon further asserts that ActiveVideo has failed to present sufficient evidence to establish that Verizon knew of a high risk of alleged infringement or that such a high risk was obvious as required by *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Specifically, Verizon argues that ActiveVideo has failed to

1

introduce any evidence that Verizon had knowledge of ActiveVideo's patents; particularly, Verizon argues that ActiveVideo never informed Verizon that its actions constituted infringement of ActiveVideo's patents prior to the filing of the instant suit. Verizon further argues that ActiveVideo failed to produce sufficient evidence of copying to support a willfulness finding. In response to Verizon's contentions, ActiveVideo asserts that the evidence presented establishes that Verizon knew that ActiveVideo's system was patented, learned the inner workings of ActiveVideo's system through a series of meetings and presentations, and, after learning the details of ActiveVideo's technology, Verizon deployed a Video-on-Demand platform using an identical architecture and approach to that patented by ActiveVideo.

Whether Verizon's infringement, if any, of ActiveVideo's patents was willful is a question of fact. *See Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008). "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d at 1371. Accordingly, to prove willfulness, the patentee must satisfy a two-prong test: (1) that there was an "objectively high likelihood" of infringement; and (2) that the "objectively-defined risk" was either known or should have been known to the alleged infringer. "If the accused infringer's position is susceptible to a reasonable conclusion of no infringement, the first prong of Seagate cannot be

met." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011). However, even where the alleged infringer presents evidence of noninfringement and invalidity at trial, the jury should be left "free to decide for itself whether [the alleged infringer] reasonably believed there were any substantial defenses to a claim of infringement." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010). Accordingly, the Court finds that, even despite Verizon's presentation of its invalidity and non-infringement defenses, ActiveVideo introduced sufficient evidence for the jury to find the first prong of *Seagate* met.

Likewise, the Court finds sufficient evidence in the record to submit the issue of willfulness to the jury with respect to the subjective prong of *Seagate*. In this case, the jury heard substantial evidence that Verizon and ActiveVideo engaged in meetings and negotiations in which ActiveVideo presented demonstrations of its system and informed Verizon that ActiveVideo owned several patents relating to presented system. Although ActiveVideo failed to present evidence that it affirmatively informed Verizon of its patents and the manner in which Verizon was alleged to have been infringing those patents, a reasonable jury could conclude, based on the totality of the evidence presented, that Verizon knew that ActiveVideo's system was patent protected and deliberately learned about ActiveVideo's technology, but failed to license ActiveVideo's system. Resolution of whether Verizon employed ActiveVideo's system when engineering the allegedly infringing Verizon FiOS system or merely abandoned the collaboration for other reasons is best left to the province of the jury. Furthermore, ActiveVideo presented evidence regarding the substantial similarities between the Verizon FiOS system and ActiveVideo's patented system. Such circumstantial evidence regarding access and similarity would be sufficient to support a jury's finding of willfulness under the subjective prong of

*Seagate. See, e.g., i4i Ltd. P'ship*, 598 F.3d at 860 (holding that where the jury heard evidence that Microsoft attended demonstrations of i4i's patented software and knew that the software was patent protected, as well as evidence of the highly similar functionality between the patented software and Microsoft's product, it was reasonable for the jury to conclude that both the objective and subjective prongs of Seagate had been satisfied). Accordingly, the Court finds that there is sufficient evidence to submit the issue of willfulness to the jury. Therefore, Defendants' Motion for Judgment as a Matter of Law on Willfulness is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August  , 2011

Nunc Pro Tunc
July 29, 2011