**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON VIRGINIA INC. AND VERIZON SOUTH INC.,<br><br>Defendants/Counterclaim-Plaintiffs. | Civil Action No. 2:10-cv-248 RAJ/DEM |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST AND DAMAGES FOR DEFENDANTS' CONTINUING INFRINGEMENT**

**I.   INTRODUCTION**

A prevailing plaintiff in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. ActiveVideo Networks, Inc. ("ActiveVideo") moves this Court for an award in accordance with Section 284 that includes prejudgment interest, post-judgment interest, and reasonable royalty damages for infringement of ActiveVideo's patents by Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc. and Verizon South Inc. (collectively, "Verizon") for the entire period of infringement, including from March 2011 through entry of judgment.

ActiveVideo is presumptively entitled to prejudgment interest on the damages awarded. As the Supreme Court stated in *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983), "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." In this case, no justification exists for departing from the principle that

prejudgment interest "is the rule, not the exception" and "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996); *see also Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009) ("[w]hen a patentee asserts a patent claim that is held to be valid and infringed, prejudgment interest is generally awarded."). Indeed, only with the award of prejudgment interest will ActiveVideo receive a complete remedy for defendants' infringement of ActiveVideo's patents. Consistent with decisions in numerous other patent infringement cases, ActiveVideo requests that the Court award prejudgment interest at the prime rate compounded quarterly from the start of infringement (*i.e.,* no later than January 2006) until August 2, 2011, the date judgment was entered. *See Nickson Industries, Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("[g]enerally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").

In addition, ActiveVideo asks the Court to award post-judgment interest from August 2, 2011, the date of entry of the judgment. By statute, 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System . . . ." *Id*. The "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b).

Finally, ActiveVideo requests an accounting to determine the reasonable royalty damages to which ActiveVideo is entitled for Verizon's infringement after the period for which Verizon provided discovery. As many courts have recognized, a "patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any

periods of infringement not covered by the jury verdict." *TiVo Inc. v. Echostar Communs. Corp.*, 2006 U.S. Dist. LEXIS 64291 (E.D. Tex. Aug. 17, 2006).

In this case, such an accounting is needed because Verizon produced FiOS TV subscriber information only through March 2011. The damages calculation presented at trial by Mr. Wagner was based on this subscriber data. Trial Tr. at 1017:14-1018:25.[1] As such, a gap of more than four months exists between the produced subscriber information and the jury verdict. In accordance with the jury findings of infringement and damages, ActiveVideo should be awarded damages for Verizon's post-discovery infringement along with prejudgment and post-judgment interest on those damages. To deny ActiveVideo's Motion for an accounting would be to allow Verizon to "evade its obligation to pay damages for the remainder of the period of infringement and would contradict the patent law's purpose of compensating patent holders for the damage suffered due to infringement." *Mikohn Gaming Corp. v Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, *63 (D. Nev. Aug. 2, 2001). To the extent that Verizon does not supplement its FiOS TV subscriber data for the months after March 2011, ActiveVideo should be permitted to use Mr. Wagner's estimate of this data to determine the appropriate damages resulting from Verizon's post-discovery infringement.

## II. BACKGROUND

On August 2, 2011, after a trial that spanned three weeks, the jury determined that Verizon infringed ActiveVideo's '578, '678, '883, and '582 patents ("ActiveVideo's asserted

---

[1] Q. And did you do a royalty calculation based upon the rates that you -- your $2.25 rate.
A. I did.
Q. And how did you arrive at that number?
A. Again, using Verizon's documents as to the average number of subscribers per month during the period of damages which began in 2006 through March 31st, 2011, that there is an average or a total of 101,578,765 subscriber months times the royalty rate of $2.25 gives total damages of $228,552,221.

Trial Tr. 1018:16-25.

patents"). Verdict Form, Aug. 2, 2011 [D.E. 927]. The jury awarded ActiveVideo damages of $115,000,000. *See id.* The jury's award did not include interest.

