**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

_____ )
                                        )
**ACTIVEVIDEO NETWORKS, INC.,**    )
                                        )
           **Plaintiff,**            )
                                        )
**v.**                                 )   **Case No. 2:10-cv-00248-RAJ-DEM**
                                        )
**VERIZON COMMUNICATIONS INC.,**  )
**VERIZON SERVICES CORP.,**     )
**VERIZON VIRGINIA INC., and**     )
**VERIZON SOUTH INC.,**         )
                                        )
          **Defendants.**          )
_____ )

**MEMORANDUM IN SUPPORT OF VERIZON'S EXPEDITED MOTION TO WAIVE,
OR IN THE ALTERNATIVE TO APPROVE, A SUPERSEDEAS BOND
AND TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

**I.     INTRODUCTION**

On August 2, 2011, this Court entered judgment pursuant to Federal Rule of Civil

Procedure 58 in favor of ActiveVideo Networks, Inc. ("ActiveVideo") for $115 million, plus

costs, and in favor of Verizon Communications Inc., Verizon Services Corp., Verizon Virginia

Inc., and Verizon South Inc. (collectively "Verizon"), for $16,000, plus costs.  At that time, the

Court recognized that the parties would be filing substantial post-trial motions and, potentially,

lodging an appeal with the Federal Circuit.  _See_ Trial Tr. at 2963:9-14; 2964:18-21.

Verizon promptly requested that ActiveVideo agree to extend the automatic stay of

execution of judgment to accommodate the parties' post-trial briefing schedule and to waive the

supersedeas bond.  ActiveVideo refused both requests, and Verizon filed a notice of appeal.

Pursuant to Federal Rule of Civil Procedure 62(d), Verizon is entitled to a stay of execution of

the judgment pending appeal as a matter of right.  However, because there is no credible question

about Verizon's capacity to pay the judgment, Verizon requests that the Court waive the requirement of a supersedeas bond—which will cost about $316,250 annually to maintain during the course of an appeal—and enter a stay of execution of the judgment pending appeal.  Waiving the bond requirement would also be in ActiveVideo's interest because, under Local Civil Rule 62(B), ActiveVideo will be taxed with the cost of the bond if Verizon is successful on appeal. Alternatively, Verizon requests that the Court approve the supersedeas bond that Verizon has obtained, which sufficiently protects ActiveVideo's ability to collect on the judgment should Verizon's appeal prove unsuccessful, and enter a stay of execution of the judgment pending appeal.

A stay is appropriate here.  Verizon's appeal is directed to the heart of ActiveVideo's right to recover the judgment:  whether Verizon infringes the ActiveVideo asserted patents; whether those patents are valid and enforceable; whether Verizon has a valid license and release; and whether there is any sustainable basis for the damage award.  There is also no question about Verizon's credit-worthiness regarding the damages award rendered by the jury or about Verizon's ability to pay the judgment to ActiveVideo.  Verizon is as solvent or more so than any company that issues appeal bonds.  ActiveVideo, in contrast, subsists on monthly funding from outside investors.  Trial Tr. at 394:5-13.  Should the stay be denied and Verizon ordered to transfer the judgment amount to ActiveVideo, Verizon may very well be unable to recover the judgment from ActiveVideo following a successful appeal.

Verizon respectfully requests that the Court act on this request by August 15, 2011, before the automatic stay expires.  If Verizon is required to post the bond with the Court, it will be charged at least one-half of the annual premium, or about $158,125, regardless of whether Verizon is subsequently authorized to withdraw it.

