IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
AUG 17 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ACTIVEVIDEO NETWORKS, INC.,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

    Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law of Validity of U.S. Patent No. 6,169,542; and Motion for Judgment as a Matter of Law that U.S. Patent No. 7,561,214 is Not Invalid, both pursuant to Federal Rule of Civil Procedure 50(a). Having carefully reviewed the Parties' pleadings, the Court ruled from the bench regarding Defendants' Motions on July 29, 2011. The reasons for the Court's rulings are set forth more fully below. For the reasons stated herein, Defendants' Motion for Judgment as a Matter of Law of Validity of U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law that U.S. Patent No. 7,561,214 is Not Invalid are both **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On May 27, 2010, Plaintiff ActiveVideo Networks, Inc. ("ActiveVideo"), filed suit in the

1

United States District Court for the Eastern District of Virginia against Verizon alleging patent infringement and seeking to enjoin Verizon from infringing certain patents that ActiveVideo owns and to recover monetary damages for previous infringement. On December 2, 2010, Verizon filed an Answer to ActiveVideo's First Amended Complaint and First Amended Counterclaims against ActiveVideo, seeking, *inter alia*, declaratory judgments of non-infringement and invalidity of ActiveVideo's asserted patents and alleging ActiveVideo's infringement of several patents owned by Verizon. In response, ActiveVideo filed an Answer to Defendant's First Amended Counterclaims and ActiveVideo's First Amended Counterclaims on December 16, 2010 alleging invalidity and non-infringement of the patents that Verizon asserted against it.

On July 12, 2011, a jury trial was held in the United States District Court for the Eastern District of Virginia on ActiveVideo and Verizon's claims of infringement and invalidity. During the trial, ActiveVideo asserted infringement of four of its patents: United States Patent Nos. 5,550,578 (the "'578 patent"), 6,100,883 (the "'883 patent"), 6,034,678 (the "'678 patent"), and 6,205,582 (the "'582 patent"). Similarly, Verizon asserted infringement of two of its patents: United States Patent Nos. 6,169,542 (the "'542 patent") and 7,561,214 (the "'214 patent"). Specifically, Verizon asserted ActiveVideo's infringement of Claim 1 of the '542 patent and Claim 9 of the '214 patent. During the course of the trial, ActiveVideo presented evidence, through the expert testimony of Dr. Diana Hawkins Manuelian, that each of the asserted claims of Verizon's patents were anticipated by prior art. On July 29, 2011, at the close of all the evidence pertaining to its counterclaims, Verizon filed the instant Motion for Judgment as a Matter of Law of Validity of U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of

Law that U.S. Patent No. 7,561,214 is Not Invalid. On July 29, 2011, after thoroughly consideration, the Court granted both of Verizon's Motions.

## II. LEGAL STANDARDS

### A. Judgment as a Matter of Law

A district court may grant a motion for judgment as a matter of law if the nonmoving party has been fully heard on an issue and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. *See* Fed. R. Civ. P. 50(a); *see also Wheatley v. Wicomico Cnty., Md.*, 390 F.3d 328, 332 (4th Cir. 2004) ("Such a motion [for judgment as a matter of law] is properly granted 'if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof.'" (quoting *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995))). In considering a motion for judgment as a matter of law, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in his favor without weighing the evidence or the witnesses' credibility." *Baynard v. Malone*, 268 F.3d 228, 234-35 (4th Cir. 2001). However, "[t]he party bearing the burden of proof must produce genuine evidence that creates a fair doubt; 'wholly speculative assertions will not suffice.'" *Bongam v. Action Toyota, Inc.*, 14 Fed. App'x 275, 280 (4th Cir. 2001) (citation omitted); *see also Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1249 (4th Cir. 1996) ("The movant is entitled to judgment as a matter of law 'if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof.'" (citation omitted)).

### B. Anticipation

An accused infringer challenging the validity of a patent claim must prove anticipation by

clear and convincing evidence. *See Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). An invention is anticipated under 35 U.S.C. § 102 where, *inter alia*, it was "known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent," § 102(a), or it was described in "an application for patent, published under section 122 (b), by another filed in the United States before the invention by the applicant for patent" or "a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent," § 102(e). However, "[t]o be anticipating, a prior art reference must disclose 'each and every limitation of the claimed invention[,] ... must be enabling[,] and [must] describe ... [the] claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention.'" *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000) (internal citations omitted).

