

FILED

AUG 17 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ACTIVEVIDEO NETWORKS, INC.,**

**Plaintiff,**

v.   CIVIL ACTION NO. 2:10cv248

**VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.**

**Defendants.**

## *MEMORANDUM ORDER*

Before the Court are Plaintiff's, ActiveVideo Networks, Inc. ("ActiveVideo"), Motion for Judgment on Partial Findings Regarding Inequitable Conduct, pursuant to Federal Rule of Civil Procedure 52(c), and Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214, both pursuant to Federal Rule of Civil Procedure 50(a). Also before the Court is Defendants' Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence, pursuant to Federal Rule of Civil Procedure 15(b)(2). Having carefully reviewed the Parties' pleadings, the Court ruled from the bench regarding Plaintiff's and Defendants' respective Motions on July 29, 2011. The reasons for the Court's rulings are set forth more fully below. For the reasons stated

herein, Plaintiff's Motion for Judgment on Partial Findings Regarding Inequitable Conduct is **GRANTED**; Defendants' Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214 are also **GRANTED**; and Defendants' Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 27, 2010, Plaintiff ActiveVideo, filed suit in the United States District Court for the Eastern District of Virginia against Verizon alleging patent infringement and seeking to enjoin Verizon from infringing certain patents that ActiveVideo owns and to recover monetary damages for previous infringement. On December 2, 2010, Verizon filed an Answer to ActiveVideo's First Amended Complaint and First Amended Counterclaims against ActiveVideo, alleging, *inter alia*, ActiveVideo's infringement of several patents owned by Verizon. In response, ActiveVideo filed an Answer to Defendant's First Amended Counterclaims and ActiveVideo's First Amended Counterclaims on December 16, 2010 asserting an affirmative defense based upon inequitable conduct and seeking declaratory judgments of unenforceability for inequitable conduct in the prosecution of certain of Verizon's asserted patents. On June 2, 2011, Verizon filed a Second Amended Answer to ActiveVideo's First Amended Complaint and First Amended Counterclaims against ActiveVideo, asserting, *inter alia*, an affirmative defense to ActiveVideo's claims of infringement based upon inequitable conduct and seeking declaratory judgments that all of ActiveVideo's asserted patents are unenforceable for inequitable conduct. In response, ActiveVideo filed an Answer and Affirmative Defenses to Verizon's Counterclaims for Declaratory Judgment of Unenforceability on June 20, 2011, denying all of Verizon's claims of

inequitable conduct.

On July 12, 2011, a jury trial was held in the United States District Court for the Eastern District of Virginia on ActiveVideo and Verizon's claims of infringement and invalidity. During the trial, ActiveVideo asserted infringement of four of its patents: United States Patent Nos. 5,550,578 (the "'578 patent"), 6,100,883 (the "'883 patent"), 6,034,678 (the "'678 patent"), and 6,205,582 (the "'582 patent"). Similarly, Verizon asserted infringement of two of its patents: United States Patent Nos. 6,169,542 (the "'542 patent") and 7,561,214 (the "'214 patent"). During the trial, on July 27, 2011, ActiveVideo filed the instant Motion for Judgment on Partial Findings Regarding Inequitable Conduct. Verizon filed a Response in Opposition to ActiveVideo's Motion and the instant Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence, relating to its claims of inequitable conduct, on July 28, 2011. Additionally, on July 29, 2011, Verizon filed the instant Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214.

On July 29, 2011, after thoroughly reviewing the Parties' pleadings on Plaintiff's and Defendants' respective motions and the record, the Court granted ActiveVideo's Motion for Judgment on Partial Findings Regarding Inequitable Conduct; granted both Verizon's Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214; and denied Verizon's Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence.

## II. LEGAL STANDARD & DISCUSSION

Where an issue is not before the jury, but is to be decided by the court, the court may enter judgment against a party on a claim or defense where the opposing party has been fully heard on the issue. *See* Fed. R. Civ. P. 52(c). Determinations relating to inequitable conduct are determined by the court rather than the jury. *See PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) ("The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide."). Accordingly, the Court addresses the sufficiency of both ActiveVideo's and Verizon's showing of inequitable conduct.

"Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [U.S.P.T.O.], which includes a duty to disclose to the [U.S.P.T.O.] all information known to that individual to be material to patentability." 37 C.F.R. § 1.56(a). Accordingly, "no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct." *Id.* The breach of this duty of candor is known as "inequitable conduct" and is grounds for rendering an otherwise valid patent unenforceable. *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1233-34 (Fed. Cir. 2008). However, the Federal Circuit has instructed that "'[i]nequitable conduct' is not, or should not be, a magic incantation to be asserted against every patentee. Nor is that allegation established upon a mere showing that art or information having some degree of materiality was not disclosed. To be guilty of inequitable conduct, one must have intended to act inequitably. Thus, one who alleges a "failure to disclose" form of inequitable conduct must offer clear and convincing proof of: (1) prior art or information that is material; (2) knowledge chargeable to applicant of that prior art or

information and its materiality; and (3) failure of the applicant to disclose the art or information resulting from an intent to mislead the PTO." *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411,1415 (Fed. Cir. 1987). Consequently, the party asserting inequitable conduct assumes a "heavy burden" and must prove inequitable conduct by clear and convincing evidence. *See Vandenberg v. Dairy Equip. Co., a Div. of DEC Int'l, Inc.*, 740 F.2d 1560, 1568 (Fed. Cir. 1984); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008) ("[A]t least a threshold level of each element—i.e., both materiality and intent to deceive—must be proven by clear and convincing evidence.").

