**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| ACTIVEVIDEO NETWORKS, INC.<br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON VIRGINIA INC. AND VERIZON SOUTH INC.<br>Defendants/Counterclaim-Plaintiffs. | Civil Action No. 2:10-cv-248<br>RAJ/DEM |

**ACTIVEVIDEO'S OPPOSITION TO VERIZON'S EXPEDITED MOTION TO WAIVE, OR IN THE ALTERNATIVE TO APPROVE, A SUPERSEDEAS BOND AND TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

ActiveVideo Networks, Inc. ("ActiveVideo") hereby opposes Defendants' Expedited Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond and to Stay Execution of Judgment Pending Appeal (D.I. 951/952) filed by Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon").

**I.    INTRODUCTION**

Verizon asks this Court to create new Fourth Circuit law and deviate from the normal application of the Federal Rules of Civil Procedure in a manner never before done in this Circuit. F.R.Civ.P. 62 contemplates that judgment debtors shall post supersedeas bonds if they want to stay execution on a money judgment pending appeal. Day in and day out, that is what federal litigants do, and must do. Verizon seeks special treatment by telling the Court that it can afford to pay the judgment so it should be excused from doing what other litigants do. This is no basis to grant relief. No court in this Circuit has excused compliance with the bonding requirement of the Federal Rules based on the judgment debtor's claim that it is well-off, so securing the bond would be inconvenient and expose it to added expense.

1

A few courts, in "extraordinary" circumstances, have allowed, in lieu of a supersedeas bond, alternative arrangements designed to secure and protect the judgment creditor in cases where distinctive circumstances warranted that relief (i.e., public entities with a public fund are involved, or the bond requirement would work serious hardship on a debtor who has limited or illiquid assets). Even at that, the Fourth Circuit has not endorsed this line of cases or sanctioned on any basis departure from the supersedeas bonding requirements of Rule 62. And Verizon fails to bring itself within the "extraordinary" circumstances that have motivated a few courts to allow rare departures from the bond requirement. There are no such extraordinary circumstances here. And even if there were, Verizon has not proposed either adequate substitute security for ActiveVideo's benefit (an effective substitute for a bond) or guarantees of Verizon's future wherewithal. The exception under which Verizon seeks to benefit requires both such measures as a condition to granting relief.

Verizon should be treated like other, similarly situated federal litigants: post a supersedeas bond (in an amount covering the judgment, interest, and likely costs pending appeal) as a condition to the Court staying execution of the judgment pending appeal.

## II. ARGUMENT

### A. Like Other Litigants, Verizon Should Be Required To Post A Supersedeas Bond.

Staying the execution of a judgment requires the moving party to post an adequate bond. Fed.R.Civ.P. 62. Verizon asks this Court to ignore this settled requirement. But Verizon should be treated like all other litigants. It should post the bond contemplated by Rule 62, just as other federal litigants do all the time.

The Fourth Circuit has not sanctioned departures from Rule 62's bonding requirements. This Court should not create an exception for Verizon's convenience. Verizon cites three cases within this Circuit that have made reference to the possibility of an exception to the supersedeas bond rule.

None of these cases waived a bond or sanctioned a bonding exemption for wealthy litigants. In *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 460 (D.S.C. 2006), the Court refused to grant relief in favor of the State of South Carolina, even though the State was a fully solvent defendant. The other cases cited by Verizon address the different scenario where the judgment debtor was financially unable to post a bond covering the full amount of the judgment, so the requirement imposed a real hardship on the right of appeal. *See Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 190 F.R.D. 190 (E.D. Va. 1999); *CapitalSource Fin. LLC v. Pittsfield Weaving Co., Inc.*, No. AW-06-2028, 2008 WL 3850385 (D. Md. Mar. 7, 2008). Thus, the current state of Fourth Circuit law counsels denial of Verizon's motion.

