IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 14 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ACTIVEVIDEO NETWORKS, INC.,
Plaintiff,

v.  CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.
Defendants.

### *AMENDED MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff's Motion for an Award of Prejudgment Interest, Post-Judgment Interest, and Damages for Defendants' Continuing Infringement. Having carefully considered the parties' arguments, this Court **FINDS** that ActiveVideo is entitled to prejudgment interest, post-judgment interest, and supplemental damages for Verizon's continuing infringement of ActitveVideo's patents. Accordingly, ActiveVideo's motion is **GRANTED** in full.

### I. BACKGROUND

On May 27, 2010, ActiveVideo Networks, Inc. ("ActiveVideo") filed a complaint against Verizon Communications, Inc., Verizon Services Corp., Verizon South Inc., and Verizon Virginia, Inc. (collectively "Verizon"), in which ActiveVideo alleged that Verizon had infringed several of ActiveVideo's patents. Following a three-week trial commencing on July 12, 2011, a jury rendered a verdict finding that Verizon had infringed the asserted claims of four of ActiveVideo's patents: U.S. Patent No. 5,5550,578 ("The '578 Patent"); U.S. Patent No.

6,034,678 ("The '678 Patent"); U.S. Patent No. 6,100,883 ("The '883 Patent"); and U.S. Patent No. 6,205,582 ("The '582 Patent") (collectively "Patents"). Verdict Form, Aug. 2, 2011, Dkt. No. 927. The jury awarded ActiveVideo damages in the amount of $115,000,000.00, which did not include interest. *See id.*

As a result of this favorable verdict, ActiveVideo now asks this Court for an award of prejudgment interest, post-judgment interest, and post-discovery damages for Verizon's continuing infringement of ActiveVideo's Patents. Pl.'s Mem. Supp. Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Def.'s Continuing Infringement, Dkt. No. 943. Specifically, ActiveVideo requests that this Court supplement the jury's damages award so that Verizon will fully compensate ActiveVideo for their past and ongoing infringement of the Patents during time periods not covered by the jury verdict. ActiveVideo also asks the Court to award both prejudgment and post-judgment interest based upon this augmented damages award. Verizon opposes the motion.

As any additional damages award will affect both prejudgment and post-judgment interest, the Court will address the issue of supplemental damages first.

## II. LEGAL STANDARD

### A. Damages for Verizon's Continuing Infringement

Where a patent infringer is found to have infringed one or more patents, the "patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS 64291, at *6 (E.D. Tex. Aug. 17, 2006) (citing *Stryker Corp. v. Davol, Inc.*, 75 F. Supp. 2d 746 (W.D. Mich. 1999), *aff'd*, 234 F.3d 1252 (Fed. Cir. 2000) (affirming district court's decision that a court may award a

2

successful patent plaintiff supplemental damages to compensate the plaintiff for any infringement occurring between the date of the jury's verdict and the date of the judgment.).

Additionally, supplemental damages are compensatory in nature. *See Nat'l Instruments Corp. v. Mathworks, Inc.*, 2003 U.S. Dist. LEXIS 25863, *6-*7 (E.D. Tex. June 23, 2003) ("A failure to award such damages would grant an infringer a windfall by enabling it to infringe without compensating a patentee for the period of time between the jury's verdict and the judgment."). Further, supplemental damages are calculated in accordance with the damages awarded in the jury verdict. *See, e.g., id.* at *12; *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, at *65 (D. Nev. Aug. 1, 2001) (applying the reasonable royalty rate found by the jury in order to calculate additional damages owed to the plaintiff); *Aero Products Int'l, Inc., et al. v. Intex Recreation Corp.*, 2005 WL 1498667, at *2 (N.D. Ill. June 9, 2005) ("It is proper to use the royalty rate determined by the jury to assess damages for the sales at issue in this motion [to enter supplemental damages calculation].").

It should be noted that supplemental damages are distinguishable from "increased" or "enhanced" damages, which refer to punitive damages awarded to a successful patentee where the infringer is found to have willfully infringed the patent. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996) ("Because increased damages are punitive, the requisite conduct for imposing them must include some degree of culpability."). Under 35 U.S.C. § 284, damages may be increased up to three times at the discretion of the district court based on a finding of willful infringement. *See generally Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002).

## B. Prejudgment Interest

In patent litigation, prejudgment interest on a damages award is awarded pursuant to 35 U.S.C. § 284, which states, in part, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

The U.S. Supreme Court has interpreted section 284 as follows:

> In light of [Congress' overriding purpose of affording patent owners complete compensation], we conclude that prejudgment interest should ordinarily be awarded. In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment.

