IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 2 5 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ACTIVEVIDEO NETWORKS, INC.,

Plaintiff,

V.                       CIVIL ACTION NO. 2:10cv248

VERIZON COMMUNICATIONS, INC.,
VERIZON SERVICES CORP.,
VERIZON VIRGINIA INC., and
VERIZON SOUTH INC.

Defendants.

### *ORDER*

Before the Court is Defendants', Verizon Communications Inc., Verizon Services Corp., Verizon Virginia Inc., and Verizon South Inc. (collectively, "Verizon"), Expedited Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond, and to Stay Execution of the Judgment Pending Appeal, pursuant to Federal Rule of Civil Procedure 62(d). Having carefully reviewed the Parties' memoranda, the Court finds this matter ripe for judicial determination.

Under Rule 62(d), the posting "of a full supersedeas bond *entitles* an appellant to the issuance of a stay pending disposition of the appeal." *Alexander v. Chesapeake, Potomac, & Tidewater Brooks, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999). However, the Court does have the discretion to grant such a stay without requiring a full supersedeas bond. *Id.* at 192-93.

"The purpose of the bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191-92 (5th Cir. 1979); *see also Alexander*, 190 F.R.D. at 193; *CapitalSource Finance LLC v. Pittsfield Weaving Co., Inc.*, No. AW-06-2028, 2008 WL

3850385, at *1 (D. Md. March 7, 2008). Verizon argues that because it has over $6.2 billion in cash and cash equivalents on hand and a $6.1 billion line of credit, that it should be excused from posting the bond. Verizon claims that there is no doubt about its ability to satisfy the judgment. Maintaining a bond would require Verizon to pay an annual premium of over $300,000. Given Verizon's financial stability, they assert that having to maintain the bond would be a needless expense.

The relief Verizon asks this Court to provide is the exception, not the norm. *See Poplar Grove*, 600 F.2d at 1191 (finding posting of a full supersedeas bond as "the usual requirement"); *Alexander*, 190 F.R.D. at 193 ("In the typical case, of course, this principle is best served by requiring a full supersedeas bond . . ."). While some courts have decided to waive the bond requirement, the circumstances of this case do not warrant granting Verizon such an exception. The Court does not believe that Verizon's mere assertions of its wealth are sufficient to justify waiving the bond requirement. Verizon has failed to demonstrate why the Court should make an exception in this case, and it has failed to provide the Court with adequate alternative security measures to guarantee the protection of ActiveVideo's judgment.

As an alternative to waiving the bond requirement, Verizon asks the Court to approve the $115 million bond Verizon has secured. However, this bond does not provide security for the supplemental damages and prejudgment interests the Court awarded ActiveVideo. Moreover, it does not account for any post-judgment interests or taxable costs. The Court concludes that Verizon's tendered bond is insufficient to completely secure ActiveVideo's judgment.

Accordingly, Defendants' Motion to Waive, or in the Alternative to Approve, a Supersedeas Bond in the amount of $115 million is **DENIED**. Defendants are hereby **ORDERED** to post a Supersedeas Bond in the amount of $145 million to cover the judgment,

supplemental damages, prejudgment interests, post-judgment interests and any potential taxable costs. Upon Defendants' posting of the $145 million bond, Defendants' Motion to Stay Execution of the Judgment Pending Appeal is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 24, 2011