This verdict was in response to ActiveVideo's evidence that Verizon infringed ActiveVideo's asserted patents beginning in September 2005, when Verizon launched its FiOS TV service which offers video-on-demand ("VOD") and widgets over the accused delivery platform. Final Pretrial Order, ¶ 27. At trial, ActiveVideo presented its damages case to the jury primarily through the testimony of Michael Wagner. Mr. Wagner testified that damages should be calculated using a "reasonable royalty" methodology where a royalty rate is determined based on a hypothetical negotiation, and then that rate is applied to a base comprised of defendants' profits from offering VOD. Trial Tr. at 969:11-970:03; 1000:06-1002:09. Mr. Wagner determined the royalty base, in part, by reference to defendants' responses to ActiveVideo's discovery requests, which sought data on defendants' subscribers to FiOS TV. *Id.* at 1000:06-08. By the time of trial, however, Verizon had provided subscriber data for its infringing products only through March 2011. *Id.* at 1002:05-09. Accordingly, the damages calculation presented to the jury did not include damages for Verizon's infringing sales for the entire damages period. Thus, because Verizon's discovery responses were not brought current during the trial, the jury's damages award does not reflect all of Verizon's infringing conduct and does not fully compensate ActiveVideo for Verizon's infringement.

### III. ARGUMENT

#### A. ActiveVideo Is Entitled To An Award of Prejudgment Interest.

As the successful patent holder in a patent infringement action, ActiveVideo is entitled to prejudgment interest on the money damages awarded. The Supreme Court has held that "[i]n the typical [patent infringement] case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer

4

entered into a reasonable royalty agreement." *General Motors*, 461 U.S. at 655. Thus, "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award, [and] a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion." *Id*. at 657. Here, no justification exists for denying prejudgment interest, and ActiveVideo is entitled to prejudgment interest calculated from the date infringement began, January 2006, to the date of judgment, August 2, 2011.[2] *See Nickson Indus. v. Rol Manufacturing Co.*, Ltd., 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").

When awarding prejudgment interest, "[t]he rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). "In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest," which is to fully compensate the patent holder for use of funds it would have had but for the defendant's infringement. *Id*. "The merits of the infringer's challenges to the patent are immaterial in determining the amount of prejudgment interest." *Id*. Here, conservatively, prejudgment interest should be awarded at the prime rate during the period of infringement, compounded quarterly.

In patent cases, district courts have regularly awarded prejudgment interest at the prime rate. *See, e.g. Telecomm. Sys. v. Mobile 365, Inc.,* 2007 U.S. Dist. LEXIS 99156 at * 5 (E.D. Va. Sept. 4, 2007) (awarding the patent owner "prejudgment interest at the prime rate plus 1.00% compounded quarterly."); *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 472 (D. Del. 2006) ("prejudgment interest should be calculated at the prime rate compounded

---

[2] Although Verizon launched FiOS TV in September 2005, Trial Tr. at 1024:19-21, the damages period in Mr. Wagner's report and trial testimony begins in January 2006.

quarterly"); *Applera Corp. v Micromass UK, Ltd.*, 204 F. Supp. 2d 724, 783 (D. Del. 2002) (concluding that "prejudgment interest, based on the prime rate and calculated quarterly, is reasonable"); *Maxwell v. J. Baker, Inc.,* 879 F. Supp 1007, 1009 (D. Minn. 1995) ("The court finds that an award of prejudgment interest at the prime rate . . . will adequately compensate Maxwell for the loss of the use of her money over time."), *aff'd in part, rev'd in part, vacated in part and remanded*, 86 F.3d 1098 (Fed. Cir. 1996); *Voda v. Cordis Corp.*, 2006 U.S. Dist. LEXIS 63623 (W.D. Okla. Sept. 5, 2006) (selecting the prime rate over defendant's proposal to use the three-month or one year Treasury bill rate, because "the purpose of prejudgment interest is to make plaintiff whole by compensating him for the loss of use of the money owed him."). Further, the Federal Circuit has made it clear that there is no "'rule' requiring . . . proof of borrowing at or above [the] prime [interest rate], for a plaintiff to be entitled to an award of prejudgment interest at the prime rate." *Studiengesellschaft Kohle, M.B.H. v. Dart Indus.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988).