2

## II.   ARGUMENT

The purpose of a bond on appeal under Federal Rule of Civil Procedure 62(d) is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979); *see also Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999); *CapitalSource Finance LLC v. Pittsfield Weaving Co., Inc.*, Civil Action No. AW-06-2028, 2008 WL 3850385, at *1 (D. Md. March 7,2008).  A party is entitled to a stay of execution of a damages judgment pending appeal "as a matter of right" by posting a supersedeas bond sufficient to secure its ability to pay the judgment.  *See Alexander*, 190 F.R.D. at 192-93 (citing *Poplar Grove*, 600 F.2d at 1190-91); Fed. R. Civ. P. 62(d).  However, the Court retains discretion to stay a judgment pending appeal without requiring a supersedeas bond that secures the full amount of the judgment.  *Alexander*, 190 F.R.D. at 192-93; *see CapitalSource Finance*, 2008 WL 3850385 at *2; *see also* Wright, Miller & Kane, Fed. Practice & Procedure: Civil 2d § 2905.  A supersedeas bond in the amount of the entire judgment may not be necessary "when a judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal."  *Alexander*, 190 F.R.D. at 192-93; *see CapitalSource Finance*, 2008 WL 3850385 at *2.  In such circumstances, courts are "free to exercise discretion to fashion some other arrangement for substitute security."  *Alexander*, 190 F.R.D. at 192-93.

Following the Court's entry of judgment, Verizon requested that ActiveVideo consent to an extension of the automatic stay of execution for fourteen days to allow the parties to submit their forthcoming post-trial briefing, which would allow Verizon to move the Court for a stay of execution of the judgment under Rule 62(b).  Verizon also requested that ActiveVideo waive any bond.  There is no doubt that Verizon can satisfy the judgment.  Verizon has over $6.2 billion

dollars in cash and cash equivalents on hand and a $6.1 billion line of credit according to its most recent 10-Q filing.  *See* Decl. of Sheila L. Small ("Small Decl.") ¶ 2, Ex. A.  With this motion, Verizon has filed the Declaration of Sheila L. Small, Assistant Treasurer of Verizon Communications Inc., verifying Verizon's ability to satisfy the judgment, and should the bond requirement be waived, Verizon is prepared to serve verifications regularly during the appeal period to assure ActiveVideo of Verizon's continuing ability to pay.  Moreover, ActiveVideo would be responsible for the substantial cost of the bond should Verizon prevail on appeal under Local Civil Rule 62(B), so waiving the bond is to ActiveVideo's benefit as well.  ActiveVideo summarily rejected Verizon's requests, refusing to extend the automatic stay or to stipulate that a bond was unnecessary.  As a result, to protect its own interests pending appeal, Verizon has determined that the cost of obtaining a supersedeas bond for the amount of the judgment is approximately $316,250 per year.  *See* Small Decl. ¶ 4.

Verizon respectfully requests that the Court waive the imposition of a supersedeas bond to avoid the unnecessary expense of maintaining the bond on either party before the expiration of the automatic stay on Tuesday, August 16.  If Verizon is required to post the bond with the Court, it will be charged at least one-half of the annual premium, or about $158,125, regardless of whether Verizon is subsequently able to withdraw it.  *See id.*  In the alternative, Verizon respectfully requests that the Court approve the amount of the supersedeas bond tendered by Verizon.

A.      REQUIRING A SUPERSEDEAS BOND IN THIS CASE IS UNWARRANTED

A party is entitled to a stay pending appeal as a matter of right where a damages judgment is secured by a supersedeas bond.  Fed. R. Civ. P. 62(d).  However, the district court maintains the discretion to condition an appeal on the filing of "a bond or . . . other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7; Local

Civ. R. 62(B) (encouraging parties to stipulate to a security other than a supersedeas bond).  "[A]

full bond may not be necessary . . . when the judgment debtor can currently easily meet the

judgment and demonstrates that it will maintain the same level of solvency during appeal," and,

in that case, the court may "substitute some form of guaranty of judgment responsibility for the

usual supersedeas bond."  *Alexander*, 190 F.R.D. at 192-93 (citing *Poplar Grove*, 600 F.2d at

1190-91).  In fact, this district's local rules underscore the importance of utilizing such

alternative arrangements if they are able to adequately safeguard the judgment creditor's interests

by explicitly stating that "the premium of any bond will be taxed as part of the costs" against the

prevailing party in the event of a reversal.  Local Civ. R. 62(B).