### III. DISCUSSION

In Verizon's Motion for Judgment as a Matter of Law of Validity of U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law that U.S. Patent No. 7,561,214 is Not Invalid, Verizon argues that ActiveVideo failed to prove by clear and convincing evidence that the asserted claims of Verizon's patents are invalid. Specifically, Verizon argues that ActiveVideo's invalidity expert, Dr. Manuelian, failed to establish the presence of each and every element of the asserted claims in the prior art references as required to prove anticipation, and failed to demonstrate that a certain reference relied upon in her anticipation analysis of the '542 patent actually constitutes prior art. The Court addresses the sufficiency of Dr. Manuelian's invalidity analysis with respect to each of Verizon's asserted claims in turn.

### A. Anticipation of Claim 1 of the '542 patent

In her anticipation analysis of Claim 1 of the '542 patent, Dr. Manuelian considered two separate prior art references. First she considered a 1991 or 1992 embedded Covergirl advertisement (the "Covergirl ad") originally produced by Dr. Manuelian as a demonstration of ICTV, Inc.'s ("ICTV"), ActiveVideo's predecessor, technology. Second, Dr. Manuelian considered U.S. Patent No. 5,319,455 (the "'455 Patent") entitled "System for distributing customized commercials to television viewers," which was filed on December 23, 1992. In considering Dr. Manuelian's analysis of the Covergirl ad, Verizon argues that the Covergirl ad should not be considered prior art for two reasons. First, Verizon contends that the Covergirl ad was merely a demonstration produced for promotional purposes rather than a video created by ICTV's operational system. Second, Verizon argues that the Covergirl ad was not sufficiently available to the public because it bears a confidentiality legend stating "Copy or Public Display Strictly Prohibited." The Court addresses each of Verizon's arguments with respect to the status of the Covergirl ad as prior art in turn.

Under 35 U.S.C. § 102(a), a person is not entitled to a patent where "the invention was known or used by others in this country . . . before the invention thereof by the applicant for patent." The requirement that an invention be "known" by others does not require that the invention actually be reduced to practice in order to constitute prior art, so long as the knowledge satisfies the requirements of disclosure and enablement. *See Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1369 (Fed. Cir. 2000) ("A presentation indicative of the state of knowledge and use in this country therefore qualifies as prior art for anticipation purposes under § 102."); *see also Application of Borst*, 345 F.2d 851, 855 (C.C.P.A. 1965) ("[T]he criterion should be

5

whether the disclosure is sufficient to enable one skilled in the art to reduce the disclosed invention to practice. In other words, the disclosure must be such as will give possession of the invention to the person of ordinary skill. Even the act of publication or the fiction of constructive reduction to practice will not suffice if the disclosure does not meet this standard."). Accordingly, the Court rejects Verizon's argument that because the Covergirl ad was a demonstration rather than an actual embodiment of the invention, it cannot constitute prior art under § 102(a).

However, the Federal Circuit has instructed that such prior knowledge or use must be public in order to satisfy the requirements of the statute. *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998) ("[I]n order to invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public."). Dr. Manuelian testified that she showed the Covergirl ad at many conferences. *See* Trial Tr. 2644, July 28, 2011. The Court finds that Dr. Manuelian's testimony that the advertisement was shown at conferences and used as a promotional device, corroborated by the demonstration video itself, which was copyrighted in 1992, is sufficient to at least create a factual issue as to whether the alleged knowledge or use of the invention was public. *See, e.g., Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1305 (Fed. Cir. 2006) (holding that where the alleged prior inventor promoted his system through seminars and clinics and distributed his instruction sheet at those clinics, the prior "knowledge or use" was sufficiently public to constitute prior art).