### A. Verizon's Claims of Inequitable Conduct

In its Motion for Judgment on Partial Findings Regarding Inequitable Conduct, ActiveVideo argues that Verizon failed to satisfy its burden of establishing both materiality and intent as required to prove inequitable conduct. *See Star Scientific*, 537 F.3d at 1365 ("To successfully prove inequitable conduct, the accused infringer must present 'evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO].'" (citation omitted)). Verizon contends that during prosecution the applicant failed to disclose three prior art references: (1) a 1986 article entitled "Single Mode Fiber Transport and Coaxial Distribution of Video on Demand," authored by C.W. Lundgren & P.K. Venkatsesan (the "Bellcore VOD Article"); (2) U.S. Patent No. 4,616,263 titled "Video Subsystem for a Hybrid Videotex Facility" (the "GTE VOD Patent"), which was filed on February 11, 1985; and (3) a 1991 article entitled "A Store-and-Forward Architecture for Video-on-Demand Service," authored by A.D. Gelman et al. (the "Bellcore Fiber VOD Article"). Verizon contends that it has

5

established the materiality of these references during trial based upon the invalidity analysis of its expert, Mr. Christopher M. Schmandt. Verizon further alleges that it satisfied the intent prong because the inventor of ActiveVideo's asserted patents, Mr. Leo Hoarty, admitted under oath that he was aware of the Bellcore VOD Article and the Bellcore Fiber VOD Article, but failed to disclose those references. Accordingly, Verizon also seeks leave to amend its Answer to conform the pleadings to the evidence on inequitable conduct introduced at trial.

"[A]s a general matter, the materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense, Inc. v. Becton, Dickinson & Co.*, Nos. 2008–1511, 2008–1512, 2008–1513, 2008–1514, 2008–1595, 2011 WL 2028255, at *11 (Fed. Cir. May 25, 2011). Furthermore, "[i]n making this patentability determination, the court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction." *Id.* The Court thoroughly considered Mr. Schmandt's invalidity analysis of each of the three prior art references cited by Verizon in granting ActiveVideo's Motion for Judgment as a Matter of Law Regarding Validity of ActiveVideo's Asserted Patents, and concluded that Mr. Schmandt had not provided sufficient evidence from which a reasonable jury could conclude that the Bellcore VOD Article, the GTE VOD Patent, or the Bellcore Fiber VOD Article anticipated any of the asserted claims of ActiveVideo's patents. Specifically, the Court found that Mr. Schmandt, *inter alia*, failed to demonstrate how the tape recorder described in the Bellcore VOD Article provided "assignable television communication" to the home interface controller or disclosed the concept of an "interactive session" as required by the patent claims. Furthermore, the Court found that the

6

evidence indicated that the patent examiner considered the GTE VOD Patent during the prosecution of the '578 Patent and the '883 Patent and that the GTE VOD Patent failed to disclose an "assignable module" as required by the claims of the '883 Patent or the patented steps as arranged in the '678 Patent. Finally, the Court found that Mr. Schmandt's brief and conclusory analysis of the Bellcore Fiber VOD Article failed to establish several claimed elements in each of ActiveVideo's asserted patents, including assignability and the interactive session. Accordingly, and for the same reasons as articulated in its August 16, 2011 Memorandum Opinion and Order addressing Verizon's claims of invalidity, the Court finds that Verizon failed to establish the materiality of any of the prior art references it relied on.

Furthermore, the Court declines to infer an intent to deceive based upon Mr. Hoarty's testimony that he was aware of the Bellcore VOD Article and the Bellcore Fiber VOD Article. Mr. Hoarty provided a reasonable explanation for why he believed the two articles not to be material, testifying that he believed the articles to be "far removed" from his invention. *See* Trial Tr. 200-201, July 13, 2011; *see also, e.g., Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367 (Fed. Cir. 2003) ("[T]he district court also erred in concluding that the mere fact that the prosecuting attorney knew of the [prior art] reference and decided not to submit it to the examiner established intent. Here, the patentee submitted a declaration from the prosecuting attorney explaining that in good faith he concluded that the reference was not material because '[he] considered it to be far afield from the accused patents at the time it was cited.' That explanation is not on its face implausible. The district court noted that '[the prosecuting attorney] intended to withhold the [prior art] patent from the PTO." However, inequitable conduct requires not intent to withhold, but rather intent to deceive. Intent to deceive cannot be inferred simply