1. **The Normal Requirement Is That The Judgment Creditor Must Post A Supersedeas Bond**

Infrequently, a few courts have yielded to proof of "extraordinary circumstances" and allowed judgment debtors to obtain stays of execution without a fully protective supersedeas bond for the benefit of the judgment creditor. But these cases represent rare exceptions to the general rule requiring a bond. *See, e.g.*, *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (full supersedeas bond is "the usual requirement"); *Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999) (noting that "[i]n the typical case," a full supersedeas bond is required); *Holland v. Law*, 35 F. Supp. 2d 505, 506 (S.D.W.V. 1999) ("[T]he power of the court to waive the supersedeas bond requirement should only be exercised in extraordinary circumstances.")[1]; *United States ex rel. Sun Constr. Co., Inc. v. Torix*

---

[1] In related motion papers, Verizon argued that the "extraordinary circumstances" test used in *Holland* is different than the other tests "generally used" by courts in this Circuit. Reply in Support of Verizon's Motion for Expedited Treatment of Its Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond and to Stay Execution of Judgment Pending Appeal (D.I. 978) ("Verizon Expedited Treatment Reply") at 4. This is incorrect. The other "tests" to which Verizon refers are presumably the five criteria enumerated in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1989). However, there is nothing inconsistent with considering the *Dillon* criteria to determine if extraordinary or exceptional circumstances exists. In fact, courts have done exactly that. *See, e.g.*, *United States v. Beeman*, No. 1:10-cv-237-SJM, 2011 WL 3021789, at *4 (W.D. Pa.

*Gen. Contractors, LLC*, No. 07-cv-01355-LTB-MJW, 2011 WL 2182897, at *2 (D. Colo. June 6, 2011) ("Courts have the discretion to reduce or waive the security required pursuant to Fed. R. Civ. P. 62(d) only in unusual circumstances."); *Delta Health Grp., Inc. v. Royal Surplus Lines Ins. Co.*, No. 3:05-cv-108/RV/MD, 2008 WL 4372876, at *1 (N.D. Fla. Sept. 24, 2008) (noting that the court may waive the supersedeas bond requirement "only in extraordinary circumstances"); *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) ("[A] full supersedeas bond should almost always be required."). Notably, many of the courts that refer to the possibility of departing from established bonding requirements *refuse to grant that relief to the litigants before them.* For example, Verizon points to *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986), as "establish[ing] guidelines for determination of when waiver is appropriate." Verizon Expedited Treatment Reply at 4. In that case, the court refused to excuse the state of Illinois from posting a bond. *Lightfoot*, 797 F.2d at 507. Similarly and as stated above, the only district court case from this Circuit that Verizon cites and that addressed arguments similar to those Verizon advances here refused to waive a bond. *Southeast Booksellers*, 233 F.R.D. at 460.

    2.  **Verizon Fails to Demonstrate Why This Court Should Deviate From the Normal Practice of Requiring a Supersedeas Bond.**

Verizon argues that a bond is not necessary "when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal," or stated a different way, when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." Memorandum in Support of Verizon's Expedited Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond and to Stay Execution of Judgment

---

July 22, 2011); *Tomasko v. Weinstock, P.C.*, No. 3:98-cv-1978, 2009 WL 613590, at *1 (M.D. Pa. Mar. 6, 2009).

Pending Appeal (D.I. 953) ("Memo in Support") at 5 (internal quotations omitted). The origin of Verizon's proposed exception is the Fifth Circuit's opinion in *Poplar Grove,* 600 F.2d at 1191:[2]

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond.