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). Further, the Supreme Court has held "that prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Id.* at 657. In *General Motors*, the Court gave an example of where it "may be appropriate to limit prejudgment interest, or perhaps even deny it altogether": "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id.* Further, because the purpose of prejudgment interest is not punitive, "it must be applied only to the compensatory damages, not enhanced or other punitive damages." *Humanscale Corp. v. CompX Intern., Inc.*, 2010 WL 3397455, at *1 (E.D. Va. Aug. 23, 2010) (citing *General Motors Corp.*, 461 U.S. at 655).

"Unlike post-judgment interest for which the interest rate is set by statute [discussed *infra*] there is no mandatory interest rate and no standard rate for calculating an award of prejudgment interest." *TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS

64291, at *5 (E.D. Tex. Aug. 17, 2006). Rather, a trial court is afforded "wide latitude" in selecting a prejudgment interest rate. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). Thus, while courts have selected different rates, courts most often award either the prime rate or the U.S. Treasury rate. *TiVo, Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6 (collecting cases). Lastly, prejudgment interest generally "should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *General Motors Corp.*, 461 U.S. at 656).

### C. Post-Judgment Interest

Under the post-judgment statute, 28 U.S.C. § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . ." Section 1961 further provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. The Supreme Court has stated that "[t]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (internal quotations and citation omitted).

The Federal Circuit defers to the relevant circuit for interpretation of the post-judgment statute. *Transmatic Inc. v. Gulton Indus. Inc.*, 180 F.3d 1343, 1347-48 (Fed. Cir. 1999). Accordingly, the Fourth Circuit has stated that "awarding post-judgment interest on the entire [damages] amount . . . including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court." *Quesinberry v. Life Ins. Co. of N.*

5

*Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing *Bonjorno*, 494 U.S. at 835). Further, post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935 (E.D. Va. 2000) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999)).

### III. DISCUSSION

#### A. Damages for Verizon's Continuing Infringement

ActiveVideo asserts that it is entitled to supplemental damages, in addition to the $115 million jury award, for Verizon's infringement of ActiveVideo's Patents from April 2011 to August 2, 2011, the date of the jury verdict. ActiveVideo asserts that it is entitled to these supplemental damages because the discovery that Verizon provided prior to trial accounted for Verizon's subscriber information through March 2011 only, and not from April 2011 through August 2, 2011.[1] Verizon contends that ActiveVideo waived any entitlement to supplemental damages because ActiveVideo did not specifically request them in the Amended Complaint or the Final PreTrial Conference Order and thus, ActiveVideo is procedurally barred from requesting these damages now in the post-trial stage. Verizon further argues that ActiveVideo's request for additional damages is essentially a request for "increased" or "enhanced" damages and that ActiveVideo is not entitled to these damages because the jury did not find that Verizon willfully infringed ActiveVideo's Patents.

Contrary to Verizon's contentions that ActiveVideo waived its request for supplemental damages, courts have held that the failure to include a separate request for "supplemental"

---

[1] ActiveVideo also requested an accounting of Verizon's sales from April 2011 through August 2, 2011 in its Motion, but Verizon supplemented its sales data in its Opposition; thus, ActiveVideo has withdrawn this request for an accounting. *See* Reply Mem. Supp. Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 4 n.1.

6

damages does not result in waiver because such damages are a component of any request for compensatory damages. *See, e.g., Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, at *54-*61 (D. Nev. Aug. 1, 2001) (finding that the patentee's failure to separately request an "accounting" in the pretrial order did not constitute waiver and awarding supplemental reasonable royalty damages); *TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS 64291, at *6 (E.D. Tex. Aug. 17, 2006) ("Because Plaintiff requested compensatory damages in the pretrial order, Plaintiff did not waive its right to request" supplemental damages.). By contrast, increased or enhanced damages are punitive and not the subject matter of ActiveVideo's request in its motion. Accordingly, Verizon misconstrues ActiveVideo's request for supplemental damages as a request for these punitive damages. *See, e.g.*, Defs.' Mot. Opp'n Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 3 ("Because the jury rejected ActiveVideo's willfulness claims in this case . . . and there is no evidence of bad faith, the Court has no authority to grant additional damages for any time prior to the jury's verdict.") (internal citation omitted).

Rather, ActiveVideo requested compensatory damages in its First Amended Complaint and in the Final Pretrial Order. *See* First Amended Complaint, July 16, 2010, Dkt. No. 28, at 12; Order on Final Pretrial Conference, July 5, 2011, Dkt. No. 762, at 14-15. Thus, the Court finds that ActiveVideo has not waived its request for supplemental damages in this case.