District courts have routinely held that the prejudgment interest awarded to the patent holder should be compounded, for example "because the incremental profits [the patent holder] would have earned on the lost sales over the infringement period would have been invested in a manner resulting in yearly accrued growth." *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp 751, 833 (E.D.N.Y. 1995). Frequently, courts have determined to compound prejudgment interest quarterly. *See, e.g., Studiengesellschaft*, 862 F.2d at 1580 (it was not outside the district court's discretion to award prime rate compounded quarterly "despite the paucity of evidence on [the] issue"); *Telecomm. Sys.,* 2007 U.S. Dist. LEXIS 99156 at *5 (prejudgment interest compounded quarterly); *Tristrata Tech.*, 423 F. Supp. 2d at 472 (same); *Applera Corp. v Micromass UK, Ltd.*, 204 F. Supp. 2d at 783 (same). Indeed, more frequent

compounding also has been utilized, including monthly compounding, *Mendenhall v. Barber-Greene Co.*, 1990 U.S. Dist. LEXIS 13314 (N.D. Ill. Oct. 5, 1990), and even daily compounding. *Trans-World Manufacturing Corp. v. Al Nyman & Sons, Inc.*, 633 F. Supp. 1047, 1057 (D. Del. 1986) ("only daily compounding complies with the *General Motors* mandate to place the patent holder 'in as good a position as he would have been in' had the parties negotiated a royalty agreement" and "[d]aily compounding of prejudgment interest on a damages award for patent infringement similarly will conform to commercial practice and provide the patent holder with adequate compensation for foregone royalty payments – *i.e.*, the interest the patent holder could have earned had royalties been paid at the time of infringement").

Here, an award of prejudgment interest is necessary to fully compensate ActiveVideo for the damages caused by Verizon's infringement, and ActiveVideo's lack of use of the royalty payments that should have been made since January 2006. ActiveVideo therefore seeks an award of prejudgment interest calculated at the prime rate and compounded quarterly for the damages award for infringing sales beginning in January 2006 and continuing until August 2, 2011, the date judgment was entered.

As explained further below, ActiveVideo seeks an accounting of reasonable royalties for infringement in periods after those for which discovery was provided, *i.e.*, after March 2011. However, to the extent that Verizon does not supplement its FiOS TV subscriber data for the months after March 2011, ActiveVideo should be permitted to use Mr. Wagner's estimate of this data based on prior months. In particular, Mr. Wagner estimated Verizon's average billable accounts for April 2011 through August 2, 2011. Based on this estimate, the total prejudgment interest due on the infringement from January 2006 to August 2, 2011 is $6,687,550. Declaration of Michael J. Wagner in Support of Plaintiff's Motion for an Award of Prejudgment

Interest, Post-Judgment Interest, and Damages for Defendants' Continuing Infringement ("Wagner Decl."), at ¶ 4, Exh. 1.

### B. ActiveVideo Is Entitled To An Award of Post-Judgment Interest.

As a party awarded a money judgment, ActiveVideo is entitled by statute to post-judgment interest. 28 U.S.C. § 1961(a). Section 1961 provides in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the coupon issue yield equivalent . . . of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

*Id*. Post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 939 (E.D. Va. 2000) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)). Further, an award of post-judgment interest applies to all the elements of the judgment, including to prejudgment interest. *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1031 (4th Cir. Va. 1993) ("awarding post-judgment interest on the entire amount the court awarded …, including prejudgment interest, most closely comports with the purpose of postjudgment interest articulated by the Supreme Court.").

Post-judgment interest should accrue on the judgment, including prejudgment interest and any further damages resulting from an accounting, until the money judgment is satisfied. At this point, because the date of Verizon's satisfaction of the judgment is not yet known, ActiveVideo requests only an award confirming its entitlement to post-judgment interest, not a particular amount.

### C. ActiveVideo Is Entitled To An Accounting and Award of Reasonable Royalty Damages for Defendants' Post-Discovery Infringement.

ActiveVideo is entitled to a damages remedy to compensate for the infringement that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Courts have recognized that the only way to provide a complete remedy for defendant's use of the patented invention is through an accounting following a jury verdict of infringement. *See TiVo Inc. v. Echostar Communs. Corp.*, 2006 U.S. Dist. LEXIS 64291 (E.D. Tex. Aug. 17, 2006) ("patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict.") (citing *Stryker Corp. v. Davol, Inc.*, 75 F. Supp. 2d 746 (W.D. Mich. 1999), *aff'd*, 234 F.3d 1252). By now, a post-judgment accounting in patent infringement actions "appear[s] to be standard practice." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, *52 (D. Nev. Aug. 1, 2001). As the *Mikohn* court further noted, "Federal Rule of Civil Procedure 62(a) makes clear that Congress contemplated accountings in patent actions. That rule provides that 'a judgment or order directing an accounting in an action for infringement of letters patent' shall not be stayed pending appeal." *Id.* at *53-54 (citing Fed. R. Civ. P. 62(a)). The court reasoned that "Congress's provision regarding accountings in patent actions evidences its intent that accountings will at times be ordered." *Id.*