    While the Fourth Circuit has not yet adopted a particular standard, several district courts

within the Fourth Circuit have relied on the tests articulated by the other Circuit Courts of

Appeal for determining when the requirement of a supersedeas bond may be waived.  *See*

*Alexander*, 190 F.R.D. at 192 n.7, 193; *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D.

456, 458-59 (D.S.C. 2006).  In assessing whether a bond is necessary to safeguard the judgment

creditor's interests during a stay, courts have examined whether "the defendant's ability to pay

the judgment is so plain that the cost of the bond would be a waste of money."  *See, e.g.*,

*Alexander*, 190 F.R.D. at 193; *see also Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786

F.2d 794 (7th Cir. 1986) (upholding district court's waiver of a supersedeas bond); *Poplar*

*Grove*, 600 F.2d at 1190-91.  Courts have also highlighted additional factors such as the

complexity of the collection process, the amount of time required to obtain a judgment if it is

affirmed on appeal, the degree of confidence the district court has in the availability of funds to

satisfy the judgment, and whether the defendant is in a precarious financial situation.  *Southeast*

*Booksellers*, 233 F.R.D. at 458-59; *see Dillon v. Chicago*, 66 F.3d 902, 904-05 (7th Cir. 1989)

(finding that waiver of supersedeas bond was proper); *N. Indiana Pub. Serv. v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir. 1986) (waiving the bond where the appellant was a solvent public utility with a net worth well in excess of the damages judgment entered against it); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (waiving supersedeas bond where the appellant's net worth was 47 times the judgment amount).

Here, it is undisputed that Verizon's "ability to pay the judgment is so plain that the cost of the bond would be a waste of money."  Verizon is a prominent Fortune 500 company with a substantial presence in the Commonwealth of Virginia and substantial liquidity.  According to Verizon's most recent SEC filing, Verizon has over $6.2 billion dollars in cash and cash equivalents on hand and a $6.1 billion line of credit.  Small Decl. ¶ 2, Ex. A at 2, 10 (Verizon's 10-Q Filing (July 28, 2011)).  Even with a potential judgment of over $115 million, Verizon is indisputably in a position to satisfy the judgment promptly should ActiveVideo prevail on appeal.  Further, Verizon has submitted a verification regarding its present ability to satisfy the judgment, *see* Small Decl. ¶¶ 2-3, and is prepared to provide periodic verifications for the Court's and ActiveVideo's benefit.  *See i4i Ltd. P'ship v. Microsoft Corp.*, Civ. A. No. 6:07-CV-113 LED, Dkt. No. 419 (E.D. Tex. Aug. 20, 2009) (approving stay of execution of judgment pending appeal with a letter verification of ability to satisfy judgment).

Further, waiving the requirement of the bond is in the interests of both parties. ActiveVideo can clearly collect judgment from Verizon absent a supersedeas bond.  Waiving the supersedeas bond would prevent wasteful expenditure on Verizon's behalf during the pendency of the appeal.  Moreover, should Verizon prevail on appeal, ActiveVideo would not have to bear the substantial premium of maintaining the supersedeas bond throughout the appeal.  *See* Local Civ. R. 62(B) ("The prevailing party in the District Court should seriously consider this

subdivision as, in the event of a reversal, the premium of any bond will be taxed as part of the costs.").

**B.   IN THE ALTERNATIVE, VERIZON'S TENDERED SUPERSEDEAS BOND IS SUFFICIENT AND SHOULD BE APPROVED**

Where a party posts a supersedeas bond sufficient to secure a damages judgment, stay of execution is not discretionary, but is "automatic." *Becker v. U. S.*, 451 U.S. 1306, 1308 (U.S. 1981). Because such stays are a matter of right under Federal Rule of Civil Procedure 62(d), the only condition that must be met is the Court's approval of the sufficiency of the supersedeas bond. Verizon has obtained such a bond, and the obligation to pay for it becomes ripe when it is formally posted with the Court. *See* Decl. of Gregory Stillman, Ex. A.