Having concluded that ActiveVideo submitted sufficient evidence that the Covergirl ad constitutes prior art, the Court now turns to the issue of whether Dr. Manuelian demonstrated that the Covergirl ad satisfies the disclosure and enablement requirements for anticipation. *See Iovate*

*Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1380 (Fed. Cir. 2009) ("To be anticipatory, the ad must also describe, either expressly or inherently, each and every claim limitation and enable one of skill in the art to practice an embodiment of the claimed invention without undue experimentation."). Reviewing the record, the Court finds that Dr. Manuelian sufficiently described how each and every element of Claim 1 of the '542 Patent was disclosed in the Covergirl ad. *See* Trial Tr. 2648-51, July 28, 2011. However, Dr. Manuelian provided no opinion as to whether the Covergirl ad would enable one skilled in the art to practice the invention. *See Borst*, 345 F.2d at 855 ("The mere fact that a disclosure is contained in a patent or application and thus 'constructively' reduced to practice, or that it is found in a printed publication, does not make the disclosure itself any more meaningful to those skilled in the art (and thus, ultimately, to the public). Rather, the criterion should be whether the disclosure is sufficient to enable one skilled in the art to reduce the disclosed invention to practice. . . . Even the act of publication or the fiction of constructive reduction to practice will not suffice if the disclosure does not meet this standard.").

ActiveVideo stipulated that one of ordinary skill in the art as it pertains to the '542 Patent is "someone who has at least an undergraduate degree in electrical engineering, computer science, or a similar discipline, and has at least three years experience in the field of interactive video distribution networks or systems, including a familiarity with delivering advertising through an interactive video distribution system." Trial Tr. 2623, July 28, 2011. Dr. Manuelian admittedly did not possess a degree in electrical engineering, computer science, or similar technical discipline, but rather was an expert in the field of user interfaces. Therefore, she did not (and could not) opine as to whether one of ordinary skill in the art would have been able to

7

combine the Covergirl ad with his or her own knowledge of the art and practice the invention. *See In re Graves*, 69 F.3d 1147, 1152 (Fed. Cir. 1995); *see also Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002) ("Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference."). Specifically, Dr. Manuelian did not provide an opinion on whether one of ordinary skill in the art would have known *how* the advertisements would be transmitted through the video distribution system, i.e. through the head end facility as required by the claim, which is knowledge necessary to enable one to practice the invention. Further, ActiveVideo provided no additional evidence or testimony as to whether the Covergirl ad would enable one of skill in the art to practice the invention. Therefore, the Court finds that ActiveVideo has not presented sufficient evidence from which a reasonable jury could conclude that the Covergirl ad would enable one of skill in the art to practice Claim 1 of the '542 Patent.

In addition to considering the Covergirl ad, Dr. Manuelian also concluded that Claim 1 of the '542 Patent is anticipated by the '455 Patent. Verizon contends that the '455 Patent fails to disclose the elements of "receiving, at said head end facility over a return path, a request to register said advertisement in a menu" and "obtaining, at said head end facility over said return path, a selection request for said entry," but instead describes receiving requests at the node only. During her analysis of Claim 1 of the '542 Patent, Dr. Manuelian offered an opinion that the step of "receiving, at said head end facility over a return path, a request to register said advertisement in a menu" is fully disclosed in the '455 Patent. *See* Trial Tr. 2657, July 28, 2011. However, upon close review of the '455 Patent, it is clear that the system described in the '455 requires

processing and storage of the video information and data in the nodes rather than at the head end facility. Specifically, the '455 Patent describes how the home interface controller passes the user's request to receive an advertisement to the node and not to the head end facility. Although the '455 Patent states that the nodes may be located "at a central location, such as a headend," the nodes are separate and apart from the head end facility. *See, e.g., ActiveVideo Networks, Inc. V. Verizon Commc'ns Inc.*, No. 2:10cv248, 2011 WL 3251499, at *19 (E.D. Va. Apr. 7, 2011) (construing the term "node" to mean "equipment in a cable distribution network that facilitates communication between the headend and a group of home interface controllers").