from the decision to withhold the reference where the reasons given for the withholding are plausible."); *Astrazeneca Pharm. LP v. Teva Pharm. USA, Inc.*, 583 F.3d 766, 777 (Fed. Cir. 2009) ("The law is clear that 'inequitable conduct requires not intent to withhold, but rather intent to deceive. Intent to deceive cannot be inferred simply from the decision to withhold [information] where the reasons given for the withholding are plausible."). Verizon submitted no other evidence from which intent to deceive could be reasonably inferred. Thus, the Court also finds that Verizon failed to meet its burden to establish intent to deceive by clear and convincing evidence.

Because Verizon failed to establish both materiality and intent to deceive by clear and convincing evidence, the Court finds that ActiveVideo's asserted patents are not unenforceable for inequitable conduct. *See Star Scientific*, 537 F.3d at 1367 ("If a threshold level of intent to deceive or materiality is not established by clear and convincing evidence, the district court does not have any discretion to exercise and cannot hold the patent unenforceable regardless of the relative equities or how it might balance them. Only after adequate showings are made as to both materiality and deceptive intent may the district court look to the equities by weighing the facts underlying those showings."). Accordingly, ActiveVideo's Motion for Judgment on Partial Findings Regarding Inequitable Conduct is **GRANTED**. Furthermore, because Verizon seeks leave to amend its Answer to include claims of inequitable conduct which are predicated on the same evidence that the Court has ruled insufficient, the Court declines to grant Verizon leave to amend. Thus, Verizon's Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence is **DENIED**.

B.  ActiveVideo's Claims of Inequitable Conduct

In its Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542, Verizon contends that ActiveVideo failed to introduce any evidence of intent to deceive during the prosecution of the '542 Patent. Furthermore, in its Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214, Verizon argues that ActiveVideo failed to provide any evidence of intent to deceive or any analysis of the materiality of U.S. Patent No. 6,367,078 (the "'078 Patent"), on which it based its inequitable conduct allegation for the '214 Patent.

During the course of trial, ActiveVideo presented evidence, through the expert testimony of Dr. Diana Hawkins Manuelian, that the asserted claims of the '542 Patent were anticipated by two prior art references: (1) a 1991 or 1992 embedded Covergirl advertisement (the "Covergirl ad") originally produced by Dr. Manuelian, and (2) U.S. Patent No. 5,319,455 (the "'455 Patent") entitled "System for distributing customized commercials to television viewers," which was filed on December 23, 1992, and which Dr. Manuelian alleged was intended to cover the technology demonstrated in the Covergirl ad. However, the Court finds no evidence in the record that anyone associated with the prosecution of the '542 Patent even knew of the existence of the Covergirl ad or the '455 Patent, let alone failed to disclose these references with an intent to deceive the PTO. Accordingly, the Court finds that ActiveVideo failed to prove the elements of inequitable conduct by clear and convincing evidence with respect to the '542 Patent.

Additionally, Dr. Manuelian testified that a single prior art reference, European Patent Application No. 0721253 (the "EP 253 Application"), published on October 7, 1996, served as anticipating prior art to the '214 Patent. However, neither Dr. Manuelian, nor any other

ActiveVideo witness, provided any testimony on the materiality of the '078 Patent, which ActiveVideo originally asserted as the basis for its inequitable conduct charge. Furthermore, ActiveVideo did not introduce any evidence which would give rise to an inference that anyone associated with the prosecution of the '214 Patent knew of the EP 253 Application or the '078 Patent and failed to disclose either of those references with an intent to deceive. Thus, as with the '542 Patent, the Court finds that ActiveVideo failed to establish inequitable conduct in the prosecution of the '214 Patent by clear and convincing evidence. Accordingly, both Verizon's Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214 are **GRANTED**.

### III. CONCLUSION

The Court finds that Verizon failed to establish the elements of materiality and intent to deceive by clear and convincing evidence as required to prove inequitable conduct in the prosecution of ActiveVideo's asserted patents. Similarly, the Court finds that ActiveVideo failed to introduce any evidence of intent to deceive as it pertains to the prosecution of the '542 Patent and the '214 Patent. For the foregoing reasons, Plaintiff's Motion for Judgment on Partial Findings Regarding Inequitable Conduct is **GRANTED** and Defendants' Motion for Judgment as a Matter of Law of No Inequitable Conduct for U.S. Patent No. 6,169,542 and Motion for Judgment as a Matter of Law on Inequitable Conduct relating to U.S. patent No. 7,561,214 are also **GRANTED**. Furthermore, in light of the Court's ruling on Verizon's claims of inequitable conduct against ActiveVideo's asserted patents, Defendants' Motion for Leave to File Third Amended Answer to Conform the Pleadings to the Evidence is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 17, 2011

Nunc Pro Tunc

July 29, 2011

11