*Poplar Grove* envisions an exceptional rule for exceptional cases, where alternative security and other protections are imposed for the benefit of the judgment creditor. Courts routinely reject most wealth-based requests for exemption from bonding requirements. *See, e.g.*, *Progressive Foods, LLC v. Dunkin' Donuts Inc.*, No. 1:07 CV 3424, 2011 WL 1601335, at *2-3 (N.D. Ohio Apr. 27, 2011) (refusing to waive a supersedeas bond where the money judgment was $236,000 and the two defendants had assets of over $40 million and $15 million and income of over $119 million and $17 million, respectively); *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 WL 4303743, at *2-3 (N.D. Ohio Dec. 10, 2007); *Ryan v. Asbestos Workers Union Local 42 Pension Fund*, No. C.A. 97-604 GMS, 2002 WL 87470, at *1 (D. Del. Jan. 22, 2002); *Hamlin*, 181 F.R.D. at 353-54 (noting that if a bond could be waived based on a judgment debtor's present ability to pay, "the bond requirement would essentially be a nullity"); *United States ex rel. A. Pflugh, Inc. v. Aspar Constr. Co.*, Nos. 85-0459, 85-0939, 85-1936, 85-2873, 85-5340, and 85-0600, 1988 WL 24149, at *2 (D.N.J. Mar. 16, 1988) (refusing to waive a bond even though the judgment debtor's net worth was approximately 4,000 times the total judgment).

Other courts treat the issue (and routinely deny relief) by applying the four-factor test used in federal court to assess whether injunctive relief should be granted. Those four factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits,

---

[2] The source of the latter quote is *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986), which cites to *Poplar Grove* and equates the exception it articulated with that in *Poplar Grove*. *Id.* at 796.

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Thus, the court in *Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 195 (W.D.N.C. 2000), stated that before it could exercise its discretion to grant a stay without requiring a bond, it had to first determine that a stay was warranted by applying the traditional, four factor test used by federal courts when they grant injunctive relief. *Van Romer v. Interstate Products, Inc.*, No. 6:06-2867-WMC, 2010 WL 1999528 (D.S.C. May 19, 2010), did the same, as do many other courts. *See, e.g.*, *United States v. Stuler*, No. 08-273, 2010 WL 1985118, at *1 (W.D. Pa. May 4, 2010); *Carpenters Fringe Benefit Funds of Ill. v. Royal Builders, Inc.*, No. 05 C 1731, 2008 WL 4876856, at *2 (N.D. Ill. June 6, 2008); *Marcoux v. Farm Serv. and Supplies, Inc.*, 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003); *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1148 (S.D. Ind. 1996); *Fed. Ins. Co. v. Cnty. of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996).

Verizon fails even to mention, much less apply, the traditional four factor test. For example, Verizon has not (and cannot) show any likelihood of success on appeal. This Court should not craft a wealth-based exception to the established injunction and supersedeas bond standards of federal practice.

### a. **Even If Verizon's Proposed Exception Were The Law Of This Circuit, Verizon's Motion Should Be Denied.**

Returning to *Poplar Grove*, if it were to apply here, Verizon would initially bear the heavy burden of demonstrating that extraordinary circumstances are present and the requirements of that case are otherwise met. *Poplar Grove*, 600 F.2d at 1191. ActiveVideo has no obligation to present evidence. *Hamlin*, 181 F.R.D. at 353.

Here, Verizon seeks relief by touting its large cash reserves and its belief in its ability to pay. Memo in Support at 3-4.

But *Poplar Grove* recognized that a judgment debtor's present ability to pay is *not* a sufficient basis to waive a supersedeas bond. *Poplar Grove* was willing to accept in exceptional circumstances alternatives to a supersedeas bond, including a monitored plan to maintain the defendant's financial security *and* alternative security arrangements pending appeal. *Poplar Grove*, 600 F.2d at 1191; s*ee also Halliburton Energy Servs., Inc. v. NL Indus.*, Nos. H-05-4160, H-06-3504, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008) (although judgment debtor was financially able to pay judgment, supersedeas bond was required because judgment debtor did not show a financially secure plan for maintaining solvency during appeal).

Verizon offers nothing comparable: just statements about its current wealth and rosy prognosis.