Further, courts have found that such supplemental damages may take into account pre-verdict infringing sales that were not covered by the jury verdict due to deficiencies in the discovery production. *See, e.g., Mikohn Gaming, Corp.*, 2001 U.S. Dist. LEXIS 23416, at *55-*63 (awarding supplemental damages that include pre-verdict infringing sales not contained in

the damages experts' reports nor presented to the jury); *Aero Products Int'l, Inc., et al. v. Intex Recreation Corp.*, 2005 WL 1498667, at *2, *11 (N.D. Ill. June 9, 2005) (awarding supplemental damages that include pre-verdict infringing sales); *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 609 F. Supp. 2d 951, 959-65, 987 (N.D. Cal. 2009) (awarding pre-verdict supplemental damages after the "the last date for which [the patentee] was able to present evidence of [infringing] sales to the jury"). In particular, *Mikohn Gaming* directly supports ActiveVideo's argument that a successful patentee may be awarded compensatory damages that were not contained in the damages experts' report and not presented to the jury: "Damages suffered as a result of infringement include those for the entire period of infringement. The fact that the damages experts employed by both sides were provided with information covering [Defendant's] sales only through June 1999 does not reduce the period for which [Defendant] must compensate [Plaintiff]." *Mikohn Gaming, Corp.*, 2001 U.S. Dist. LEXIS 23416, at *63.

Therefore, the Court **FINDS** that ActiveVideo is entitled to supplemental damages, dating from April 2011 through August 2, 2011, the date of the jury verdict.

Having determined that ActiveVideo is entitled to supplemental damages, the Court must determine the proper amount of these damages. The parties dispute the accuracy of ActiveVideo's damages calculations but ultimately they arrive at similar figures for the amount of supplemental damages that ActiveVideo may be entitled to, if any – $17,438,952 (ActiveVideo) and $17,406,197 (Verizon). *See* Reply Mem. Supp. Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 12; Mem. Opp'n Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 10. Notably, both figures are based upon Verizon's actual subscriber information for the months of April through July 2011, as well as projections for the

8

first few days of August 2011. Having reviewed the record and submissions of the parties, the Court **FINDS** ActiveVideo's figures accurate and appropriate.

Accordingly, the Court **FINDS** that ActiveVideo is entitled to a supplemental damages award in the amount of $17,438,952.

### B. Prejudgment Interest

ActiveVideo asserts that, as a successful patentee, it is entitled to prejudgment interest on its damages award. Verizon contends that ActiveVideo is not entitled to prejudgment interest because it delayed unreasonably in bringing its patent infringement suit.

The Supreme Court has held that prejudgment interest "should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award," including where the plaintiff delays unreasonably in prosecuting its patent infringement suit. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). However, this Court has already carefully considered and rejected Verizon's argument that ActiveVideo unreasonably delayed in bringing its lawsuit in this Court's Order denying Verizon's Motion for Judgment as a Matter of Law on Laches. Dkt. No. 932. Moreover, the Federal Circuit has held that any undue delay on the part of the patentee must prejudice the patent infringer in order to support the denial of prejudgment interest to the patentee. *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). Thus, by denying Verizon's laches motion, this Court decided that Verizon was not materially prejudiced by any alleged delay on ActiveVideo's part in bringing this suit. *See, e.g., Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1009 (D. Minn. 1995) ("The court has already rejected [defendant's] laches defense. In doing so, the court found that [defendant] was not materially prejudiced as a result of [plaintiff's] delay in bringing suit."), *rev'd in part on other grounds*, 86 F.3d 1098 (Fed. Cir. 1996). Therefore, the Court finds no adequate justification for denying

ActiveVideo's entitlement to prejudgment interest and holds that ActiveVideo is entitled to such interest on its damages award pursuant to 35 U.S.C. § 284.

Having determined that ActiveVideo is entitled to prejudgment interest, the Court must determine the date on which any award of prejudgment interest is to begin. ActiveVideo requests that prejudgment interest be calculated beginning in January 2006, the date when Verizon's infringing sales began, through the date of the jury verdict, August 2, 2011. As Verizon has argued that ActiveVideo is not entitled to prejudgment interest at all, they did not proffer an alternative time line for calculating prejudgment interest. However, courts are generally in accordance with ActiveVideo's position and ordinarily award prejudgment interest from the date of infringement until the entry of judgment. *See, e.g., Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795 (Fed. Cir. 1988); *Cornell Univ. v. Hewlett-Packard Co.*, 2009 WL 1405208, at *4 (N.D.N.Y. May 15, 2009).