In view of these factors, the *Mikohn* court held that "[i]n order to fulfill the mandate of 35 U.S.C. § 284 that the damages award shall not be 'less than a reasonable royalty for the use made of the invention by the infringer,' it is necessary for [the patent owner] to be provided with information to calculate a reasonable royalty for the entire period of infringement." *Id*. at *56. The *Mikohn* court then held that "[t]o deny the [patent holder's] Motion for an Accounting would be to allow [the patent infringer] to evade its obligation to pay damages for the remainder

9

of the period of infringement and would contradict the patent law's purpose of compensating patent holders for the damage suffered due to infringement." *Id.* at \*63; *see also Maxwell*, 879 F. Supp. at 1011 (district court recognized that the prevailing patentee was "entitled to an accounting" for the period from the most recent sales data available to the jury at trial through the date the injunction was entered).

In this case, the jury's damages award was based on the sales data through March 2011 that defendants had provided prior to trial. Consequently, the jury's verdict omitted more than four months of defendants' infringing sales. In order to award the minimum relief mandated by Section 284, this Court should grant ActiveVideo's motion for an accounting of Verizon's FiOS TV subscriber accounts to the date of the judgment. Verizon should be ordered to produce FiOS TV subscriber information for these periods in the same form as comparable information was produced in response to ActiveVideo's discovery requests. The royalty base should then be determined using the methodology explained by Mr. Wagner at trial. *See* Trial Tr. at 1018:16-25. Finally, the reasonable royalty rate for the additional infringing conduct by Verizon should be $1.13 per subscriber. This rate is derived directly from the damages awarded by the jury. *See* Wagner Decl. at ¶ 3; *see also TiVo Inc.*, 2006 U.S. Dist. LEXIS 64291, \*7 ("[s]upplemental damages are calculated consistent with the damages awarded in the jury verdict.")

Alternatively, to the extent that Verizon does not supplement its FiOS TV subscriber data for the months after March 2011, ActiveVideo should be permitted to use Mr. Wagner's estimate of this data based on prior months. In particular, Mr. Wagner estimated Verizon's average billable accounts for April 2011 through August 2, 2011 using Defendants' actual subscriber data for prior months. Based on these estimates, damages from Verizon's infringing conduct during this post-discovery period amounts to $17,734,212. Wagner Decl. at ¶ 4. In addition, based on

these estimates, the total prejudgment interest due on the infringement from January 2006 to August 2, 2011 is $6,687,550. *See id.* Accordingly, using these estimates and Defendants' actual subscriber data, ActiveVideo's total pre-judgment damages amounts to $139,421,762. *Id.*

## IV.   CONCLUSION

For each of the foregoing reasons, the Court should award prejudgment interest and post-judgment interest on the damages awarded by the jury, should order an accounting of Verizon's entire infringing sales through judgment, and should award a reasonable royalty and interests on those additional sales.

Dated:  August 8, 2011                                                            Respectfully submitted,

  /s/ *Stephen E. Noona*
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone : (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon
(Virginia State Bar No. 36308)
David M. Morris
(Virginia State Bar No. 30146)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com
dmorris@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman

**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Gregory N. Stillman
>(Virginia State Bar No. 14308)
>Brent L. VanNorman
>(Virginia State Bar No. 45956)
>**HUNTON & WILLIAMS, LLP**
>500 E. Main Street, Suite 1000
>Norfolk, VA 23514
>Telephone: (757) 640-5314
>Facsimile: (757) 625-7720
>gstillman@hunton.com
>bvannorman@hunton.com

>Brian M. Buroker
>(Virginia State Bar No. 39581)
>Bradley T. Lennie
>Justin T. Arbes
>**HUNTON & WILLIAMS, LLP**
>1900 K Street, NW
>Washington, DC 20006
>Telephone: (202) 955-1500
>Facsimile: (202) 778-2201
>bburoker@hunton.com
>blennie@hunton.com
>jarbes@hunton.com

>Henry B. Gutman
>Lisa H. Rubin
>**SIMPSON THACHER & BARTLETT LLP**
>425 Lexington Avenue
>New York, New York 10017
>Phone: (212) 455-2000
>Fax: (212) 455-2502
>hgutman@stblaw.com
>lrubin@stblaw.com

>*Counsel for Defendants*

    */s/ Stephen E. Noona*
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

11228602_1.DOC