The Court here entered judgment in favor of ActiveVideo for $115 million and costs.[1] At the present time, no costs have been taxed, and Verizon has confirmed its ability to obtain a supersedeas bond that is sufficient to maintain the status quo pending appeal. Should ActiveVideo be awarded any additional amounts post-trial, Verizon can supplement the amount of the bond at that time. The bond also meets all relevant statutory requirements. Liberty Mutual Surety is the second-largest surety writer in the United States, is licensed to do business in Virginia, and holds a certificate of authority from the Secretary of the Treasury of the United States in compliance with the statutory requirements pursuant to 31 U.S.C. §§ 9304-9306 and Local Civil Rule 65(A). *Id.*, Exs. B, C. Thus, in the event that the Court decides not to waive the supersedeas bond, the amount and nature of the tendered supersedeas bond are sufficient to reliably secure ActiveVideo's interests in the judgment and should be approved.

---

[1] Verizon also objects to the inclusion of an award of costs to ActiveVideo in the entered judgment, and respectfully requests that the Court amend the judgment to have each party bear its own costs.

## III.   CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court waive the requirement of a supersedeas bond, accept Verizon's verification of its ability to satisfy the judgment, and enter a stay of execution of the judgment pending appeal.  Alternatively, Verizon requests that the Court approve the tendered supersedeas bond, which is clearly sufficient to secure ActiveVideo's interests during appeal, and enter a stay of execution of the judgment pending appeal.  Further, if the Court should amend the judgment at a later date, Verizon respectfully requests the Court to extend the stay of execution of any amended judgment for fourteen days to allow Verizon an opportunity to tender a supersedeas bond that reflects the revised judgment amount.

Dated:  August 12, 2011                    Respectfully submitted,

**VERIZON COMMUNICATIONS INC.,**
**VERIZON SERVICES CORP.,**
**VERIZON VIRGINIA INC.** and
**VERIZON SOUTH INC.**


_____/s/_____
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker (VSB # 39581)
Bradley T. Lennie *(Pro Hac Vice)*
Justin T. Arbes *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue, NW
Washington, DC  20037
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman (*Pro Hac Vice*)
Patrick E. King (*Pro Hac Vice*)
Noah M. Leibowitz (*Pro Hac Vice*)
Jason M. Bussey (*Pro Hac Vice*)
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
hgutman@stblaw.com
pking@stblaw.com
nleibowitz@stblaw.com
jbussey@stblaw.com

John Thorne *(Pro Hac Vice to be submitted)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
1320 North Courthouse Road
Arlington, VA  22201
Telephone:  (703) 351-3900
Facsimile:  (703) 351-3670
john.thorne@verizon.com

Leonard C. Suchyta *(Pro Hac Vice)*
John P. Frantz (VSB #41450)
Caren K. Khoo *(Pro Hac Vice)*
**VERIZON CORPORATE RESOURCES GROUP LLC**
One Verizon Way
Basking Ridge, NJ 07920
Telephone:  (908) 559-5623
Facsimile:  (908) 766-6974
leonard.suchyta@verizon.com
john.frantz@verizon.com
caren.khoo@verizon.com

Michael K. Kellogg (*Pro Hac Vice*)
Mark C. Hansen (*Pro Hac Vice*)
**KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mkellogg@khhte.com
mhansen@khhte.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

Stephen E. Noona (VSB #25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA  23514
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon (VSB #36308)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
nmccutcheon@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
Michael F. Carr
Lorraine M. Casto
Jason Gettleman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Telephone:  (650) 843-4000
Facsimile:  (650) 843-4001
djjohnson@morganlewis.com
mlyons@morganlewis.com
dbregman@morganlewis.com
ahoffman@morganlewis.com
mcarr@morganlewis.com
lcasto@morganlewis.com
jgettleman@morganlewis.com

Brett M. Schuman
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
bschuman@morganlewis.com

*Counsel for Plaintiff*


/s/
Gregory N. Stillman (VSB #14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com

*Counsel for Defendants*