Similarly, Dr. Manuelian failed to point to anything within the '455 Patent to demonstrate disclosure of the step of "obtaining, at said head end facility over said return path, a selection request for said entry," as she failed to show that the request for the entry is received at the head end facility rather than at the node. *See* Trial Tr. 2658, July 28, 2011. Accordingly, because Dr. Manuelian failed to demonstrate that the various requests described in the '542 Patent are received at the head end facility, rather than at the node, in the '455 Patent, the Court finds that she failed to demonstrate that each and every element of Claim 1 of the '542 Patent is disclosed in the '455 Patent. Thus, ActiveVideo has not presented sufficient evidence from which a reasonable jury could conclude that Claim 1 of the '542 Patent is anticipated by either the Covergirl ad or the '455 Patent.

**B.  Anticipation of Claim 9 of the '214 patent**

In addition to analyzing Claim 1 of the '542 Patent, Dr. Manuelian also provided anticipation analysis for Claim 9 of the '214 Patent. During her analysis of Claim 9 of the '214 patent, Dr. Manuelian considered a single prior art reference, European Patent Application No.

0721253 (the "EP 253 Application"), which was published on October 7, 1996, and concluded that the EP 253 Application disclosed each and every element of Claim 9 of the '214 patent. Verizon argues that Dr. Manuelian's analysis is flawed because she is not a person of ordinary skill in the art and she failed to demonstrate that several elements of Claim 9 were present in the EP 253 Application by clear and convincing evidence. The Court finds that Dr. Manuelian failed to show by clear and convincing evidence that each and every element of Claim 9 of the '214 patent is disclosed in the EP 253 Application.

In particular, Dr. Manuelian failed to show by clear and convincing evidence that the EP 253 Application discloses the element of "including with the first indication a second indication, wherein the second indication is included when there is at least one multiplex channel associated with the first anchor channel." Relying on an example from the EP 253 Application, Dr. Manuelian opined that the "ESPN" logo constituted the "first indication" corresponding to the anchor channel, while the "ESPN2" logo was the "second indication" corresponding to the multiplex channel associated with the anchor channel. *See* Trial Tr. 2679-80, July 28, 2011. However, although the ESPN and ESPN2 channels may happen to originate from a common broadcast provider, *see ActiveVideo Networks*, 2011 WL 3251499, at *27 (requiring that the multiplex channel originate from a common broadcast provider as the first anchor channel), Dr. Manuelian provided no explanation for how a user would be able to ascertain that any given channel located to the right of another channel in the station index originated from a common broadcast provider. Indeed Figure 14A of the EP 253 Application lists channels side by side (such as "TNT" and "E!") that do not meet the definition of an anchor channel and multiplex channel because they do not originate from a common broadcast provider. Thus, the "second

indication," as highlighted by Dr. Manuelian, would be provided even where there are no mulitplex channels associated with the first anchor channel, which is in contravention of the language of Claim 9.

Furthermore, Dr. Manuelian fails to identify how the EP 253 Application discloses a "first command" for selecting multiplex channels, versus a "second command" for selecting anchor channels. Although Dr. Manuelian demonstrated the selection of the second anchor channel by highlighting, on Figure 14A of the EP 253 Application, how the user could scroll vertically from ESPN2 to the Disney channel below it in the station index, the user could just as easily scroll to the right of ESPN2 to select the listed DirectTV channel, which is not a multiplex channel of ESPN. Dr. Manuelian's opinion that the EP 253 Application allows for navigation two different ways, is not sufficient to show that navigation to the anchor channels must be different in form from navigation between corresponding multiplex channels. *See* Trial Tr. 2683-84, July 28, 2011. Thus, the Court finds that Dr. Manuelian failed to demonstrate this element of Claim 9 of the '214 patent by clear and convincing evidence. Because ActiveVideo failed to demonstrate that each and every element of Claim 9 of the '214 patent is disclosed in the EP 253 Application, the Court declines to submit the issue of invalidity of Claim 9 to the jury.

## IV. CONCLUSION

The Court finds that ActiveVideo has not presented sufficient evidence to sustain its claims of invalidity on any of Verizon's asserted claims. Accordingly, the Court declines to tender the issue of invalidity of Verizon's asserted claims to the jury. For the foregoing reasons, Defendants' Motion for Judgment as a Matter of Law of Validity of U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law that U.S. Patent No. 7,561,214 is Not Invalid are

both **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 17, 2011
*Nunc Pro Tunc*
*July 29, 2011*

/s/
Raymond A. Jackson
United States District Judge