For example, Verizon's Assistant Treasurer, Sheila Small, states that Verizon will pay ActiveVideo fifteen days after the judgment is fully final. Declaration of Sheila L. Small (D.I. 955) ("Small Decl."), ¶3. This is not a plan to maintain solvency or the provision of alternative security.[3] "A declaration that the corporation is solvent now and will continue to be in the future simply is not sufficient to justify a waiver of the bond requirement." *Roulo*, 1988 WL 72306, at *1. Moreover, Ms. Small's promise of payment by Verizon more than two weeks after its appeals are exhausted is even less than it appears to be: once appeals are exhausted, Verizon has no excuse not to pay in full *immediately*.

In this case, Verizon offers nothing that would adequately secure ActiveVideo's interests in lieu of a bond — cash, letters or credit, negotiable instruments. Courts that depart from full supersedeas bonds routinely seek a substitute: "some form of guaranty of judgment responsibility." *Poplar Grove* at 1131.

---

[3] The only case that Verizon cites where a court accepted periodic verifications of financial status as sufficient substitute for a bond is *i4i Ltd. P'ship v. Microsoft Corp.*, No. 6:07-CV-113 LED, Dkt. No. 419 (E.D. Tex. Aug. 20, 2009). However, the order from that case that is cited by Verizon was a *stipulated* order, not an order imposed by the court after an opposed motion.

7

Verizon parrots one court's statement that "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." Memo in Support at 5 (*citing Alexander*, 190 F.R.D. at 193, n.11). But the case where that statement originated is one where the court recognized that alternative security would be provided by the appellants. *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (describing the circumstance where a defendant is plainly able to pay a judgment as "a candidate for alternative security"); *see also Tomasko v. Weinstock*, No. 3:98-cv-1978, 2009 WL 613590, at *2 (noting that the *Olympia Equip.* opinion addressed when alternative security might be appropriate); *Holland*, 35 F. Supp. 2d at 506 (wavier of supersedeas bond appropriate only "where alternative means of securing the judgment creditor's interest are available."); *Roulo v. Russ Berrie & Co., Inc.*, No. 82 C 2668, 1988 WL 72306, at *1 (N.D. Ill. July 5, 1988) (declining to waive supersedeas bond where defendant had not offered any acceptable alternative to a supersedeas bond); *Thompson v. Florida Wood Treaters, Inc.*, No. 2006-224, 2010 WL 3119918, at *5 (D.V.I. Aug. 4, 2010) (refusing to waive bond where judgment debtor failed to offer any alternative means of securing judgment creditor's interest).

### 3. A Supersedeas Bond Is Necessary To Protect ActiveVideo And The Integrity Of The Judicial Process

Verizon characterizes a supersedeas bond as an "unnecessary expense" and claims that "waiving the bond is to ActiveVideo's benefit." Memo in Support at 4. Verizon makes these claims because it is confident it will be able to pay ActiveVideo.[4]

---

[4] Verizon's claim that waiver is to ActiveVideo's benefit appears to be premised on the belief that Verizon will be successful on appeal. However, Verizon fails to show that this Court committed reversible error or that the jury acted unreasonably. Memo in Support at 2. Those many courts that look to the standards for an injunction as the basis for relief from enforcement of a judgment would declare Verizon's motion here dead on arrival for failure to demonstrate any likelihood of success on appeal.

Verizon's status as a large corporation does not immunize it from financial difficulty in the near future. As recognized by the court in *O'Callaghan v. SPX Corp.*, No. 2:09-cv-10196, 2010 WL 299497, at *1 (E.D. Mich. Jan. 20, 2010), assurances of future payment ring somewhat hollow in the present economic circumstances. In that case, the court refused to waive a supersedeas bond where the judgment debtor was liable for roughly $300,000 notwithstanding its $5.7 billion in assets and $438 million in cash on hand. *Id.* Similarly, in *Sorrano v. New York Life Ins. Co.*, No. 96 C 7882, 2006 WL 1005902 (N.D. Ill. Apr. 13, 2006), the court noted that Fortune 500 companies are not impervious to bankruptcy. *Id.* at *2. There, the court refused to waive a supersedeas bond where the defendant had over $60 billion in assets and was liable for $20 million in damages. In response to the defendant's assertions that it would be able to pay damages, the court stated, "Given the prevailing business climate, a copy of [defendant's] financial statements and a promise that it is 'good for' any judgment is not enough to secure waiver of the bond." *Id.*