Accordingly, the Court **FINDS** that ActiveVideo is entitled to prejudgment interest from January 1, 2006, when Verizon's infringing sales began, through August 2, 2011, the date of the jury verdict.

The Court also must determine the rate at which such prejudgment interest should be calculated. The Court has "wide latitude" in selecting an appropriate interest rate, *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991), but in doing so, the Court must take into consideration that "[p]rejudgment interest has no punitive, but only compensatory, purposes." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996). ActiveVideo requests that an award of prejudgment interest be based on the federal prime rate, compounded quarterly, from January 2006 until August 2, 2011. Mem. Supp. Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 7. Verizon did not

advocate for a specific interest rate or calculation in its memorandum in opposition to ActiveVideo's motion.

As courts typically use either the prime rate or the U.S. Treasury rate, *TiVo, Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6 (collecting cases), the Court, within its broad discretion, **FINDS** ActiveVideo's request to use the prime rate, compounded quarterly, proper. Further, as prejudgment interest runs from the date of infringement to the date of judgment, the Court **FINDS** that ActiveVideo is entitled to prejudgment interest on its damages award, including on its supplemental damages. *See TiVo, Inc. v. Echostar Communications Corp.*, 2006 U.S. Dist. LEXIS 64291, at *6 (E.D. Tex. Aug. 17, 2006) ("The patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict.").

ActiveVideo provides an estimate of prejudgment interest based upon total compensatory damages, including the supplemental damages, in the amount of $6,687,511. Reply Mem. Supp. Pl.'s Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Defs.' Continuing Infringement at 17. Verizon has not offered a comparable estimate of prejudgment interest. Accordingly, the Court **FINDS** that ActiveVideo is entitled to prejudgment interest in the amount of $6,687,511.

### C. Post-Judgment Interest

ActiveVideo also asserts that it is entitled to post-judgment interest on its damages award. Verizon counters that the question of whether ActiveVideo is entitled to post-judgment interest is not ripe for judicial determination because Verizon has filed a notice of appeal in this case. Specifically, Verizon argues that ActiveVideo's request for "only an award confirming its entitlement to post-judgment interest, not a particular amount" seeks an advisory opinion that the

Court is not authorized to provide. *See* Pl.'s Mem. Supp. Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Def.'s Continuing Infringement at 8; Defs.' Mem. Opp'n Mot. Award Prejudgment Interest, Post-Judgment Interest & Damages for Def.'s Continuing Infringement at 16.

The Court disagrees with Verizon's position. Courts routinely determine that a party is entitled to post-judgment interest in civil matters where an appeal or post-trial motions are pending. *See, e.g., Greene v. Safeway Stores, Inc.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished table decision) ("The tolling of the time to file a notice of appeal [due to a post-trial motion] . . . does not mean that the judgment, when entered, was anything less than a final, appealable judgment on which postjudgment interest could begin to accrue.") (citing Fed. R. Civ. P. 58); *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1281 (3rd Cir. 1987) ("When post-trial matters require time for proper resolution . . . the better practice is not to delay entry of the judgment (thereby prejudicing the successful plaintiff's claim to postjudgment interest), but to enter the judgment and entertain a motion to stay its execution . . ."), *abrogated on other grounds by Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990); *Litwinowicz v. Weyerhaeuser Steamship Co.*, 185 F. Supp. 692, 693-94 (E.D. Pa. 1960) (holding that, where judgment was entered for plaintiffs and post-judgment motions were filed, post-judgment interest ran from date of entry of the judgment, and not merely from the date of disposition of the post-trial motions). Thus, the fact that Verizon has filed a notice of appeal in this case does not affect ActiveVideo's entitlement to post-judgment interest on its damages award.

Having found no other valid reason to deny ActiveVideo's request for post-judgment interest, the Court **FINDS** that ActiveVideo is entitled to such interest, calculated in the manner set forth in 28 U.S.C. § 1961(a), "including pre-judgment interest, [which] most closely

comports with the purpose of post-judgment interest articulated by the Supreme Court," *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993).

## IV. CONCLUSION

The Court **FINDS** that ActiveVideo is entitled to supplemental damages in the amount of $17,438,952, prejudgment interest in the amount of $6,687,511, and post-judgment interest for Verizon's infringement of its Patents commencing on August 2, 2011, the date judgment was entered. Accordingly, ActiveVideo's motion is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
October __, 2011