    4.    **Verizon's Claimed Wherewithal Demonstrates The Ease With Which It Could Do As Nearly All Litigants Do And Post The Required Bond**

Verizon complains about the cost of maintaining a bond, noting it could be $316,250 per year. Memo in Support at 4. Verizon's Assistant Treasurer points out that if it takes two years to complete the appeal and remand proceedings, the total cost of the bond will be $632,500. Small Decl., ¶ 4. But this is a pittance as compared with Verizon's currently claimed cash and cash equivalents, as asserted by Ms. Small. Small Decl., Exh. A. *See O'Callaghan*, 2010 WL 299497 at *1 ("[D]efendant's wealth also makes a supersedeas bond little more than a minor inconvenience.").

    5.    **Verizon's Cited Cases Are Distinguishable.**

As mentioned above, Verizon fails to cite a single case from this Circuit that has waived a supersedeas bond on the grounds urged by Verizon. Instead, Verizon relies on two cases from the Seventh Circuit and one from the D.C. Circuit. These out-of-circuit cases are distinguishable on their facts. In *Dillon v. City of Chicago*, the Court waived a bond in part because the damages were

9

guaranteed to be paid from an existing, adequately capitalized city fund designated to pay claims such as the plaintiff's. *Dillon*, 866 F.2d at 905. The defendant had a history of paying similar judgments in full from that fund. *Id.* In *N. Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265 (7th Cir. 1986), the Court waived a bond in part because the judgment creditor sought on appeal to substitute its damages award for specific performance. *Id.* at 281. These circumstances do not exist here. Finally, in *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755 (D.C. Cir. 1980), the damages award was only $102,000. *Id.* at 761.

### B. Verizon's Proposed Bond Is Insufficient.

Finally, Verizon's request for alternative relief should be denied. The bond proposed by Verizon, which is equal to the current judgment, is plainly insufficient. An extensive body of case law, supported by the predecessor to Rule 62(d) (former Civil Rule 73(d)), dictates that the proper amount of a bond should include interest, costs, and damages due to delay (in addition to the judgment amount). In particular, former Civil Rule 73(d) provided that the amount of the bond shall be fixed to cover "*the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay*, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." *Poplar Grove*, 600 F.2d at 1191 (emphasis added). As the *Poplar Grove* court noted, Rule 62(d) has been read consistently with former Rule 73(d). *Id.*; *see also* 12 Moore's Federal Practice, § 62.03[1] (Matthew Bender 3d Ed.) ("[T]he pre-1968 version of Rule 73(d) set out what was and still is the practice required in many state courts and is, in effect, the practice in most federal district courts.").

In keeping with *Poplar Grove* and former Civil Rule 73(d), courts frequently require bonds to be larger than the verdict. *See, e.g.*, *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 941 (E.D. Va. 2000) (conditioning stay on posting of bond sufficient to cover judgment, post-judgment interest, and costs); *Van Pelt v. UBS Fin. Servs.*, No. 3:05-cv-477-C, 2007 WL 3224747, at

*1 (W.D.N.C. Oct. 29, 2007) ("[T]he [supersedeas] bond is usually set in an amount that will permit full satisfaction of the judgment together with costs and interest."); *Progressive Foods*, 2011 WL 1601335, at *3 (requiring that bond include full amount of the judgment, interest while appeal is pending, and costs); *Halliburton*, 2008 WL 2787247, at *9 (conditioning stay upon posting of bond sufficient to cover judgment, interest and costs during appeal, and future remediation costs).

In this case, Verizon proposes a bond of $115,000,000—the amount of the Court's judgment. Declaration of Gregory N. Stillman in Support of Verizon's Expedited Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond and to Stay Execution of Judgment Pending Appeal, Exh. A; D.I. 930 (Judgment entered August 2, 2011). Noticeably absent from Verizon's proposed bond are the costs already awarded to ActiveVideo,[5] costs on appeal, interest, and damages for delay. Verizon's proposed bond thus runs afoul of *Poplar Grove* and former Civil Rule 73(d), which recognize that a judgment creditor's interests are adequately protected only where a bond includes "the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." *Poplar Grove*, 600 F.2d at 1191 (*quoting* former Civil Rule 73(d)). For these reasons, Verizon's proposed bond of $115 million should be rejected.

In its related Reply in Support of Expedited Treatment (D.I. 978), Verizon stated that it was willing to submit a revised bond if the Court finds that further damages are appropriate. Verizon Expedited Treatment Reply at 6. Verizon cites no authority for this piecemeal approach.[6] This Court should instead require Verizon to post one bond sufficient to cover the $115,000,000 verdict, the damages for Verizon's post-discovery infringement, prejudgment interest, post-judgment interest, and other damages for delay. Moreover, the Court need not determine all of these amounts

---

[5] S*ee* D.I. 930 (awarding costs to ActiveVideo).

[6] Verizon presumably offered this piecemeal approach in an effort to have a stay issue prior to the expiration of the automatic 14 day period in Fed. R. Civ. P. 62(a). Verizon's concern in this regard has been addressed in this Court's order temporarily staying execution of the judgment until the Court has ruled on Verizon's present motion (D.I. 982).

11

with certainty before requiring the bond. *See Sun Constr.*, 2011 WL 2182897, at *3 (approximating amount of supersedeas bond).

ActiveVideo is willing, however, to have the amount of Verizon's bond reduced by the amount of the judgment in favor of Verizon. This amount is $16,000 plus costs. D.I. 930. ActiveVideo's proposal is conditioned on the understanding that such a reduction would suspend execution of the judgment against ActiveVideo pending appeal.

### III.  CONCLUSION

This Court should deny Verizon's motion to waive a supersedeas bond and should deny Verizon's request to approve its proffered $115 million bond.

Dated: August 25, 2011        Respectfully submitted,

                                     /s/ Stephen E. Noona
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone : (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Nathan W. McCutcheon
(Virginia State Bar No. 36308)
David M. Morris
(Virginia State Bar No. 30146)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
nmccutcheon@morganlewis.com
dmorris@morganlewis.com

Daniel Johnson, Jr.
Michael J. Lyons
Dion M. Bregman
Ahren C. Hoffman
**MORGAN, LEWIS & BOCKIUS, LLP**
2 Palo Alto Square

        3000 El Camino Real, Suite 700
        Palo Alto, CA 94306-2122
        Telephone: (650) 843-4000
        Facsimile: (650) 843-4001
        djjohnson@morganlewis.com
        mlyons@morganlewis.com
        dbregman@morganlewis.com
        ahoffman@morganlewis.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I herby certify that on August 25, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory N. Stillman
(Virginia State Bar No. 14308)
Brent L. VanNorman
(Virginia State Bar No. 45956)
**HUNTON & WILLIAMS, LLP**
500 E. Main Street, Suite 1000
Norfolk, VA 23514
Telephone: (757) 640-5314
Facsimile: (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Brian M. Buroker
(Virginia State Bar No. 39581)
Bradley T. Lennie
Justin T. Arbes
**HUNTON & WILLIAMS, LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
blennie@hunton.com
jarbes@hunton.com

Henry B. Gutman
Lisa H. Rubin
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017
Phone: (212) 455-2000
Fax: (212) 455-2502
hgutman@stblaw.com
lrubin@stblaw.com

*Counsel for Defendants*

      /s/ Stephen E. Noona
Stephen E. Noona
(Virginia State Bar No. 25367)
**KAUFMAN & CANOLES, P.C.**
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com